UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, | § | |
| IASMIN FRIEDHEIM, and | § | |
| JF SOLUTIONS LTD., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS HOEBER | § | Civil Action No. 4:20-cv-335 |
| *Defendant,* | § | |
| | § | |
| v. | § | |
| | § | |
| HÖEBER MEDIA, LLC, | § | |
| *Plaintiff and Defendant.* | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiffs Joseph Friedheim, Iasmin Friedheim, and JF Solutions Ltd. (collectively "Plaintiffs") filing this response in opposition to the Motion to Dismiss ("Motion") filed by Defendant Thomas Hoeber ("Hoeber" or "Defendant") in response to the Original Complaint ("Complaint") filed by Plaintiffs.

Summary:  Defendant asserts in his Brief that Plaintiffs' claims should be dismissed on a variety of bases including failure to state a claim upon which relief can be granted and failure to satisfy pleading requirements. Plaintiffs will herein show that they have properly stated all claims and plead allegations of fraud. Plaintiffs will further show that the Texas Deceptive Trade Practices Act is not preempted by federal copyright law and that Plaintiffs' request for declaratory judgment is proper under the Texas Declaratory Judgment Act. As such, Defendants' motion should be denied.

## TABLE OF CONTENTS

I.   LEGAL STANDARD. ............................................................................................................ 4

A.   Federal Rule of Civil Procedure 12(b)(6). ................................................................................ 4

B.   Requirements for claims of fraud on the Copyright Office (Rule 9(b)). ................................ 5

II.  PLAINTIFFS' CLAIMS. ..................................................................................................... 6

A.   Plaintiffs' copyright infringement claim includes allegations of actionable copying. ............. 6

B.   Plaintiffs Properly Allege a Claim Under the Texas Declaratory Judgement Act .................. 6

C.   Plaintiffs' declaratory judgment claim meets the pleading standard under Rule 9(b)............. 9

D.   The Copyright Act does not preempt Plaintiffs' Texas Deceptive Trade Practices Act claim. 9

E.   Plaintiffs' Texas Deceptive Trade Practices Act claim meets the particularity pleading standard under Rule 9(b)................................................................................................................ 11

III. PRAYER FOR RELIEF ....................................................................................................... 11

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) .......................................................... 4
*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). ........................................................................ 4
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................. 4
*DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) ........................ 6
*Lenert v. Duck Head Apparel Co.*, 95-31122, 1996 U.S. App. LEXIS 42733 (5th Cir. 1996) ...... 6
*Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). ............................................................ 5
*Roberts v. Gordy*, 877 F.3d 1024, 1025 (11th Cir. 2017) ............................................................... 5
*Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, No. SA-00-CA-875-F, 2001 WL 1910566
   (W.D. Tex. Aug. 1, 2001) ............................................................................................................ 5
*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) .................................................................. 4

### Statutes

17 U.S.C. § 106 ............................................................................................................................. 10
17 U.S.C. § 301(b)(3) ..................................................................................................................... 9
17 U.S.C.S. § 411(b)(2) .................................................................................................................. 5
TEX. CIV PRAC. & REM. CODE 37.005(3) ......................................................................................... 6

## I. LEGAL STANDARD.

A.     **Federal Rule of Civil Procedure 12(b)(6).**

1.     A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that claims include "a short and plain statement ... showing that the pleader is entitled to relief." Rule 8(a)(2).

2.     The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).

3.     In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

4.     In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court should determine whether factual allegations in the complaint plausibly suggest an entitlement to relief." *Id*. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claims

made. *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation should be a context-specific task requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.     Requirements for claims of fraud on the Copyright Office (Rule 9(b)).**

5.     As with all allegations of fraud, claims of fraud on the Copyright Office must be pled with particularity pursuant to Rule 9(b). *Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, No. SA-00-CA-875-F, 2001 WL 1910566, at *10 (W.D. Tex. Aug. 1, 2001) (requiring claims of fraud on the Copyright Office to be pled with particularity).

6.     To find a copyright registration fraudulent registered, a litigant must show: (1) the application resulting in the registration must contain inaccuracies, (2) which were material, and (3) made by the applicant the scienter of intentional or purposeful concealment. *Roberts v. Gordy*, 877 F.3d 1024, 1025 (11th Cir. 2017).

7.     Materiality hinges on whether the Copyright Office would have refused the application if the inaccuracy were known. *Id*. In order to aid in a determination of materiality, a district court must make an inquiry to the Copyright Office. 17 U.S.C.S. § 411(b)(2). *Id*. Thus, a district court cannot on its own invalidate a copyright but must first receive input from the Copyright Office. The Seventh Circuit has wrestled with this strange requirement, reasoning:

> Although the statute appears to mandate that the Register get involved "[i]n any case in which inaccurate information [in an application for copyright registration] is alleged," 17 U.S.C. § 411(b)(2), input need not be sought immediately after a party makes such a claim. Instead, courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality. In other words, a litigant should demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office. 17 U.S.C. § 411(b)(1)(A). Once these requirements are met, a court may question the Register as to whether the inaccuracy would have resulted in the application's refusal. Aside from minimizing the risk that parties would use this provision as a delay tactic, this

> approach has the added benefit of an endorsement from the Register. *See* Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 12, *Olem Shoe*, No. 1:09-cv-23494 ("[B]efore asking the Register whether she would have refused to register a copyright ... a court should feel free to determine whether there is in fact a misstatement of fact."). When faced with this situation in the future, courts should tread carefully and employ this mechanism only when necessary.

*DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013).

8.  The Fifth Circuit will find a registration "invalid and incapable of supporting an infringement action" when an applicant knowingly fails to advise the Copyright Office of facts which might have led to the rejection of a registration application. *Lenert v. Duck Head Apparel Co.*, No. 95-31122, 1996 U.S. App. LEXIS 42733, at *9 (5th Cir. 1996).

9.  Based on *DeliverMed* and *Lenert*, a court should first determine if the claimant has alleged that (1) applicant has alleged a misstatement of fact in the application, (2) such misstatement of fact is arguably material to the registration of the copyright, and (3) made by the applicant intentionally or with purposeful concealment.

## II. PLAINTIFFS' CLAIMS.

**A. Plaintiffs' copyright infringement claim includes allegations of actionable copying.**

10.  Concurrently filed with this response to Defendant Thomas Hoeber's Motion is Plaintiffs' amended petition in which Plaintiffs have dropped their copyright infringement claim.

**B. Plaintiffs properly allege a claim under the Texas Declaratory Judgment Act.**

11.  Plaintiffs included a typo in their Complaint where they accidentally cited to Section 37.005(3) of the Texas Civil Practice and Remedies Code, but the language used in paragraph 43 of Plaintiffs' Complaint indicates that Plaintiffs intended to cite to Section 37.004. *See* Complaint ¶ 43 at 7. Concurrently filed with this response to Defendant's Motion is an amended petition which corrects this error.

12.     Defendant then attempts to assert that Plaintiffs made insufficient allegations related to the subject matter of the declaratory relief. *See* Motion at 4. Specifically, Defendant claims that Plaintiffs failed to allege that the "debt" purported by Defendant was related to a "deed, will, written contract, or other [writing]" as required by Chapter 37 of the Texas Civil Practices and Remedies Code. *See* Motion at 5. But Chapter 37 also provides declaratory judgment for one "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise…" TEX. CIV. PRAC. & REM. CODE § 37.004.

13.     Plaintiffs make multiple references throughout their Complaint regarding how their rights, status, or other legal relations have been affected by their contracts with Defendants. For example, in paragraph 15 of their Complaint, Plaintiffs state that "[i]n July and August 2016, JF Solutions, Ltd. paid Hoeber a total of $7,000 for website development, creation of a business plan, and various other tasks." *See* Complaint ¶ 15 at 3. This statement is made in clear reference to a contract between JF Solutions, Ltd. ("JFS") and Hoeber as described in chapter 37 of the Texas Civil Practice and Remedies Code. Plaintiffs also explain how "Hoeber offered to perform…work in exchange for two work tables, which Plaintiff Joseph Friedheim agreed to build for him. Over the course of the next year, the tables were completed and delivered by Joseph Friedheim. Hoeber performed some of the graphic design work promised, but not all." *See Id*. ¶¶ 13-14 at 3. Again, referencing JFS's contracting with Hoeber, Plaintiffs state that "Hoeber's firm was paid for [its] work, as shown in Exhibit A." *See Id.* ¶ 18 at 4.

14.     Plaintiffs describe how "[i]n June of 2018, the Friedheims again asked Hoeber for assistance with the business website…Hoeber never resolved the problem…In December of 2018, Hoeber failed to produce holiday marketing materials as agreed…As a result of Hoeber's increasingly unacceptable behavior, the Friedheims severed ties with him and his company at the

end of 2018. The Friedheims contracted with another web developer to complete the website that Hoeber had never finished. In January of 2019, Hoeber shut down the Friedheims' business website and transferred the domain name to his ownership. He began contacting the Friedheims with demands for money for work he claimed he had done, holding the website and domain name hostage. The work in question was never completed by Hoeber." *See Id*. ¶¶ 20-24 at 5.

15. Lastly, Plaintiffs explain that "[h]having secured the copyrights through fraudulent means, Hoeber threatened the Friedheims with a civil suit, demanding to be paid for the rights to the artwork, and threatening to damage JFS's business relationships by defaming JFS and discouraging would-be purchasers of JFS's products." *See Id*. ¶ 28 at 6. These allegations by Plaintiffs successfully demonstrate that Plaintiffs contracted with Thomas Hoeber and Höeber Media, LLC[1] and Plaintiffs rights, status, or other legal relations have been affected by that contract in accordance with the requirements of the Texas Uniform Declaratory Judgment Act.

16. Defendant Hoeber also claims that Plaintiffs have alleged the wrong party in seeking a declaration that JFS owes Defendants Thomas Hoeber and Höeber Media, LLC nothing. In response, Plaintiff has amended its petition to include Höeber Media, LLC, as a defendant in this case. As such, Plaintiffs have satisfactorily stated a declaratory judgment claim as required by Rule 12(b)(6) and that claim should not be dismissed.

---

[1] This Court should note that there is some confusion regarding the identity of Defendant Thomas Hoeber's business entity. "Höeber Media, LLC," recently added as an intervenor in this case (see Doc. 10), does not appear as an existing business entity in the Texas Comptroller entity search system. "Hveber Media, LLC" instead appears as the business entity registered to Thomas Hoeber. But Höeber Media, LLC does appear as an existing entity upon conducting a search through the Texas Secretary of State entity search.

C.   **Plaintiffs' declaratory judgment claim meets the pleading standard under Rule 9(b).**

17.   Defendant attempts to play words games, claiming that Plaintiffs' declaratory judgment claim was not pled with particularity as required by Federal Rule of Civil Procedure 9(b). *See* Motion at 6. Defendant further inaccurately asserts that Plaintiffs fail to allege the "who, what, when, where, and how" of Hoeber's unlawful conduct. *See Id*. In making this argument, Defendant ignores the myriad of factual allegations provided by Plaintiff explaining exactly what the "who, what, when, where, and how" of this case is. *See* Complaint ¶¶ 26-30, 40-41 at 6, 7. As stated in Section I. B. (Legal Standard) of this pleading, Rule 9(b) requires Plaintiffs to allege that (1) applicant has alleged a misstatement of fact in the application, (2) such misstatement of fact is arguably material to the registration of the copyright, and (3) made by the applicant intentionally or with purposeful concealment.

18.   Plaintiff has successfully alleged that Defendant's fraudulent claim of authorship was an intentional or purposefully concealed misstatement of fact in the copyright application which was arguably material to the registration of the copyright. *See Id*. As such, Plaintiffs' declaratory judgment claim has been pled with sufficient particularity and should not be dismissed.

D.   **The Copyright Act does not preempt the Texas Deceptive Trade Practices Act.**

19.   Defendant claims that Plaintiffs' Texas Deceptive Trades Practices Act claim is preempted by the Copyright Act. *See* Motion at 7. But 17 U.S.C. § 301(b)(3) provides that "[n]othing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to…activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 106 provides that copyright owners under 17 U.S.C. enjoys the following rights:

>(1) to reproduce the copyrighted work in copies or phonorecords;
>(2) to prepare derivative works based upon the copyrighted work;
>(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106(1)-(6).

20. Plaintiffs alleged that "Defendant misrepresented himself as an agent of JFS and obtained a fraudulent copyright assignment of materials owned by JFS." *See* Complaint ¶ 45 at 8. Specifically, Plaintiffs explain that "Hoeber contacted the Portuguese artist who created JFS's label artwork and asked him to 'sign over' the copyrights to the label artwork. Hoeber represented the paperwork as a formality of no real consequence and the artist accepted the representation…The artist signed the documents provided to him by Hoeber, not realizing that Hoeber no longer worked for JFS and that the assignment he was executing was to Hoeber and not JFS." *See Id*. ¶ 26-27 at 6.

21. Defendants' fraudulent representations described above are not within the general scope of copyright as provided in 17 U.S.C. § 106, as 17 U.S.C. § 106 does not account for an individual posing as an employee of a company to defraud that company's artist. Thus, the Copyright Act does not preempt Plaintiffs' Texas Deceptive Trade Practices Act claim and that claim should not be dismissed.

E. **Plaintiffs' DPTA claim meets the pleading standard under Rule 9(b).**

22. Defendant claims that Plaintiffs' Texas Deceptive Trade Practices Act claim fails the particularity pleading standard under Federal Rule of Civil Procedure 9(b). *See* Motion at 8. But in support of this argument, Defendant inaccurately purports that Plaintiffs have failed to allege that Defendant was "passing off goods or services as those of another." *Id*.

23. On the contrary, Plaintiffs alleged that Defendant passed off his own services as those of JFS when he misrepresented himself to JFS's label artist to induce the artist into sign over the copyrights in question. *See* Complaint ¶¶ 26-27 at 6. As such, Plaintiffs have not failed to state a claim under the Texas Deceptive Trade Practices Act and the claim should not be dismissed.

### III. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that this Honorable Court deny Defendant Thomas Hoeber's Motion to Dismiss, and for all other relief, both general and special, at law and in equity, to which it justly may be entitled.

Respectfully submitted,

Warren Norred, TX Bar 24045094
Norred Law, PLLC
515 E. Border, Arlington, TX 76010
817-704-3984 O; 817-524-6686 F
wnorred@norredlaw.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE -** I certify that this Motion was served on all parties seeking service in the instant case via the Court's ECF system, on July 16, 2020.

/s/Warren V. Norred
Warren V. Norred, Bar No. 24045094