UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| **JOSEPH FRIEDHEIM,** § <br> **IASMIN FRIEDHEIM, and** § <br> **JF SOLUTIONS LTD.,** § <br>     *Plaintiffs,* § <br> § <br> **v.** § <br> § <br> **THOMAS HOEBER** § <br>     *Defendant,* § <br> § <br> **v.** § <br> § <br> **HÖEBER MEDIA, LLC,** § <br>     *Plaintiff and Defendant.* § | Civil Action No. 4:20-cv-335 |

## JOINT STATUS REPORT

Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f),Plaintiffs Joseph Friedheim, Iasmin Friedheim, and JF Solutions, Ltd ("Plaintiffs") Defendant Thomas Hoeber and Intervenor Plaintiff Höeber Media, LLC file this joint status report.

(1)   <u>A brief statement of the claims and defenses:</u>

A.   Plaintiff:

Plaintiffs Iasmin and Joseph Friedheim, a married couple, hired Thomas in 2015 to handle marketing matters for JF Solutions ("JFS"), an importer of cherry liquor. Thomas eventually called himself Executive Director of Brand Development, traveling with the Friedheims to Portugal and acting as an executive

for JFS, until the relationship soured in 2018, when Thomas failed to handle website issues, create holiday materials, and mismanaged vendor communications.

Thomas transferred the JFS website to his own name, demanded unearned funds, and misrepresented his position with a Portuguese artist who had created business materials on a for-hire basis, gaining an fraudulent assignment of JFS materials from the artist, and then registering the documents with the Copyright Office and claiming them for himself.

B.   Defendant Thomas Hoeber:

Defendant Thomas Hoeber denies the allegations of Plaintiffs above. Moreover, the assignment complained of was to Höeber Media, LLC not Thomas Hoeber.  Likewise, Thomas Hoeber is not claiming that JFS owes him anything, and has not demanded anything of them, rather those demands come from his company, Höeber Media, LLC. Therefore, there is no reason Thomas Hoeber should be an individual Defendant.

C.   Intervenor Plaintiff Höeber Media, LLC:

This case represents several harsh life lessons that will be learned by the Plaintiffs, but there was no fraud involved. Commercial artwork is not fee for the taking and there are serious consequences for failing to pay your artists. You must pay those who create for you, and if you want to obtain an unrestricted right to make copies of that work, you must pay for the copyright. None of the works at

issue were works for hire. The Plaintiffs have no one to blame but themselves for their failure to secure the rights to their core intellectual property. This failure was brought about by the Plaintiffs' own greed and dishonest business practices. Plaintiffs have left behind a string of unpaid contractors and it was bound to come back to bite them at some point.

Höeber Media, LLC was hired by JFS for a full marketing program and a host of other tasks that included the creation of the digital renderings of products and related artwork at issue in this case. The actual value of the work delivered was over $40,000, but due to the friendly relationship between Hoeber and the Friedheims, this work was significantly discounted and Hoeber allowed them to pay it over the course of a year. However, even with the discount, the Friedheims never paid for the work as they had agreed to. The Friedheims never disputed the invoice and even made the first payment, but they soon fell behind.

In order to keep Höeber Media working, they made false representations about when they would pay and, in several instances, offered to give Hoeber an ownership interest in JFS. After a significant amount of time without receiving payment or the promised ownership, the personal relationship soured, and Höeber Media stopped all work and demanded payment. Plaintiffs refused to pay. As the copyright owner of works that were created, Höeber Media demanded that the Plaintiffs cease using the images it created for their marketing. Plaintiffs again

refused. Höeber Media discovered that the Plaintiffs had also stiffed the first industrial design professional who they had hired to create labels for their product. Höeber Media reached out to that artist and offered to buy the copyrights from him for $600. The artist was more than willing to sell the copyright since it was better than nothing and Plaintiffs had failed to pay him after several years.

After Höeber Media received registrations for its copyrights, it again demanded that Plaintiffs cease using its copyrights, but they have refused and continue to do business with works that others created, but were never compensated for. Joseph Friedheim later applied for a copyright registration for some of the previously registered materials but failed to disclose the fact that the material had previously been registered. He also claimed that he was the author of those works when in fact he had hired others to create those works but did not disclose that fact to the Copyright Office.

Höeber Media now seeks damages for copyright infringement as well as fraud unjust enrichment, and cancelation of the fraudulently procured copyright registration.

(2)   A proposed time limit to file motions for leave to join other parties:

September 25, 2020

(3)   A proposed time limit to amend the pleadings:

January 15, 2021

(4)  Proposed time limits to file various and dispositive motions:

February 5, 2021

(5)  A proposed time limit for initial designation of experts:

October 1, 2020

(6)  A proposed time limit for responsive designation of experts:

November 13, 2020

(7)  A proposed time limit for objections to experts (i.e., Daubert, etc.):

December 18, 2020

(8)  A proposed plan and schedule for discovery:

The parties agree to exchange initial disclosures no later than Fourteen days after the ruling on Hoeber's Rule 12b6 Motion to Dismiss (Doc. 7).

Factual and expert discovery should be completed by July 1, 2021.

No necessity exists for phased discovery.

(9)  Suggested changes to the limitations on discovery:

No changes.

(10) Proposed means for disclosure concerning ESI:

Parties will seek electronic discovery and will agree to redactions to protect personal facts as appropriate.

(11) <u>Proposals regarding necessary privileged or trial-preparation material:</u>

Parties agree to the Rule 26(c) Protective Order attached to this report as Exhibit A.

(12) <u>Proposed trial date and estimated length, notice of jury demand:</u>

The parties will be ready for trial by September 2021.

Parties estimate a trial not extending beyond two days.

Plaintiffs demand a jury trial and hereby give notice of same.

(13) <u>A proposed date for further settlement negotiations:</u>

The parties have discussed settlement but currently see no possibility of agreement. The parties will, however, continue to seek opportunities to settle.

(14) <u>Objections to Rule 26(a)(1), other modifications, disclosure deadline:</u>

None.

(15) <u>Whether the parties will consent to trial before a magistrate judge:</u>

The parties will not consent.

(16) <u>Concerning options and timing of mediation/arbitration to resolve the suit:</u>

Plaintiff does not believe that mediation or arbitration will resolve this suit; the parties' counsels are sufficiently professional that settlement will be considered without involvement or cost of third-party guidance.

(17) <u>Other proposals regarding scheduling and discovery appropriate to this suit:</u>

None.

(18)   Whether a conference with the Court is desired:

   No conference is necessary or desired at this time.

(19)   Any other matters relevant to the status and disposition of this case:

   None at this time.

Respectfully submitted,

/s/Warren V. Norred

Warren Norred, TX Bar 24045094
Norred Law, PLLC
515 E. Border, Arlington, TX 76010
817-704-3984 O; 817-524-6686 F
wnorred@norredlaw.com
Attorney for Plaintiffs/Counter-defendants

Brian Casper, TX Bar 24075563
Klemchuk LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
214-367-6000 O; 214-367-6001 F
Brian.casper@klemchuk.com
Attorney for Defendants/Counter-plaintiff

**CERTIFICATE OF SERVICE** - I certify that this Motion was served on all parties seeking service in the instant case via the Court's ECF system on July 24, 2020.

/s/Warren V. Norred
Warren V. Norred, Bar No. 24045094

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Joseph Friedheim, et al.<br><br>                       Plaintiff,<br><br>v.<br><br>Thomas Hoeber, et al.<br><br>                       Defendant. | § § § § § § § § § § § | Case Number:  4:20-cv-335 |

## PROTECTIVE ORDER

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of  information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any

other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions

designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

3

(a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data

entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals designated in paragraph 11(c).

9. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party

must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

12. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

13. If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

<b>CONFIDENTIAL INFORMATION</b><br>
[caption]<br>
This envelope, which is being filed under seal,<br>
contains documents that are subject to a Protective<br>
Order governing the use of confidential discovery material.<br>
<b>No Prejudice.</b>

14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

17. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or

other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.