# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSEPH FRIEDHEIM,** | § | |
| **IASMIN FRIEDHEIM, and** | § | |
| **JF SOLUTIONS LTD.,** | § | |
| *Plaintiffs/Counter-Defendants* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-335** |
| | § | |
| **THOMAS HOEBER and** | § | |
| *Defendants/Counter-Plaintiffs* | § | |
| **HÖEBER MEDIA, LLC,** | § | |
| *Intervenor* | § | |

## PLAINTIFFS' ANSWER TO
## INTERVENOR HÖEBER MEDIA, LLC'S ORIGINAL COMPLAINT

Plaintiffs Joseph Friedheim, Iasmin Friedheim, and JF Solutions Ltd. (collectively "Plaintiffs") herein file this answer to Höeber Media, LLC's *Intervenor's Original Complaint* (ECF 11). Plaintiffs' counterclaims against Höeber Media, LLC ("Media") will be filed in an amended Complaint.

Summary:  The dispute concerns artwork used by JF Solutions Ltd. ("JFS") to import a cherry alcoholic liquor made by Frutóbidos in Portugal. Joseph and Iasmin Friedheim own JFS and are friends with the Portuguese artist who authored the artwork. Plaintiff and the artist both agree that he passed the copyright to JFS. Höeber Media asserts that it purchased the copyrights from the artist honestly, but Plaintiffs assert that Thomas Höeber misrepresented himself as an agent of JFS and obtained an assignment from the artist under false pretenses.

## I.    ANSWER

Plaintiffs/Counter-Defendants herein respond to each numbered paragraph in reference to Höeber Media, LLC's *Intervenor's Original Complaint* (ECF 11).

1.    Plaintiffs know that the Texas Secretary of State's records say that the address of Höeber Media, LLC is 7001 Reatta Court, North Richland Hills, TX 76182-8904, the same as the home of Thomas Hoeber. Plaintiffs cannot say if Höeber Media has changed its address and not updated the Texas Secretary of State, and thus must deny the asserted address based on the facts before them.

2.    Admit.

3.    Admit.

4.    Admit.

5-8.    These are not statements of fact to which Plaintiffs must respond.

9.    Deny. Plaintiffs are not knowledgeable about the capabilities or focus of Media.

10.    Deny. Plaintiffs are not knowledgeable about this irrelevant claim and thus deny.

11.    Deny. Thomas Hoeber began performing limited work for Plaintiffs as Thomas Hoeber and Glass House Media, LLC in 2015. Höeber Media, LLC did not existshow up until late 2018.

12.    Deny. Plaintiffs deny that any such offer was ever extended.

13.   Deny. Höeber Media did not exist in 2016 nor was a "full marketing program" ever requested. Joe and Iasmin Friedheim asked Thomas Hoeber, their friend at the time, for help acquiring a photograph of their product and assistance with improvements to their website.

14.   Deny. At the time of these events Höeber Media did not exist. Thomas Hoeber created jf.solutions email addresses and e-signatures for the Friedheims at their request. He also created a similar email address and e-signature for himself without consulting them, giving himself the title of "Executive of Brand Development." The Friedheims did not suggest or give permission for Hoeber to take these steps but they chose to allow him to continue using the email address and title when they learned of both after the fact.

15.   Deny. No such contract was ever created or signed.

16.   Deny. No such promise was made.

17.   Deny. No regular price or discount was established.

18.   Deny. The parties exchanged emails, but formed no 12-month agreement.

19.   Deny.

20.   Deny.

21.   Admit.

22.   Deny.

23.   Deny.

24.     Deny. JFS continued to request a product photograph and website assistance and Hoeber continued to suggest services that they did not want and could not afford on their company's limited budget.

25.     Admit to the extent that the Friedheims invited Hoeber to accompany them on a trip to Portugal. The main purpose of including Hoeber on the trip was for him to take photographs of Portugal and specifically of the Friedheims in Portugal. These photographs were to be used to create marketing materials and images for the JFS website with authentic Portuguese flavor. Hoeber expressed no reluctance regarding the trip to the Friedheims and JFS paid all of his expenses.

26.     Admit.

27.     Admit to the extent that Hoeber and Titze did give a presentation of their efforts to create computer-generated renditions of JFS products and the invoice amount was discussed. Deny to the extent that Joe Friedheim did not at any point agree to pay the $12,990 mentioned in Intervenor's Complaint. JFS had never requested computer-generated artwork and Joe Friedheim did not believe he should be asked to pay for any such artwork. Friedheim left the meeting believing that he had communicated this clearly.

28.     Admit.

29.     Deny, in that an invoice assumes that payment is due. JFS admits that it never paid on the invoice, as it was not requested or accepted work. JFS believed

the question of paying for work that was never requested had been settled.

30.     Deny, in that the assertion appears to include an assumption that Plaintiff asked for something and did not pay for it.

31.     Deny. Blair Johnson was offered a potential partial ownership if his performance met certain criteria but it did not.

32.     Deny that the invoice's words have some bearing. The invoices are after-the-fact attempts to add terms to agreements already completed. Admit that the invoices contain those words.

33.     Deny.

34.     Deny. Thomas gave Joe a rate comparison card to show how his rates compared to another company's rates. Intervenor's verbiage that Plaintiff "knew he would be charged" is false.

35.     Deny.

36.     Deny. The list in para. 36 is a list of things presented at one time or another to JFS instead of the product photo and website improvements requested. Some were suggestions only, some were actually produced.

37.     Deny. Most of the services listed as completed by Höeber Media in its para. 37 were either never completed or only partially completed. These services were not requested, only offered by Höeber Media and declined by JFS for budgetary reasons.

38.    Admit to the extent that JFS did pay Thomas Hoeber and Höeber Media $3,797.64 but deny all other particulars.

39.    Plaintiffs deny that they owe any money on any task for which they employed any skilled contractors. Plaintiffs deny that they are were responsible for "covering costs" of contractors, skilled or not.

40.    Deny.

41.    Deny.

42.    Plaintiff can neither admit nor deny, and thus must deny.

43.    Plaintiffs can neither admit nor deny what was said by Hoeber and Tuna. However, Plaintiff paid Tuna for his work.

44.    Plaintiffs can neither admit nor deny the substance of Höeber Media's offer to Tuna. However, Plaintiffs assert that Tuna possessed no copyrights to the original artwork described, since the work he did for JFS was a work for hire.

45.    Plaintiffs can neither admit nor deny. However, Plaintiffs deny the assertion that they failed to pay Tuna for his work. Tuna possessed no copyrights to the original artwork described since the work he did for JFS was a work for hire.

46.    Plaintiff can neither admit nor deny, but Tuna possessed no copyrights to the original artwork described, since the work he did for JFS was a work for hire.

47.    Deny. Tuna was an independent contractor doing work for hire.

48.    Deny. Tuna has agreed that he did not own the copyright.

49.     Deny.

50.     Deny.

51.     Plaintiff cannot admit or deny, except to state that any assignment to Höeber Media could not be valid because Tuna had no copyright to assign.

52.     Deny. Any registration provided is invalid.

53.     Deny. Höeber Media has no valid copyright.

54.     Admit to receiving a letter with copies of invalid copyright registrations.

55.     Plaintiff denies that Höeber Media has a valid copyright.

56.     Deny, as the asserted registration is invalid.

57.     Deny, as the asserted registration is invalid.

58.     Deny, as the asserted registration is invalid, admit to the extent that Plaintiffs have been aware since July 25, 2019 that Höeber Media had fraudulently registrations.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny, as the asserted registration is invalid.

64.     Deny.

65.     Deny.

66.    Plaintiff admits to using its promotional materials based on the copyright to the materials which it owns, irrespective of any registration.

67.    Deny, as the asserted registration is invalid.

68.    Deny, as the asserted registration is invalid.

69.    Deny.

70.    Deny. Plaintiffs admit that the poster has been used promotionally. Plaintiffs can offer no insight into what the poster was originally "meant" for.

71.    Deny. Plaintiffs admit that the artwork has been used. Plaintiffs can offer no insight into any restrictions on use of the artwork .

72.    Admit to the extent that JFS has used the image in marketing and on social media, but Plaintiffs cannot admit or deny to the extent that para. 72 provides no range of time during which Plaintiffs allegedly "continued" to use the image.

73.    Deny.

74.    Deny, as it was created as a work for hire.

75.    Deny, as it is unknown where he resides or what he does today, or how independent he is.

76.    Deny.

77.    Deny. Nuno was a contractor who worked on a work-for-hire basis. Intervenor has attached registrations, but they are invalid.

78.    Deny. A fraudulent copyright is no copyright.

79.   Deny.

80.   Deny.

81.   Deny.

82.   Deny.

83.   Deny.

84.   Deny.

85.   Admit.

86.   Deny; the allegation is a legal conclusion not meriting admission or denial.

87.   Deny; the allegation is a legal conclusion not meriting admission or denial.

88.   Deny; the allegation is a legal conclusion not meriting admission or denial.

89.   Admit.

90.   Deny. Plaintiffs admit that they believe the registration is sound.

91.   Deny. Plaintiffs do not admit that Defendants have a valid registration.

92.   Deny. Defendants have no valid registration.

93.   Deny. Defendants have no valid registration.

94.   Deny. Defendants have no valid registration.

95.   Deny as to the motion as it is inappropriate.

96.   Deny. Plaintiffs admit that they believe the registration is sound.

97.   Deny. Plaintiffs admit that they believe the registration is sound.

98.   Deny.

99.    Deny. Sometimes the parties just did things for each other because they were friends for some time.

100.   Deny.

101.   Deny.

102.   Deny.

103.   Deny, as the assertion is just argument based on incorrect allegations.

104.   Deny. Sometimes the parties just did things for each other because they were friends for some time.

105.   Deny.

106.   Deny.

107.   Deny, as the assertion is just argument based on incorrect allegations; also, the parties just did things for each other because they were friends for some time.

108.   Admit that a document was sent; "these claims" are vague and do not match these allegations.

109.   Deny, as no valid debt exists.

110.   Admit that Höeber Media, LLC sent a demand on the date, but deny as to its validity.

111.   Deny that any payment was due.

112.   Deny. Media has failed to perform services that would warrant payment.

113.   Deny. Media has no claim against Joseph and Iasmin Friedheim; both

Hoeber and Media worked only for JFS, and thus have no claim for fees under Chapter 38.

114-122. Deny. Additionally, any work that was performed was for JFS and not the Friedheims; all of the claims are invalid in every way, as to the Friedheims. Additionally, Plaintiff's deny liability. Finally, JFS is an LLC, and Chapter 38 gives no attorney fees based on contract claims against an LLC.

## II.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs/Counter-Defendants pray that this Honorable Court render judgment that Intervenor Höeber Media, LLC take nothing by its claims against Plaintiffs/Counter-Defendants, for costs, and for all other relief, both general and special, at law and in equity, to which it justly may be entitled.

Respectfully submitted,

s/Warren V. Norred/_____
Warren Norred, TX Bar 24045094
Norred Law, PLLC
515 E. Border, Arlington, TX 76010
817-704-3984 O; 817-524-6686 F

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE -** I certify that this Answer was served on all parties seeking service via the Court's ECF system on August 10, 2020.

/s/Warren V. Norred
Warren V. Norred, Bar No. 24045094