IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD. *Plaintiffs/Intervention Defendants*, v. THOMAS HOEBER *Defendant*, HÖEBER MEDIA, LLC *Intervenor Plaintiff/Counter-Defendant* | § § § § § § § § § § § | Civil Action No. 4:20-cv-335 |

### HÖEBER MEDIA, LLC'S AND THOMAS HOEBER'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, Thomas Hoeber and Höeber Media, LLC,[1] for their Answer to the Second Amended Complaint of Plaintiffs, admit or deny each of Plaintiffs' allegations as follows:

### I. PARTIES

1. Defendants admit the allegations in paragraph 1 of the Second Amended Complaint.

2. Defendants admit the allegations in paragraph 2 of the Second Amended Complaint.

3. Defendants admit the allegations in paragraph 3 of the Second Amended Complaint.

4. Defendants admit the allegations in paragraph 4 of the Second Amended Complaint.

5. Defendants admit the allegations in paragraph 5 of the Second Amended Complaint.

### II. JURISDICTION AND VENUE

6. Defendants admit the allegations in paragraph 6 of the Second Amended Complaint.

---

[1] For the purpose of this Answer, Intervenor Plaintiff/Counter-Defendant is referred to simply as "Defendant."

7. Defendants admit the allegations in paragraph 7 of the Second Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of the Second Amended Complaint.

9. Defendants admit the allegations in paragraph 9 of the Second Amended Complaint.

### III. FACTS

10. Defendants admit the allegations in paragraph 10 of the Second Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of the Second Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of the Second Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of the Second Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of the Second Amended Complaint.

17. Defendants deny the allegations in paragraph 17 of the Second Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of the Second Amended Complaint.

19. Defendants admit that one check was written to Thomas Hoeber and another to Thomas Hoeber Photo LLC during this timeframe but deny the remaining the allegations in paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of the Second Amended Complaint.

22. Defendants admit that Hoeber began corresponding at the request of JFS using a signature block that contained the words: "Executive Director of Brand Development," but deny the remaining allegations in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Second Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of the Second Amended Complaint as it takes the text out of context.

25. Defendants deny the allegations in paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations in paragraph 26 of the Second Amended Complaint as it takes the text out of context.

27. Defendants deny the allegations in paragraph 27 of the Second Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Second Amended Complaint as it takes the text out of context.

29. Defendants deny the allegations in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Second Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Second Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of the Second Amended Complaint as it takes the text out of context.

35. Defendants deny the allegations in paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations in paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations in paragraph 39 of the Second Amended Complaint.

40. Defendants deny the allegations in paragraph 40 of the Second Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of the Second Amended Complaint.

43. Defendants admit the allegations in paragraph 43 of the Second Amended Complaint but deny that Plaintiffs did so lawfully.

44. Defendants deny the allegations in paragraph 42 of the Second Amended Complaint to the extent that the alleged testimonial evidence is true or accurate.

45. Defendants deny the allegations in paragraph 45 of the Second Amended Complaint.

### IV. DECLARATION OF INVALID COPYRIGHT REGISTRATION

46. Defendants deny the allegations in paragraph 46 of the Second Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of the Second Amended Complaint.

50. Defendants deny that Plaintiffs are entitled to the declaration sought in paragraph 48 of the Second Amended Complaint.

## V. Federal Trade Secret Under 18 U.S.C. 1836(B)

51. This cause of action has been dismissed and no response is required.

52. This cause of action has been dismissed and no response is required.

53. This cause of action has been dismissed and no response is required.

## VI. Declaration Under Texas Law

54. This cause of action has been dismissed and no response is required.

55. This cause of action has been dismissed and no response is required.

56. This cause of action has been dismissed and no response is required.

## VII. Fraud and Deceptive Trade Practices Act Under Texas Law

57. Defendants deny the allegations in paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Second Amended Complaint.

## VIII. Economic and Actual Damages

59. Defendants deny the Plaintiffs are entitled to any relief.

## IX. Prayer for Relief

The remainder of the Second Amended Complaint constitutes Plaintiffs' request for relief, to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendants deny that Plaintiffs are entitled to the relief sought.

All allegations that have not been specifically admitted are hereby denied.

## X. AFFIRMATIVE DEFENSES

1. To the extent Plaintiffs are relying on the exchange of worktables as evidence of an agreement of payment for Defendants' services, that alleged agreement fails for want of consideration because the table materials had to be purchased by Hoeber, Hoeber made the tables alongside Friedheim, Hoeber had to do most of the time-consuming work himself, the tables were never delivered on time or to Hoeber's specifications, and the tables were never stained, sanded, or clear coated as requested.

2. To the extent Plaintiffs failed to fully pay their vendors, and failing to secure valid copyright assignments, they assumed the risk that those vendors would assert their copyrights against them.

Dated: February 1, 2021

Respectfully submitted,

*/s/ Brian Casper*
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24037685
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
Christian Cowart
Texas Bar No. 2410578
christian.cowart@klemchuk.com
**KLEMCHUK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: 214.367.6000
Facsimile: 214.367.6001

**ATTORNEYS FOR DEFENDANTS AND INTERVENOR**

## CERTIFICATE OF SERVICE

The undersigned certifies that this document has been served on January 29, 2021 to all counsel of record via the Court's electronic filing system as follows:

Warren Norred
NORRED LAW, PLLC
515 E. Border
Arlington, Texas 76010
wnorred@norredlaw.com

**ATTORNEYS FOR PLAINTIFFS JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, AND JF SOLUTIONS LTD.**

*/s/ Brian Casper*
Brian Casper