UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, <br> IASMIN FRIEDHEIM, and <br> JF SOLUTIONS LTD., <br> *Plaintiffs/Counter-Defendants* <br><br> v. <br><br> THOMAS HOEBER and <br> *Defendants/Counter-Plaintiffs* <br> HÖEBER MEDIA, LLC, <br> *Defendant/Intervenor* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:20-cv-335 |

## PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS

COME NOW Plaintiffs in the instant case to resolve a dispute between the parties regarding the service of admission responses.

Though Plaintiff asserts the admissions were timely served, Defendants assert otherwise. Rather than wait for Defendant to act and rely on that position, Plaintiffs hereby seek the Court's adjudication of the issue, and if necessary, move for withdrawal of deemed admissions in an abundance of caution.

### I.   FACTUAL BACKGROUND

1. On November 9, 2020, Plaintiffs counsel noted that discovery response files were too large to be served by email, and suggested use of a Dropbox folder.

2. On November 10, 2020, Defendant's legal staff set up a Dropbox folder which indicated that the parties could use the folder to transfer documents.

3. Specifically, the invitation read: *"Mr. Norred -- Please put the discovery responses / documents in this dropbox. Let me know if you have any problems accessing the dropbox."* A true copy of the invitation is repeated below:



4. Shortly after receiving the above notice, Plaintiff served supplemental responses to requested production, and received a notice that the transfer of the documents had been created.

5.     Based on that series of events, Plaintiff understood that responses could be sent by Dropbox.

6.     On February 9, 2021, Defendant sent a second set of requests. Plaintiff sent responses to admissions by timely placing the document in the same Dropbox on March 11, 2021.[1] A true screenshot of the folder listing is shown below:



7.     As shown above, the responses were timely filed on March 3rd at 4:17 pm, through the same Dropbox folder that was set up by Defendant's legal staff.

8.     Based on communications with opposing counsel, no party denies that the admissions were placed in the Dropbox on March 11, 2021, the day that the responses were due.  The question then remaining is whether the placement of the admissions in the Dropbox was good service, and if not, should the circumstances described herein support this Court's action to deem the admissions timely.

---

[1] Admittedly, the certificate of service on the responses stated that the service was by email. An amended certificate of service has been filed to clarify.

9.      Opposing counsel has taken the position that failure to tell him that the documents were in the Dropbox and a formal agreement between the parties that all documents could be served through the Dropbox makes the admissions untimely and thus deemed.

10.     The undersigned believes this to be a pedantic and tortured misapplication of Rule 36(a)(3), as the language of the email giving invitation to send documents through the Dropbox was an agreement that was not limited to that single production: *"Mr. Norred -- Please put the discovery responses / documents in this dropbox. Let me know if you have any problems accessing the dropbox."*

11.     In an abundance of caution, Plaintiffs now move to withdraw their admissions, to the extent that such is necessary, because they were not intentionally left unanswered past the 30-day response deadline and withdrawal will not prejudice any party.

12.     Plaintiffs' counsel did not directly notify Hoeber's counsel of the upload, expecting Dropbox's normal operation to give a notice to Defendants' counsel of the new document added to its storage, or to look at the Dropbox folder since other documents had been sent that way previously. Later, Plaintiffs' counsel learned that Defendants' counsel was not actually a member of the Dropbox folder – it was only his paralegal who set up the folder that had access. Presumably, the notifications for the addition of files to the folder would go only to her.

13. Eventually, counsel for the parties discussed the missing discovery responses, and Plaintiffs sent the admissions again by email on March 15, 2021.

14. Plaintiffs believed that they had served their written answers and objections within the proscribed 30 days, and indeed all said answers and objections were actually available to Hoeber's counsel as described above.

15. However, Hoeber and his counsel were unaware that they had access to the answers and objections, and have made their position known to Plaintiff that they will rely on the allegedly deemed admissions going forward, as though they were not aware that they had the admissions, and the previous agreement to send documents through Dropbox was not an agreement to send the next documents through the Dropbox folder.

16. Plaintiffs are unaware of any reason why Defendants would claim that the three-day difference between the first receipt of the discovery (that did occur) and the second transfer through email would be prejudicial. Certainly the Defendants have not filed a motion for summary judgment on the matter.

17. This case is nearing the close of discovery and the parties have exchanged multiple sets of requests and responses in pursuit of their respective claims.

## II. ARGUMENT AND AUTHORITIES

18. Under the Federal Rule of Civil Procedure, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3)

19. Plaintiffs assert that the admissions were not late. The parties had established that discovery service was acceptable by Dropbox, and no limitation at that time was stated. Defendants had access to the responses immediately.

20. However, to eliminate this dispute, Plaintiffs also are requesting that the challenged admissions be deemed timely to ensure that this issue does not complicate matters later.

21. Trial courts have discretion to permit late response to requests for admissions, and if other party would not be prejudiced, discretion should be exercised in favor of allowing late responses. *Brennan v. Varrasso Bros., Inc.*, 71 Lab. Cas. (CCH) ¶32938, 1973 U.S. Dist. LEXIS 13108 (D. Mass. June 19, 1973).

22. Courts have found that a few days delay is generally not prejudicial. *Id*.

23. Under the Federal Rules of Civil Procedure, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

24. In the present case, there exist no indicia to support that the three-day delay was prejudicial, even if the Court sided with the position that a Dropbox use that was not ended after a single use did not support its continued use. Defendant has filed no summary judgment or other document depending on the requested admissions.

25. Plaintiffs also assert that allowing Defendant to rely on deemed admissions would be against a full presentation of the merits and is thus disfavored. Plaintiffs have answered several of the requested admissions with substantive answers to explain why the requested admission must be denied. See the second request for admission, for example:

> 2. Admit that you do not have any tax documents supporting your assertion that Thomas Hoeber was an employee of JF Solutions.
>
> **Response:** Deny. Hoeber worked for JF Solutions and received monetary remuneration. JF Solutions admits that the relationship was complicated, began as a barter arrangement, and there exists no regularly hourly rate set. Hoeber was at the least a contractor, and acted as an executive of JFS (Executive Director of Marketing), and was paid more than $10k for his work.

26. The complete set of responses are attached as Exhibit 1 and incorporated here by reference.

27. The Declaration of Warren V. Norred follows post-signature so as to give testimony of the facts stated above.

## III.   PRAYER

Plaintiffs ask that the Court issue an order to resolve the party's discovery dispute by either simply stating that the admissions as described here were timely served, or alternatively that the Court is granting leave to serve the admissions late and they are deemed timely.

>Respectfully submitted,
>
>/s/ Warren V. Norred
>Warren V. Norred, NORRED LAW, PLLC
>State Bar No. 24045094
>515 E. Border Street; Arlington, TX 76010
>wnorred@norredlaw.com
>O: 817-704-3984 / F: 817-524-6686
>Attorney for Plaintiffs

DECLARATION OF WARREN V. NORRED – On this April 12, 2021, I certify under penalty of perjury that the facts alleged above concerning the service of requested admission responses are true and correct. Further, the attached admission responses are a true copy of what was placed in the discussed Dropbox folder on March 11th and then provided by email on March 15th, 2021.

>/s/Warren V. Norred
>Warren V. Norred

CERTIFICATE OF SERVICE - I certify that on April 12, 2021, the foregoing was served via the Court's ECF service to Brian Casper, counsel for Defendants.

>/s/Warren V. Norred
>Warren V. Norred

EXHIBIT 1 – Admissions Responses dated 3/11/21.