UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, | § | |
| IASMIN FRIEDHEIM, and | § | |
| JF SOLUTIONS LTD., | § | |
| *Plaintiffs/Counter-Defendants* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-335 |
| | § | |
| THOMAS HOEBER and | § | |
| *Defendants/Counter-Plaintiffs* | § | |
| HÖEBER MEDIA, LLC, | § | |
| *Defendant/Intervenor* | § | |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

COME NOW Plaintiffs in the instant case to seek stay of a deposition.

Plaintiff asserts that a deposition unilaterally scheduled by Defendants has placed Plaintiff Iasmin Friedheim in an untenable position with her work schedule. Plaintiffs hereby seek the Court's adjudication of the issue, and move for withdrawal of Defendant's deposition notice and ask that the parties be allowed to reschedule the deposition of Iasmin Friedheim.

### I.   FACTUAL BACKGROUND

1. All parties previously agreed to depositions of Plaintiffs and mutually scheduled them for April 14th and 17th, 2021.

2. Due to pending changes in Plaintiff's Petition, Defendant pulled the deposition of Plaintiffs, and the parties agreed to reschedule.

3. Defendants requested that Plaintiffs' depositions be rescheduled for April 25 and 28 of 2021. Plaintiffs' attorney, Warren Norred (the undersigned), responded that he was open for the 28th but the 25th was not open and that he would check with Plaintiffs regarding their availability. Norred then learned that Iasmin's flight schedule for April had been set and the 25th and 28th were unworkable for her. Additionally, Iasmin's schedule prevented her from appearing on April 30th as well. Norred proceeded to inform Casper, via email, that Plaintiffs were not available on the 28th or the 25th.

4. Casper unilaterally scheduled the depositions for the 28th and the 30th via deposition notices served on April 9th.

5. Presently, the deposition of Iasmin Friedheim is scheduled for April 28th.

6. The deposition of JF Solutions, which will be represented by Joseph Friedheim, is scheduled for April 30th.

7. Iasmin Friedheim is a flight attendant and thus, she will not even be physically present in the Northern District of Texas on the April 28th when her deposition is scheduled.

8. The Declaration of Iasmin Friedheim follows post-signature so as to give testimony to the facts stated above.

9. The Declaration of Warren V. Norred follows post-signature so as to give testimony of the facts stated above.

## II. ARGUMENT AND AUTHORITIES

10. Under the Federal Rule of Civil Procedure 30(b)(1) parties must give "reasonable notice" of a deposition. Courts must determine reasonability based on each case's circumstances. See *Paul v. Winco Holdings, inc*. 249 F.R.D. 643, 656 (D. Idaho 2008); 2:12-cv-00295, *Fernandez v. Penske Truck Leasing Co., L.P.* 2013 U.S. Dist. LEXIS 14786; 2013 WL 438669 (D. Nev. Feb. 1, 2013).

11. Absent a protective order or an order staying the deposition, a party is required to appear for a properly noticed deposition. *See Anderson v. Air West, In.,* 542 F.2d 1090, 1093 (9th Cir. 1976); *see also Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir. 1964).

12. Due to the fact that Iasmin Friedheim receives her schedule on a monthly basis it is very difficult for her to respond to scheduling changes within the span of any given month.

13. Iasmin Friedheim can and will schedule for dates in June. She is even willing to work with opposing counsel to attempt to schedule a mutually agreeable time in May if she can find a time, however requiring her deposition on the 30th of April is unworkable and unduly burdensome.

### III.  PRAYER

Plaintiffs ask that the Court issue an order to resolve the party's discovery dispute by issuing a protective order striking Defendants' notice of deposition to Iasmin Friedheim and order the depositions to be rescheduled.

/s/ Warren V. Norred
Warren V. Norred, NORRED LAW, PLLC, State Bar No. 24045094
515 E. Border Street; Arlington, TX 76010
wnorred@norredlaw.com
O: 817-704-3984 / F: 817-524-6686
Attorney for Plaintiffs

DECLARATION OF WARREN V. NORRED – I, Warren Norred, pursuant to 28 USC § 1746 of the Federal Rules of Civil Procedure and 37 CFR § 2.20, declare upon penalty of perjury on this April 14, 2021, that the facts alleged above concerning my communications are true and correct.

/s/Warren V. Norred
Warren V. Norred

CERTIFICATE OF SERVICE - I certify that on April 15, 2021, the foregoing was served via the Court's ECF service to Brian Casper, counsel for Defendants.

/s/Warren V. Norred
Warren V. Norred

CERTIFICATE OF CONFERENCE - I certify that on April 14, 2021, I attempted to confer on this issue. I had spoken and exchanged emails with Brian Casper, counsel for Defendants several times before this as the Motion states.

/s/Warren V. Norred
Warren V. Norred

Exhibits:
1) Declaration of Iasmin Friedheim
2) Deposition Notice for Iasmin Friedheim
3) Deposition Notice for Joseph Friedheim

EXHIBIT 1
**Declaration of Iasmin Friedheim**

I, Iasmin Friedheim, pursuant to 28 USC § 1746 of the Federal Rules of Civil Procedure and 37 CFR § 2.20, declare the following upon penalty of perjury:

I am scheduled to work on April 30 and 28 of 2021. I cannot simply decide not to work those days. A true and correct schedule for this month is shown below.

Additionally, I am always attempting to pick up new shifts, so I am not available for deposition on the days when I am not scheduled, because I always attempting to get more shifts and the schedule may not reflect that yet.

I can ask for days off in June, but I cannot ask for days off in May at this time. I am not opposed to a deposition in May, but I do not know what my schedule is in May for another week or so.

I did specifically ask off for the original deposition dates that were to occur this week, so I am not trying to escape my duties to participate in discovery.



_____
Iasmin Freidheim



No. 4:20-cv-335, Motion for Protective Order, Exhibits

# EXHIBIT 2
## Deposition Notice of Iasmin Friedheim
(First Page Only)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD. §§§<br>*Plaintiffs/Intervention Defendants*, §<br>v. §<br> §<br>THOMAS HOEBER §<br>*Defendant*, §§<br> §<br>HÖEBER MEDIA, LLC §<br>*Intervenor Plaintiff/Counter-Defendant* § | Civil Action No. 4:20-cv-335 |

### HÖEBER MEDIA, LLC'S AND THOMAS HOEBER'S AMENDED DEPOSITION NOTICE TO IASMIN FRIEDHEIM

TO:   Plaintiffs, through their counsel of record, Warren V. Norred, C. Chad Lampe, Norred Law, PLLC, 515 E. Border Street, Arlington, Texas 76010.

Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Defendants, by their counsel, will take the deposition upon oral examination of Iasmin Friedheim. The deposition shall take place via remote video technology, on April 28, 2021, beginning at 10:00 a.m., and shall continue from day-to-day until completed. The deposition will be transcribed stenographically and may be videotaped.

# EXHIBIT 3
## Deposition Notice of JF Solutions Ltd.
(First Page Only)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD. §§§<br>*Plaintiffs/Intervention Defendants,* §<br>v. §<br>§<br>THOMAS HOEBER §<br>*Defendant,* §<br>§<br>HÖEBER MEDIA, LLC §<br>*Intervenor Plaintiff/Counter-Defendant* § | Civil Action No. 4:20-cv-335 |

### HÖEBER MEDIA, LLC'S AND THOMAS HOEBER'S AMENDED DEPOSITION NOTICE OF JF SOLUTIONS LTD.

TO: Plaintiffs, through their counsel of record, Warren V. Norred, C. Chad Lampe, Norred Law, PLLC, 515 E. Border Street, Arlington, Texas 76010.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants, by their counsel, will take the deposition upon oral examination of the designated representative(s) of JF Solutions Ltd., on the topics set forth in <u>Exhibit A</u> attached hereto. The deposition shall take place via remote video technology, on April 30, 2021, beginning at 10:00 a.m., and shall continue from day-to-day until completed. The deposition will be transcribed stenographically and may be videotaped.

No. 4:20-cv-335, Motion for Protective Order, Exhibits