UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, | § | |
| IASMIN FRIEDHEIM, and | § | |
| JF SOLUTIONS LTD., | § | |
| *Plaintiffs/Counter-Defendants* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-335 |
| | § | |
| THOMAS HOEBER and | § | |
| *Defendants/Counter-Plaintiffs* | § | |
| HÖEBER MEDIA, LLC, | § | |
| *Defendant/Intervenor* | § | |

PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS

COME NOW Plaintiffs to reply in support of *Plaintiffs' Motion to Withdraw Deemed Admissions* ("Motion") following Intervenor *Höeber Media, LLC's Response To Plaintiffs' Motion To Withdraw Deemed Admissions* ("Response"). With this Reply, this matter will be fully briefed. The parties agree on all facts relevant to this motion, which includes the following:

a) The parties used Dropbox for discovery service in November 2020.

b) The parties' communication did not limit Dropbox use for future service.

c) Plaintiffs used the same Dropbox on March 11, 2021 to serve admissions.

Plaintiffs contend that the above facts support a finding that the admissions were timely served, as the party communications do not show the counsel's agreement to use of Dropbox was time-limited. However, Plaintiffs assert that the few day delay and circumstances of this case support a grant of the Motion.

## ADDITIONAL DETAILED REPLY

1.      As noted above, Intervenor admits that the admissions were served to a Dropbox folder that the parties agreed to use previously.

2.      Intervenor has not shown how Plaintiff has gained by these actions. Plaintiff has not somehow gamed the system for an advantage. The documents placed in the Dropbox folder on March 11 were the same documents provided on March 15 to Intervenor by email. There was no way to know that Intervenor's counsel had no direct access to the Dropbox folder – the general and natural presumption would be that opposing counsel would check for the discovery response in the same Dropbox folder which he used to receive responsive documents the last time that he received them. Though Intervenor's counsel assets that he did not have direct access to the Dropbox folder, he cannot assert that he had *no* access, as his paralegal set up the Dropbox folder and she always had access to the timely served documents placed in the Dropbox folder on March 11, 2021.

3.      Intervenor's argument hinges completely on an assertion that service was insufficient because the document did not go to Intervenor's counsel's email, but only to the paralegal's Dropbox, as though that folder is somehow completely distinct from his control and access - which of course is not true. Intervenor then cites to the notes of the Advisory Committee on the 2001 amendments to Rule 5(b)(2), pulling out the comment "The consent must be express" from the following paragraph:

> Subparagraph (D) of Rule 5(b)(2) is new. It authorizes service by electronic means or any other means, but only if consent is obtained from the person served. The consent must be express, and cannot be implied from conduct. Early experience with electronic filing as authorized by Rule 5(d) is positive, supporting service by electronic means as well. Consent is required, however, because it is not yet possible to assume universal entry into the world of electronic communication. Subparagraph (D) also authorizes service by nonelectronic means. The Rule 5(b)(2)(B) provision making mail service complete on mailing is extended in subparagraph (D) to make service by electronic means complete on transmission; transmission is effected when the sender does the last act that must be performed by the sender. Service by other agencies is complete on delivery to the designated agency.

Fed. R. Civ. Pro. 5, Notes of Advisory Committee on 2001 amendments.

4.      As Plaintiffs have shown the Court on p. 2 of their Motion, Plaintiff received explicit agreement to send discovery documents through Dropbox on Nov. 10, 2020. The agreement did not explicitly state or implicitly suggest that the permission was limited to that single discovery service.

5.      Intervenor has admitted that consent was given for the November 2020 service, and has not shown this Court any communication to support the assertion that the consent was limited to the single November service. It simply argues that the consent in November does not meet the "express requirement" language from the Rule 5 comment based on a nonsensical but convenient interpretation.

6.      Plaintiffs' Motion included case law in support of their position that trial courts should allow parties to answer discovery requests late and that a few-day delay is rarely prejudicial, citing *Brennan v. Varrasso Bros., Inc.*, 71 Lab. Cas. (CCH) ¶32938, 1973 U.S. Dist. LEXIS 13108 (D. Mass. June 19, 1973).

7.      In addition to *Brennan*, Plaintiffs assert based on controlling Fifth Circuit case law that the court has discretion in these matters, such as *Sims v. Monumental Gen. Life Ins. Co.*, 1991 U.S. Dist. LEXIS 15013 (E. La, 1991), which quotes *United States v. Killarney Apartments,* 443 F. 2d 1170 (5th Cir. 1971) to show that courts have discretion in adjudicating discovery these matters), among others.

8.      Generally, District Courts should allow withdrawal or amendment of admissions if: 1) the presentation of the merits of the action will be subserved thereby; and 2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991).

9.      Courts take into account the prejudice that a party might endure when admissions are allowed to be withdrawn, but a party cannot claim that it will be prejudiced just because it may have to do more work. "Prejudice relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal of an admission." *Id.* at 1120.

10.     *Safetcare Mfg. v. Sizewise Rentals,* 2006 LEXIS 13934 *5-6 (S. Texas, 2006) is particularly helpful in this analysis, as the District Court noted that good cause was not required, but summarized the question by determining "whether the merits of this case are better served by withdrawal or amendment and whether Defendant has shown prejudice." *Id.*

11.     Intervenor has provided zero case law in support of a court properly denying a motion to allow service of late responses in cases like this. However, the circumstances here are similar to *Drewery v. Gautreaux*, 2020 U.S. Dist. LEXIS 164910 (Mid. La, Sept. 10, 2020), where the district court concluded that electronic service to a recipient's spam folder was considered good service, in part because the recipient should have looked in his email spam folder if he did not see it where expected.

12.     In a reasonable survey of case law, the undersigned could find no case wherein a miscommunication of responsive documents timely served resulted in deemed admissions.

13.     Nor could the undersigned find a single case where a delay of four days was the basis of deemed admissions when a motion such as the present one was filed in the trial court.

14.     Intervenor's Response contains no citation to even a single case where a court has ruled against a party under circumstances even close to the present case. Though Intervenor argues that agreements to serve discovery electronically must include "a specific written agreement detailing to whom service will be made, through what means, and in what format" (Response, p. 5-6), Intervenor provided no case law concerning the rules for electronic service to support its interpretation that the previous discovery agreement was insufficient; the undersigned was equally unsuccessful in finding any support for such an interpretation.

15.    As a reminder, the parties discussed delivery of discovery materials in November 2020 which resulted in the statement: "Mr. Norred -- Please put the discovery responses / documents in this dropbox. Let me know if you have any problems accessing the dropbox." This was a suitable agreement in November, and it has no limiting clause.

16.    Every Federal practitioner knows that late admissions are deemed by default, but Intervenor's citation to *In re Carey,* 258 F.3d 415, 420 (5th Cir. 2001) does not help it. The late respondent discussed therein did not move to allow a late response *until after the case was in appeal*. *Carey* is helpful, however, for the teaching that, "Even when [the two-factor test is] established, a district court still has discretion to deny a request for leave to withdraw or amend an admission. *Id*. at 419.

17.    Lastly, Intervenor argues that it will be prejudiced because it will have to do additional discovery and the Motion was filed so long after the issue arose. As discussed in the Motion, appeals courts have rarely found a few days notice to be prejudicial. The parties have agreed that the responses were due and placed in the Dropbox folder on March 11, 2021, a Thursday.[1] The parties also agreed that the responses were sent directly and received on March 15, 2021, a Monday.

18.    As Intervenor's Response states and shows, counsel for the parties discussed this matter on Monday the 15th, which led to the direct service that day.

---

[1] Intervenor states the due date was May 11, 2021 on p.4 of its Response (p.7 of the full document); Plaintiff assumes that the incorrect month of May instead of March is just an error, as Intervenor lists the due date as March 11, 2021 in other places in its Response.

19.    In the time between the March 15 service and discussion with Intervenor's counsel, Intervenor never filed a motion for summary judgment, and has taken depositions of both Joseph and Iasmin Friedheim.

20.    The idea that Intervenor is somehow surprised or prejudiced on the admissions is absurd; a naked claim that it will be forced to perform additional discovery based what its counsel asserts is inadequate responses is not what the appellate courts call prejudicial. Plaintiff has been in constant communication regarding discovery and depositions in this matter, going so far as to give Intervenor notice of an incoming Motion for Leave to Amend that is based on much of the most recent discovery, volunteering Plaintiffs' witnesses for additional deposition time based on that potential need.

21.    Intervenor's 17-page Response and exhibits also appears to want to argue about other admission matters arguing about the sufficiency of the responses. Plaintiffs have already addressed this in their Motion. However, Intervenor's discontent with the content of the admissions has little to do with the Motion, and Plaintiffs object to any surreptitiously added motion to compel or deem admissions based on content. The parties can confer on that issue and if no agreement can be reached, we can visit with the Court on that discussion.

22.    A Second Declaration of Warren V. Norred follows post-signature so as to give testimony of the facts stated above.

## CONCLUSION

23.   Though Plaintiffs assert that their admissions were timely served, a discussion between the parties revealed that Intervenor would attempt to assert otherwise. Rather than wait for trial or a motion for summary judgment, Plaintiffs have herein shown that the worst that they can be accused of is excusable neglect by serving responsive documents in the same means for which there was an agreement and no expiration date.

24.   This Court is completely within its discretion to eliminate the dispute by granting the motion and ordering that the documents served to the Dropbox folder on March 11 and also sent to Intervenor on March 15 were timely served and need not be withdrawn. Alternatively, the Court could find that the documents were served late, but will be deemed timely based on the circumstances of the case.

## PRAYER

Plaintiffs ask that the Court issue an order to resolve the party's discovery dispute by either: a) stating that the admissions as described here were timely served; or alternatively b) the Court grants leave to serve the admissions late.

Respectfully submitted,

/s/ Warren V. Norred
Warren V. Norred, NORRED LAW, PLLC, State Bar No. 24045094
515 E. Border Street; Arlington, TX 76010
wnorred@norredlaw.com
O: 817-704-3984 / F: 817-524-6686
Attorney for Plaintiffs

DECLARATION OF WARREN V. NORRED – On this May 17, 2021, I certify under penalty of perjury that the facts alleged above concerning the service of requested admission responses are true and correct and summary of case law cited, particularly paragraphs 2-5, 12-21. Further, the attached admission responses are a true copy of what was placed in the discussed Dropbox folder on March 11th and then provided by email on March 15, 2021.

/s/Warren V. Norred
Warren V. Norred

CERTIFICATE OF SERVICE - I certify that on May 17, 2021, the foregoing was served via the Court's ECF service to Brian Casper, counsel for Defendants.

/s/Warren V. Norred
Warren V. Norred