UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, | § | |
| IASMIN FRIEDHEIM, and | § | |
| JF SOLUTIONS LTD., | § | |
|    *Plaintiffs/Counter-Defendants* | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER, and | § | |
|    *Defendant/Counter-Plaintiffs* | § | |
| HÖEBER MEDIA, LLC, | § | |
|    *Defendant/Intervenor* | § | |

**PLAINTIFFS' SURREPLY IN OBJECTION TO SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**COME NOW** Plaintiffs ("JFS") to file this their Surreply in Support of Plaintiffs' Motion for Leave to Amend ("Motion"). Plaintiffs presented new admissible material facts that demonstrated the importance of the ability to amend. Defendants attempt to fault the new material facts on alleged technical failures, yet their allegations do not stand. Plaintiffs are not "creating a fact dispute" with frivolous contradictions, new material facts are present in this case and warrant leave to amend and denial of summary judgment. There is enough evidence to present a genuine dispute of fact to survive summary judgment.

Plaintiffs incorporate by reference their *Third Amended Complaint* (ECF No. 40-1), *Response to Defendants' Motion for Summary Judgment* (ECF No. 46), and *Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to Amend* (ECF No. 48), which includes relevant evidence in testimonial declarations.

**TABLE OF CONTENTS**

I.   BACKGROUND ................................................................................................4
II.  LEGAL STANDARD .......................................................................................5
III. ARGUMENTS AND AUTHORITIES ............................................................6
  1.  Kini Cassamo .................................................................................................8
  2. Marina Duarte Brás ......................................................................................11
  3. Luis Afonso Fidalgo .....................................................................................12
  4. Nuno Tuna....................................................................................................13
  5. DTPA Claim .................................................................................................14
  6. Registration No. VA 2-182-743...................................................................15
  7. Denial of Attorney Fees to Defendants........................................................15
IV.  J. FRIEDHEIM'S DECLARATION WAS ATTACHED IN ERROR ............16
V.   CONCLUSION ................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) ............................... 6

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ....... 6

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ........................... 7

*FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000) .......... 5

*Foman v. Davis*, 371 U.S. 178, 182 (1962). ............................................................. 5

*Gunning v. Cooley*, 281 U.S. 90, 94 (1930) ............................................................. 6

*HostingXtreme Ventures, LLC v. Bespoke Grp., LLC*, No. 3:14-CV-1471-M, 2017 WL 5569852, at *3 (N.D. Tex. Nov. 20, 2017) ................................................. 6

*Naughtys, LLC. vs. Does 1-580,* Case No. 4:21-cv-00492 ........................................ 6

*Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) .................... 8

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 221, 215 (Tex. 2003) ......... 5, 8

*Sivertson v. Citibank*, N.A., No. 4:18-CV-169-ALM-CAN, 2019 U.S. Dist. LEXIS 104506, at *17 (E.D. Tex. Apr. 19, 2019) ...................................................... 12

**Rules**

Fed. Rule of Evidence 801(d)(2) ............................................................................ 12

Fed. Rule of Evidence 901(b)(1) .............................................................................. 9

Fed. Rule of Evidence 902 ....................................................................................... 9

# I.  BACKGROUND

1. Plaintiffs filed their Motion on May 27, 2021, which seeks leave for Plaintiffs to file their proposed *Third Amended Complaint*.

2. Unchanged from Plaintiffs' *Original Complaint*, Plaintiffs still allege Hoeber falsely claimed to act in the name of JFS to obtain material that was not his to take, and but for his misrepresentations he would not have the disputed USPTO copyright. Plaintiffs' *Third Amended Complaint* included declarations from Kini Cassamo and other materials to prove Hoeber's deliberate misrepresentations.

3. Defendants filed their Motion for Summary Judgment on May 31, 2021, which the Court granted in part. Remaining in the case under the *Second Amended Complaint* are Plaintiffs' claims to invalidate Hoeber's copyright registrations, common law fraud and Deceptive Trade Practices Act Claims, and seek to invalidate Plaintiffs' copyright registration, recovery of fees as appropriate.

4. Plaintiffs filed their *Response to Defendants' Motion for Summary Judgment* providing statements from Nuno Tuna and other business partners' regarding their experiences with Hoeber.

5. The proposed Third Amended Complaint adds no new surprise. The only claim that is added is a claim under the Federal Declaratory Judgment Act, which this Court has previously seen as a state claim. However, the allegations and narrative behind the claims have been updated in light of recent statements by

Nuno Tuna and others regarding the authorship of the subject materials and their registration in Portugal.

## II. LEGAL STANDARD

15. We review the trial court's summary judgment de novo. *See FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000).

16. When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 221, 215 (Tex. 2003).

17. With regard to adjudication of motions for leave to amend, the Supreme Court of the United States has taught:

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

18. Courts have found sufficient explanation in cases involving developments in applicable law and when new facts become known through depositions and document production while the case is pending. *HostingXtreme Ventures, LLC v. Bespoke Grp., LLC*, No. 3:14-CV-1471-M, 2017 WL 5569852, at *3 (N.D. Tex. Nov. 20, 2017).

19. The Court in *Gunning v. Cooley* describes issues that depend on the credibility of witnesses, and the effect or weight of evidence, are to be decided by the jury. 281 U.S. 90, 94 (1930). Further, the Court noted

> In determining a motion of either party for a peremptory instruction, the court assumes that the evidence for the opposing party proves all that it reasonably may be found sufficient to establish, and that from such facts there should be drawn in favor of the latter all the inferences that fairly are deducible from them.

*Id.*

20. The Court elaborated further in regard to Rule 56:

> "[i]t is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### III. ARGUMENTS AND AUTHORITIES

21. Defendants have characterized the new evidence as a "sham" and attack the authenticity of the evidence. *See* ECF Doc. 48. However, this Court has accepted declarations similarly situated to those in this case. *See* ECF Doc. 109, *Naughtys, LLC. vs. Does 1-580,* Case No. 4:21-cv-00492.

22. Defendants cite *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) to allege that Plaintiffs are manufacturing the fact dispute by contradicting previous sworn testimony. However, this was held because the

nonmovant in *Doe v. Dallas* offered no explanation for their affidavit that impeached prior testimony. *Id.* The Plaintiff's in this case are dealing with new material facts that were unknown to them during the time of their depositions.

23. Defendants continues to conveniently leave out important parts of the law, like the last part of the Courts holding in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).[1] Yet, the full holding reads:

> They have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) *without explaining the contradiction or attempting to resolve the disparity.*

*Id.*

24. Plaintiffs agree that it is the responding party must respond with admissible evidence and authenticated documents. Plaintiffs have provided declarations of Kini Cassimo, Nuno Tuno, Marina Duarte Brás, and Luis Afonso Fidalgo, which are sworn statements made from personal knowledge. Further, the evidence characterized by Defendant's as unauthenticated can be authenticated under Fed. Rule of Evidence. 902 and 901(b)(1) as Kini Cassimmo has provided testimony in his declaration that the item is what it claimed to be and both parties have had reasonable opportunity to investigate the document's authenticity and accuracy. In this instance, the facts are assumed most favorably towards Plaintiff's allegations.

---

[1] ECF. Doc. 38 page 5; ECF. Doc. 47 page 8-9, paragraph 22-23.

*See Provident Life*, 128 S.W.3d at 211, 215. There is more than a scintilla of evidence in *Plaintiff's Third Amended Complaint* to survive summary judgment and a jury trial is needed to solve the fact dispute of copyright ownership.

1. <u>Kini Cassamo</u>

On one hand, Defendants cite *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) to say Kini Cassamo's declaration is not valid as it does not contain the "under penalty of perjury under the laws of the United States of America."[2] Yet, on the other hand, *Nissho-Iawi* specifically states: "A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct." *Id.* Defendants' counsel has repeatedly omitted what is inconvenient to their position, intentionally omitting case law and rules with purpose to mispresent the law to the court.[3] Kini Cassamo's declaration clearly states "I swear under penalty of perjury that the foregoing is true and correct.[4]

25. Defendants admit "there was not enough time to attempt to get copies from the Portuguese government" and recognize the difficulty and complexity to this

---

[2] ECF. Doc. 48, page 6-7. (Notably, Defendants cite *Nisso-Iwai* to say the declaration ought to "contain specific language required by the statute" but do not cite any applicable case law to justify their need for his declaration to say "under penalty of perjury under the laws of the United States of America." Further, Defendant's say "But, as discussed above", yet Defendants did not discuss anything above that would lead this court to believe the need for the specific language Defendants wish to see, but is not required by law.)
[3] ECF. Doc. 38 page 5; ECF. Doc. 47 page 8-9, paragraph 22-23; ECF Doc. 48, page 6-7.
[4] ECF. Doc. 40-1, page 110.

case in regards to registering the disputed work.[5] Further, on one hand Defendants admit this case involves translations and difficulties in cooperating with foreign governments (further, there is a pandemic), then attempt to criticize Plaintiffs efforts to cope with the difficulties. Plaintiffs have provided documented evidence where Defendants could have raised their concerns long ago. Defendants have had a reasonable time to investigate the document's authenticity under Fed. Rule of Evidence 902. Further, Kini Cassamo has provided his sworn testimony with his knowledge regarding the documents in his declaration authenticating those documents under Fed. Rule of Evidence 901(b)(1).[6] This evidence is admissible, the weight of the evidence is to be decided by the jury.

26.     Defendants cite Joseph Friedheim's deposition, where clearly Jospeh Friedheim is confused, literally asking for clarification, as can be seen throughout the mess of the depositions. Defendants characterize the frustration of Joseph Friedheim as evidence of "no real explanation." Yet, Defendants still cannot address the evidence provided by Nuno Tuna himself, or the other evidence showing JFS's ownership over the disputed material.[7] "You got me over a barrel" is no admission whatsoever, only frustration. Plaintiffs have terminated any reliance on the old declaration of Joseph Friedheim which was accidently made Exhibit D in Plaintiff's Third Amended Complaint.

---

[5] ECF. Doc. 48, page 7-8.
[6] ECF. Doc. 40-1, page 110.
[7] ECF. Doc. 40-1, page 18 & 34; ECF. Doc. 46-1

Plaintiffs' Surreply                                                                                          Page 9

27. Plaintiffs do have actual statements before the court made by Nuno Tuna admitting the work belongs to JFS. See ECF. Doc. 46-1.

28. Defendants' counsel wrote "Iasmin Friedheim herself in her deposition where she unequivocally testified that *she had never hired Cassamo **in any capacity***" and in the corresponding record footnote cites "Defs.' App. 278, I. Friedheim Dep. at 98:5-7: "Q. . . at any time was your son ***an employee*** of JFS? A. Never, no, sir.""[8] Defendants' attempt to hide testimony of Kini Cassamo's payments by Kini Cassamo himself and Iasmin Friedheim. Kini Cassamo was sent money for business development of the design for JFS and to pay Nuno Tuna and was never an employee of JFS. Defendants are trying to extract a conflict based on what an "employee" is, versus a contractor.

```
Q.    So how did you know how much money to send to
your son for payments to be made to Tuna?
A.    I send money to my son, not just for Mr. Tuna,
for other business development that he was doing for us
regarding to this design, so I sent him more than just
what Mr. Nuno was going to charge us to do the labels.
```
I. Friedheim Dep. at 97:18-23

```
Q.    Is your son an employee of JFS?
A.    He's my son, sir.
Q.    I get that, but at any time was your son an
employee of JFS?
A.    Never, no, sir.
```
I. Friedheim Dep. at 98:3-10

---

[8] ECF Doc. 48, page 10.

Plaintiffs' Surreply                                                                 Page 10

29. Kini Cassamo was given money as a son to help JFS business development and pay Nuno Tuna for the disputed works. Kini Cassamo's characterization on the work he performed as a son of the owners of JFS does not make him an official employee. Iasmin Friedhiem and JFS have never made Kini Cassamo an employee, Iasmin gave him as a son money to take care of various tasks for the family business and go on his way.

> 2. I am the son of Iasmin Friedheim, the majority owner of JF Solutions Ltd., who employed me in 2015 as Creative Director, Product Development Manager, Research Manager, Procurement and Market Strategy Manager, but also included the following work descriptions:
>
> a. Product and market research, consumer trends/demands analyses, industry research, study of competitors, geographical research of potential distributors, and identifying target consumers;
>
> b. Design of labels, packaging, printable material, product and branding, logos and stationery, website structure and content design, press communications;
>
> c. Strategic sourcing and procurement of materials for prototypes and for final production;
>
> d. Evaluation of liqueur making production infrastructures, capabilities and quality control systems, product laboratory analyses and compliance certificates for the import/export market;

ECF Doc. 40-1, page 108

### 2. Marina Duarte Brás

30. Marina provides new additional facts that are material to the case and warrant denial of summary judgment and approval of Plaintiff's leave to amend.

31. Marina personally testifies to meetings with Kini Cassamo "to obtain our approvals", further "Mr. Cassamo also worked on resourcing suppliers of materials with *our assistance*." Defendants cite no law supporting their claim that her personal knowledge regarding Cassamo's copyright does not meet the

requirements of "personal knowledge." Marina testified she was recently informed regarding the copyright work of Kini Cassamo, this same work she had previously been working on with him in paragraph 1 of her declaration. It is clear she was heavily involved in this process as the work if restyling the "Vila das Rainhas" label overwhelming relates to her personal knowledge of Kini Cassamo's collaborations in assisting her.

32. Further, Marina provides further evidence of Hoeber's dealings, highlighting the importance of the need to leave to amend the complaint to include the new facts of Kini Cassamo's interactions with her, as well as Hoeber's.

    <u>3. Luis Afonso Fidalgo</u>

33. Luis provides new additional facts that are material to the case and warrant denial of summary judgment and approval of Plaintiff's leave to amend.

34. Defendants try to separate the interactions between Luis and his business partner as to characterize Luis as having no personal knowledge of what he testifies. Defendants notably do not address his personal interaction consulting with Marina to clarify the information told by Hoeber regarding Mr. Friedheims alleged illness. Luis personally acted to clarify the information that was told to him and came to his own conclusions on Hoeber's motives as fraudulent.

### 4. Nuno Tuna

36. Nuno Tuna provides new additional facts that are material to the case and warrant denial of summary judgment and approval of Plaintiff's leave to amend.

36. Defendants attempt to say Nuno Tuna never disclaims authorship in his declaration.[9] Yet, Nuno clearly states in paragraph 3 "I owned no copyright entitlement nor authorship to any of the work." Further, Kini Cassamo fixed his artistic expression into a tangible form, not Nuno Tuna. This is clearly explained in Kini Cassamo's and Nuno Tuna's declarations.[10] Defendants cannot skirt around the facts that both Kini Cassamo and Nuno Tuna have made sworn evidentiary statements that show Hoeber is not entitled to the material.

37. Defendants cite *Sivertson v. Citibank*, N.A., No. 4:18-CV-169-ALM-CAN, 2019 U.S. Dist. LEXIS 104506, at *17 (E.D. Tex. Apr. 19, 2019) and attempt to invoke the parole evidence rule. Yet, Plaintiffs are not trying to explain any meaning of any terms of a contract, the parole evidence rule is not relevant here. Plaintiffs offer evidence that Hoeber fraudulently made misrepresentations in order to fool the USPTO to obtain a copyright he is not entitled to.[11] If the USPTO knew the truth of the matter they would not have awarded Hoeber with the copyright.[12]

---

[9] ECF. Doc. 48, page 11.
[10] ECF. Doc. 46-1; ECF. Doc. 40-1, page 108-110.
[11] ECF Doc. 40; ECF. Doc. 40-1, page 108-110; ECF. Doc. 46-1.
[12] *See* ECF Doc. 40.

38. Nuno Tuna has provided sworn testimony of his own personal knowledge of what Hoeber said to him. Fed. Rule of Evidence 801(d)(2) specifically states an opposing party's statement is not hearsay. Hoeber made statements to Nuno Tuna in his individual and representative capacity over Hoeber Media, LLC.

39. Nuno Tuna experienced misrepresentations by Hoeber, he is not trained in the law and does not have to make legal conclusions to state he was misrepresented to. Nuno Tuna testifies he acted on Hoeber's misrepresentations when he assigned the copyright to him, which Nuno Tuna also testifies he believed he was not an author to said disputed work. *See* ECF Doc. 46-1.

    5. DTPA Claim

40. Plaintiffs have provided new material evidence made from personal knowledge and properly sworn. *See* ECF Doc. 46-1. Plaintiff's claim as a consumer that Hoeber wrongfully made statements to Nuno Tuna to have a signature to show the USPTO in order to wrongfully obtain the USPTO copyright. The USPTO would not have awarded Hoeber if they knew the facts leading up to the registration. Plaintiffs have been harmed and have had to take time to mend business relationships, fight this dispute, and do not own the USPTO copyright that is rightfully theirs.

### 6. Registration No. VA 2-182-743

41. Defendants' allege any statement made deliberately and wrong must inexorably be a deliberate misstatement argument warranting cancellation. Yet, Defendants have provided no evidence that Joseph Friendheim made statements *knowingly* to the USPTO regarding his copyright.[13]

### 7. Denial of Attorney Fees to Defendants

42. Plaintiffs argued that a reward of attorney fees to Defendants due to the termination of the copyright claim would be wrong, using the phrase "unclean hands" to describe the resulting inequity should this Court reward Defendants' behavior. As stated, Plaintiffs dropped their copyright claim only after discovery and finding that Hoeber's registration has not resulted in any commercial work but was filed only for the purpose of his legal extortion efforts as shown in this case.

43. In their Reply, Defendants argue for the first time that Plaintiffs cannot defend against a claim of attorney fees based on "unclean hands" because Plaintiffs did not list such an affirmative defense in their answer to Hoeber's counterclaims. First of all, Plaintiffs do argue that Hoeber's activities as described in this case should not be rewarded based on unclean hands. See para. 75 of Doc. No. 40-1 in the Proposed Third Amended Complaint.

---

[13] *See* ECF Doc. 48, page 15; U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 309.2 (3d ed.2021)

44. Defendants provide no case law to suggest that a litigant can require the Court to ignore plain facts revealed during the course of a suit's prosecution in its evaluation of attorney fees. If Defendants were correct in their argument, every time a potential fact that is helpful in defending against what should be the ancillary arguments regarding attorney fees, every federal court would face ongoing motions to amend every time a new fact is learned. Plaintiffs reasonably believed that Hoeber was using using Plaintiffs' works commercially; they dismissed the claim when they realized that Hoeber's actions were of a more rapacious and predatory nature, wherein Hoeber is not actually attempting to build a new business based on stolen works, but merely wants to require Plaintiffs to buy his peace.  This Court is not obligated to assist him in that effort.

## IV.  J. FRIEDHEIM'S DECLARATION WAS ATTACHED IN ERROR

45.   Joseph Friedman's outdated declaration was accidentally attached in the Third Amended Complaint and formally withdraw that document, which was found to be inaccurate as the facts have unfolded. Freidheim's more recent declaration reflects a better understanding of authorship and the facts of this case.

## V. CONCLUSION

46. Plaintiffs have provided new material evidence warranting leave to amend and survival of summary judgment. Plaintiffs have provided sworn statements each made with personal knowledge regarding Hoeber's misrepresentations. Plaintiffs have provided more than enough evidence to show a genuine issue of material fact that must be heard before a jury.

Respectfully submitted,

By: /s/Warren V. Norred
Warren Norred, TX Bar 24045094, wnorred@norredlaw.com
Norred Law, PLLC; 515 E. Border, Arlington, TX 76010
817-704-3984 O; 817-524-6686 F
Attorney for Plaintiffs

CERTIFICATE OF SERVICE - I certify that the above Motion was served on all parties seeking service in the instant case via the Court's e-file system on July 23, 2021.

/s/Warren V. Norred