UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § | |
| IASMIN FRIEDHEIM, and § | |
| J.F. SOLUTIONS LTD., § | |
|     *Plaintiffs/Counter-Defendants* § | |
| v. § | |
| § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER, and § | |
|     *Defendant/Counter-Plaintiffs* § | |
| HÖEBER MEDIA, LLC, § | |
|     *Defendant/Intervenor* § | |

**PLAINTIFFS' MOTION TO PERMIT WITNESSES
TO APPEAR VIA VIDEO CONFERENCE**

TO THE HONORABLE JUDGE OF THIS COURT:

    NOW COME Joeseph Friedheim, Iasamin Friedheim, and JFS Solutions ("JFS"), Plaintiffs in the above-numbered cause, and respectfully move Kini Cassamo ("Cassamo"), Nuno Tuna ("Tuna"), Marina Duarte Brás ("Bras"), Luis Alfanso Fidalgo ("Fidalgo"), and Francisco Miguel Farhinha ("Farhinha") (corporately, "Proposed Video Witnesses"), Plaintiff's witnesses in this case, be permitted to appear remotely at trial via video conference. All of the Proposed Video Witnesses are Portuguese citizens and are in Portugal, other than Cassamo, who currently resides in Spain. Plaintiffs ask that the Court spare the Proposed Video Witnesses the expense and danger of international travel associated with COVID-19, especially as the delta variant is on the rise.

### I.    BACKGROUND

1.    This case involves Plaintiffs' claims that Thomas Hoeber ("Defendant") falsely claimed to act on behalf of JFS to obtain material that was not his to take and, but for Defendant's misrepresentations, he would not possess the disputed USPTO copyright. Plaintiffs seek to

invalidate Defendant's copyright registration and are pursing fraud claims, as well as claims under the Deceptive Trade Practices Act.

2.      JFS is an importer of a cherry liquor manufactured by Frutobidos in Portugal. As such, many of the witnesses with knowledge of relevant facts are Portuguese citizens. Nuno Tuna, Marina Duarte Brás, Luis Alfanso Fidalgo, and Francisco Miguel Farhinha all reside in Portugal, while Kini Cassamo is a Portuguese citizen who currently resides in Spain.

## II.     COVID TRAVEL ISSUES

3.      Due to the COVID-19 pandemic, travel has become increasingly dangerous. Currently, the Centers for Disease Control and Prevention has warned that "international travel poses additional risks, and even fully vaccinated travelers might be at increased risk for getting and possibly spreading some COVID-19 variants." *International Travel During COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/travelers/international-travel-during-covid19.html (last visited Aug. 17, 2021).

4.      The Federal Rules of Civil Procedure provide "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Judicial Conference of the United States has approved the use of teleconferencing for civil proceedings during the COVID-19 pandemic. *Judiciary Authorized Vido/Audio Access During COVID-19 PANDEMIC*, https://www.cdc.gov/coronavirus/2019-ncov/travelers/international-travel-during-covid19.html (last visited Aug. 17, 2021).

5.      While international travel will put all the named witnesses at risk of contracting the virus, Kini Cassamo has preexisting health conditions. Cassamo suffers from type 1 diabetes, which weakens the immune system and puts him at risk of further complications were he to contract

COVID-19. He also suffers from kidney problems, fatty liver, and a stomach ulcer, all of which increase his risk of serious negative health outcomes if he contracts COVID-19.

6. The witnesses travel from Spain to the United States would pose a risk not only to their health but to the public health of the state of Texas, potentially causing unnecessary exposure that could avoided by utilizing available technology.

7. Testimony via video conference will allow Defendant's counsel to see, hear, and ask all the same questions that could be asked if these witnesses were in person. Similarly, video conference will allow jury members to weigh the testimony in the same way they would be able to in person.

8. The Declaration of Minez Cassamo Velgi is attached in support of this motion. Previous declarations of the other three Proposed Video Witnesses are before the Court as attachments to *Plaintiffs' Response to Defendants' Motion for Summary Judgment* (ECF No. 46-1).

### III.   PRAYER

**WHEREFORE, PREMESIS CONSIDERED**, Plaintiffs respectfully move this Court to Kini Cassamo to testify via video conference rather than personal appearance.

Respectfully Submitted,

Norred Law, PLLC
*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

**CERTIFICATE OF CONFERENCE** - I certify that I spoke by phone with Brian Casper, counsel for all opposing parties, regarding this issue on August 27, 2021, when he expressed opposition to this requested remedy.

/s/ Warren V. Norred
Warren V. Norred

**CERTIFICATE OF SERVICE** - I certify that this document was served on all parties seeking service in the instant case via the Court's e-file system on August 27, 2021

/s/ Warren V. Norred
Warren V. Norred