IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD., | § § § | |
| Plaintiffs/Intervention Defendants, | § § | |
| v. | § § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER, | § § | |
| Defendant, | § § | |
| HÖEBER MEDIA, LLC, | § § | |
| Intervenor Plaintiff/Counter-Defendant. | § | |

---

### Agreed Charge

---

In accordance with Court's July 27, 2020 Order, the parties jointly submit their proposed jury instructions. Joseph Friedheim, Iasmin Friedheim, and JF Solutions Ltd. (collectively, "JFS") and Thomas Hoeber and Höeber Media, LLC (collectively "Hoeber").

Exhibit A is a joint list of proposed jury instructions, each labeled as "AGREED", "JFS'S PROPOSED INSTRUCTION", or "HOEBER'S PROPOSED INSTRUCTION."

Exhibit B is Unified Verdict Form, with similarly labeled proposed questions.

Submitted this August 31, 2021,

/s/Warren V. Norred
Warren V. Norred
Texas Bar No. 24045094
warren@norredlaw.com
Norred Law, PLLC
515 E. Border St.
Arlington, TX 76010
817-704-3984
Attorney for Plaintiffs

/s/Brian Casper
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
214.367.6000
Attorney for Defendants and Intervenor

EXHIBIT A

PRELIMINARY INSTRUCTIONS

__Instruction No. 1__       **Instruction – Beginning of Trial**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place or location discussed in this case and do not use Internet programs or other devices to search for or view any place or location discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to

decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

*Authority*: Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 1.1 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 2</u>        Instruction – Preliminary Instruction to Jury

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your notetaking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide and that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

*Authority*:        Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 1.2 (2020 rev. through June 2020) (alternate 2).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 3</u>        **Claims & Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs are Joseph Friedheim, Iasmin Friedheim, and JF Solutions LTD., who may be referred to as "Plaintiffs" or the "JFS Parties". Joseph and Iasmin Friedheim may be referred to by their first name to avoid confusion.

The Defendants are Thomas Hoeber; his company Höeber Media, LLC is also in this suit as an intervenor, but for simplification, they may be referred to as "Defendants" or the "Hoeber Parties".

The Plaintiffs assert that [Plaintiffs' claims, if any, survive summary Judgment]. The Plaintiffs have the burden of proving these claims.

The Defendants deny the Plaintiffs' claims.

Defendant Höeber Media, LLC not only denies those claims but has also asserted counterclaims against Plaintiffs for copyright infringement, fraud, and unjust enrichment. Defendant Höeber Media, LLC has the burden of proof on these counterclaims.

Plaintiffs deny Defendant's counterclaims, **arguing with respect to the alleged copyright infringement, that they had an implied license to use the works in question and used the works innocently.**

*Authority*:        Ninth Circuit Civil Jury Instructions, No. 1.5 (2017 rev. through June 2021).

**REGARDING DISPUTED LANGUAGE:**

**JFS Parties desire the additional language bolded above, based on their Third Amended Complaint, for which they have a motion to amend currently to be adjudicated before the Court.**

**Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defenses of implied license and innocent infringement in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.**

Accepted as Written: _____        Accepted as Modified: _____              Refused: _____

September_____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 4</u>        Claims & Defenses (Alternate—MSJ granted in full)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs are Joseph Friedheim, Iasmin Friedheim, and JF Solutions LTD. The Defendants are Thomas Hoeber and his company Höeber Media, LLC.

The Plaintiffs are the ones who originally filed this lawsuit, but all of their claims have been dismissed. However, they will still be referred to as the Plaintiffs.

Defendant Höeber Media, LLC has asserted counterclaims against Plaintiffs for copyright infringement, fraud, unjust enrichment, and fraud on the U.S. Copyright Office. Defendant Höeber Media, LLC has the burden of proof on these counterclaims.

**JFS Parties deny Defendant's counterclaims, arguing with respect to the alleged copyright infringement, that they had an implied license to use the works in question and used the works innocently.**

REGARDING DISPUTED LANGUAGE:

**JFS Parties desire the additional language bolded above, based on their Third Amended Complaint, for which they have a motion to amend currently to be adjudicated before the Court.**

**Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defenses of implied license and innocent infringement in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.**

*Authority*:        Ninth Circuit Civil Jury Instructions, No. 1.5 (2017 rev. through June 2021).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 5</u>        Instruction – Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.

After the opening statements, Plaintiffs will present evidence in support of their claims and the Defendants' lawyer may cross-examine the witnesses. In this case, the parties intend to call some of the same witnesses. As a courtesy to the witnesses, so that they do not have to appear twice at different stages of this trial, I have instructed the parties to ask questions of the witnesses on all relevant subject matter the first time the witness is called to the stand. Therefore, during the presentation of the evidence, the parties may cross-examine each other's witnesses on the subjects presented by the other party, and also may ask a witness questions that go beyond the scope of the information presented by the other party.

After all the evidence is introduced, I will instruct you on the law that applies to this case. Finally, the parties' lawyers will then make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

*Authority*:        Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 1.2 (2020 rev. through June 2020) (modified); Federal Jury Practice and Instructions, § 101:02 (6th ed.) (modified).


Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

                                        _____
                                        HON. REED O'CONNOR
                                        UNITED STATES DISTRICT JUDGE

**Instruction No. 6**        **Instruction – Order of Trial (Alternate)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence but is simply an outline or summary to help you understand what each party expects the evidence to show.

After the opening statements, Defendants will present evidence in support of their claims and the Plaintiffs' lawyer may cross-examine the witnesses. In this case, the parties intend to call some of the same witnesses. As a courtesy to the witnesses, so that they do not have to appear twice at different stages of this trial, I have instructed the parties to ask questions of the witnesses on all relevant subject matter the first time the witness is called to the stand.

After all the evidence is introduced, I will instruct you on the law that applies to this case. Finally, the parties' lawyers will then make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

*Authority*:        Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 1.2 (2020 rev. through June 2020) (modified); Federal Jury Practice and Instructions, § 101:02 (6th ed.) (modified).

Accepted as Written: \_\_\_\_\_        Accepted as Modified: \_\_\_\_\_                Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

                                     _____

                                     HON. REED O'CONNOR
                                     UNITED STATES DISTRICT JUDGE

<u>GENERAL INSTRUCTIONS</u>

**Instruction No. 7**        **First Recess**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

*Authority*:        Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 2.1 (2020 rev. through June 2020).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

**Instruction No. 8**     **Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

*Authority*:     Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 2.3 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 9</u>        **Limiting Instruction**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose, if believed, for which it was admitted.

*Authority*:        Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 2.6 (2020 rev. through June 2020); *United States v. Hyde*, 448 F.2d 815, 842 (5th Cir. 1971).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 10</u>     **Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Authority*:     Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 2.11 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September_____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 11     Bias—Corporate Party Involved**

  Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation or LLC and all other persons are equal before the law and must be treated as equals in a court of justice.

*Authority***:**  Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 2.16 (2020 rev. through June 2020).

Accepted as Written: \_\_\_\_\_  Accepted as Modified: \_\_\_\_\_    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

            _____

            HON. REED O'CONNOR
            UNITED STATES DISTRICT JUDGE

JURY CHARGE

**Instruction No. 12**     **Jury Charge**

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

*Authority***:**     Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 3.1 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September_____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 13**       **Burden of Proof: Preponderance of the Evidence**

Each party has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that either party has failed to prove any element of its claim by a preponderance of the evidence, then that party may not recover on that claim.

*Authority*:       Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 3.2 (2020 rev. through June 2020).

Accepted as Written: \_\_\_\_\_       Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 14**     **Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Authority*:     Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 3.3 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>**Instruction No. 15**</u>        **Hearsay Not Admitted for Truth of the Matter**

You must totally disregard the [specify testimony, exhibit, or statements in exhibit] for the truth of any fact stated.   In other words, you may not consider that [fact stated by declarant] is true because [specify declarant] did not testify about that fact under oath in your presence.

By law, you may consider this statement only for the limited purpose of proving, if believed, that [specify whether the statement was made, witness relied upon such statement, or to determine the witness's motive, intent, opportunity, or credibility].

*Authority*:        *United States v. Reed*, 908 F.3d 102, 121 & n.72 (5th Cir. 2018); *United States v. Demmitt*, 706 F.3d 665, 672 (5th Cir. 2013); *United States v. Polidore*, 690 F.3d 705, 720 n.17 (5th Cir. 2012); *United States v. Hyde*, 448 F.2d 815, 842 (5th Cir. 1971); Gerald R. Powell & Judge Ed Kinkeade, A Practical Guide to Texas Evidence: Objections, Responses, Rules, & Practice Commentary 387 (4th ed. 2009).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
**Hon. Reed O'Connor**
United States District Judge

**Instruction No. 16**     **Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Authority*:     Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 3.4 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 17      Destruction of Evidence**

Höeber Media contends that Plaintiffs at one time possessed additional evidence of infringing use of its copyrights. Plaintiffs have admitted that they deleted images from their social media accounts after they initiated this litigation. You may assume that such evidence would have been unfavorable to Plaintiffs only if you find by a preponderance of the evidence that:

> (1) Plaintiffs intentionally destroyed the evidence; and
> (2) Plaintiffs destroyed the evidence in bad faith

Pattern Jury Instructions District Judges Association Seventh Circuit, Pattern Jury Instructions (Civil Cases) 1.2 (2017 rev.).

Accepted as Written: _____      Accepted as Modified: _____                  Refused: _____

September_____, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

**Instruction No. 18**      **Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

*Authority*:      Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 3.7 (2020 rev. through June 2020).

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____

Hon. Reed O'Connor
United States District Judge

<u>COPYRIGHT</u>

**<u>Instruction No. 19</u>      Copyright – Preliminary Instruction**

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include illustrations, photography, graphic works, literary works, musical works, dramatic works, choreographic works, pictorial works, sculptural works, motion pictures, audiovisual works, sound recordings, architectural works, and other forms of expression.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time. The owner of a copyright also has the exclusive right to display the copyrighted work.

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 1.6.1 (2020 rev. through Feb. 2020); Ninth Circuit Civil Jury Instructions, No. 17.1 (2017 rev. through June 2021); 17 U.S.C. §§ 101, 102, 106; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345–46 (1991); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999).

Accepted as Written: _____      Accepted as Modified: _____            Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 20</u>     Copyright – Case Overview

In this case, Höeber Media claims ownership of copyrights in the following pictorial work and graphic work as an author of the following copyrights:

1. **Bottle Label**, which was registered under the title:

    JFS_VDR_Traditional_750_Label, Reg. No. VA 2-159-069, in Exhibit [Number];

2. **Bottle Illustration**, which was registered under the title:

    JFS0002-VDR-BOTTLE-CGI-LEGACY-v13-ecom, Reg. No. VA 2-159-066, in Exhibit [Number]; and

3. **Splash Poster**, which was registered under the title:

    TH0004_Ginja_Poster_24x36_v5b, Reg. No. VA 2-190-793, in Exhibit [Number].

Höeber Media, LLC, claims JF Solutions Ltd., Joseph Friedheim, and Iasmin Friedheim, have infringed these copyrights by reproducing or copying them, distributing copies, preparing derivative works based on them, and displaying the works without authorization.

**JFS defends against these claims by alleging their invalidity, and asserting that they had an implied license to use these works, irrespective of the validity of the registered copyright.**

*Authority*:     Eleventh Circuit Civil Jury Instructions, No. 1.6.2 (2020 rev. through Feb. 2020); Ninth Circuit Civil Jury Instructions, No. 17.1 (2017 rev. through June 2021); 17 U.S.C. §§ 101, 102, 106; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345–46 (1991); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999).

REGARDING DISPUTED LANGUAGE:
**JFS Parties desire the additional language bolded above, based on their Third Amended Complaint, for which they have a motion to amend currently to be adjudicated before the Court.**

**Hoeber disagrees with the bolded portion, arguing that JFS has not pled invalidity claims against the Bottle Illustration or Splash Poster, or the affirmative defense of implied license in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.**

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR

UNITED STATES DISTRICT JUDGE

<u>Instruction No. 21</u>     Copyright – Exclusive Rights Defined; Ownership

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship. The owner of a copyright has the exclusive right to:

1. Reproduce the copyrighted work in copies.
2. Recast, transform, adapt, or prepare derivative works based upon the copyrighted work.
3. Distribute copies or reproductions of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.
4. Publicly display a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work or someone who has been assigned the copyright in writing by the original author. In general, copyright law protects against reproduction, adaptation, public distribution, public performance, or public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

*Authority*:     Jury Instructions at 21, *Sony Music Entm't v. Cox Commc'ns, Inc.*, No. 1:18-cv-00950-LO-JFA (E. D. Va. Dec. 19, 2019), ECF No. 671; Jury Instructions at 30, *Gray v. Perry*, 2:15-cv-05642-CAS (C.D. Cal. July 25, 2019), ECF No. 441; 17 U.S.C. § 106; Ninth Circuit Civil Jury Instructions, No. 17.2 (2017 rev. through June 2021).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September_____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 22     Registration - Definition**

How a Copyright Is Obtained

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work.  After examination and a determination that the material deposited constitutes copyrightable subject matter and that the legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

*Authority***:**     Model Civ. Jury Instr. Ninth Cir. No. 17.1 (2017).

Accepted as Written: _____     Accepted as Modified: _____              Refused: _____

September\_\_\_\_, 2021.

_____

Hon. Reed O'Connor
United States District Judge

**Instruction No. 23      Validity – Effect of Registration**

An original creative work is automatically copyrighted at the moment of creation—even if the work is never registered with the United States Copyright Office. But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate. Specifically, the copyright registration creates a rebuttable presumption of validity. This means that Höeber Media does not need to prove the validity of its copyrights, but rather the burden is placed upon JF Solutions, Joseph Friedheim, and Iasmin Friedheim to prove that the claimed copyright is invalid.

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 9.4 (2020 rev. through Feb. 2020).

Accepted as Written: _____      Accepted as Modified: _____               Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>**Instruction No. 24**</u>     **Validity – Derivative Works**

The owner of a copyright owns not only the rights in the original form of the work but also in works that are derived from the original work. A "derivative work" is a work based upon one or more preexisting works that has been adapted into any other form, such as a variation of the original, a translation, musical arrangement, dramatization, fictionalization, motion picture version, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications that, as a whole, represent an original work of authorship, is also a "derivative work."

*Authority:*        17 U.S. C. § 101; 17 U.S.C. §106(2).

Accepted as Written: _____     Accepted as Modified: _____               Refused: _____

September____, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

**<u>Instruction No. 25</u>     Ownership – General Charge**

Now that I've explained validity, we'll move to the issue of ownership.

Höeber Media must prove ownership of each of its asserted copyrights by a preponderance of the evidence. Höeber Media can prove ownership by evidence showing that it:

1. Was a creator of the work and didn't transfer the exclusive rights being asserted to another; or
2. Acquired legal ownership by transfer of the copyright.


*Authority*:     Eleventh Circuit Civil Jury Instructions, No. 9.12 (2020 rev. through Feb. 2020).


Accepted as Written: \_\_\_\_\_     Accepted as Modified: \_\_\_\_\_          Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

———————————————————————

HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Instruction No. 26      Ownership – Assignment**

      A copyright owner may transfer, sell, or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying, or preparing derivative works from the copyrighted work. To be valid, the transfer, sale, or convey must be in writing and signed by the transferor. The person to whom a right is transferred is called an assignee.

*Authority*:      Ninth Circuit Civil Jury Instructions, No. 17.1 (2017 rev. through June 2021); Eleventh Circuit Civil Jury Instructions, No. 9.16 (2020 rev. through Feb. 2020).

Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

                                      _____
                                        HON. REED O'CONNOR
                                        UNITED STATES DISTRICT JUDGE

<u>Instruction No. 27</u>     Copying Definition

Copyright is the exclusive right to "copy." As used in this charge, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying. You are instructed that a copyright holder has the exclusive rights to do and authorize others to do the following: (1) to reproduce the copyrighted work, (2) to prepare derivative works that are based on the copyrighted work, and (3) to distribute copies of the copyrighted work to the public by sale, rental, lease, or lending. A "derivative work" is a work that is based upon one or more preexisting works, including a revision, transformation, or adaptation of that preexisting work. A work may be "copied" by creating a derivative work; that is, a work that revises, transforms or adapts the work.

*Authority***:**     *Preston Wood & Associates, LLC v. RZ Enterprises USA, Inc. d/b/a Oppidan Homes et al.*, Case 4:16-cv-01427, Dkt. No. 170, (S.D. Tex. 2018) (J. Hittner); Model Civ. Jury Instr. Ninth Cir. No. 17.1 (2017).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

 

HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 28</u>      Defenses to Infringement - Implied License

The JFS Plaintiffs contend that, even if Hoeber had a valid copyright, there is no copyright infringement by the JFS Plaintiffs because Hoeber granted an implied license to them to use his copyrighted work.

There is no copyright infringement by a party when a copyright owner has granted an implied license to use his copyrighted work to that party.

To show the existence of an implied license, the JFS Parties have the burden of proving that the totality of the conduct of Hoeber and the JFS Parties indicates an intent to grant permission to use the copyrighted works.

An implied license does not have to be in writing and may be granted orally or implied by the parties' conduct.

If you find that the JFS Parties have proved by a preponderance of the evidence that Hoeber granted the JFS Parties an implied license to use Hoeber's copyrighted work, your verdict should be for the JFS Parties on that portion of Hoeber's copyright infringement claim.

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of implied license in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

*Authority*: *Baisden v. I'm Ready Prods.,* 693 F.3d 491, 501-502 (5th Cir. 2012), affirming instruction from the trial court, 4:08-cv-451, Doc. No. 263 (S.D. Tex. 2011)(J. Lake); Model Civ. Jury Instr. Ninth Cir. No. 17.1 (2017).

Accepted as Written: _____      Accepted as Modified: _____           Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 29</u>      **Elements of Copyright Infringement—Ownership & Copying**

Anyone who copies original expression from a copyrighted work without the owner's permission infringes the copyright.

Höeber Media contends that, JF Solutions Ltd., Joseph Friedheim, and Iasmin Friedheim, infringed its copyrights in its Works of Visual Arts. To prove copyright infringement, Höeber Media must prove by a preponderance of the evidence that:

1.      Höeber Media is the owner of a valid copyright; and
2.      JF Solutions Ltd., Joseph Friedheim, or Iasmin Friedheim copied the original components from the copyrighted work.

If you find that Höeber Media has proved both of these elements and that the JFS Parties have proved no defense, your verdict on copyright infringement should be for Höeber Media. If, on the other hand, you find that Höeber Media failed to prove either of these elements, or Plaintiffs' have proved a defense, your verdict should be for the Plaintiffs.

**REGARDING THE DISPUTED LANGUAGE:**
**JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.**

**Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of implied license in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.**

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 9.1 (2020 rev. through Feb. 2020); Ninth Circuit Civil Jury Instructions, No. 17.5 (2017 rev. through June 2021); *Preston Wood & Associates, LLC v. RZ Enterprises USA, Inc. d/b/a Oppidan Homes et al.*, Case 4:16-cv-01427, Dkt. No. 170, (S.D. Tex. 2018) (J. Hittner); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345–46 (1991); *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002).

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 30</u>      **Validity – Registration (If Decided as a Matter of Law)**

For the first element, you are instructed that Höeber Media has registered the claimed work Bottle Label, No. VA 2-159-069, Bottle Illustration, No. VA 2-159-066, and Splash Poster, No. VA 2-190-793 with the United States Copyright Office. These registrations must be presumed to be valid.


*Authority*:      Jury Instructions at 23, *Sony Music Entm't v. Cox Commc'ns, Inc.*, No. 1:18-cv-00950-LO-JFA (E. D. Va. Dec. 19, 2019), ECF No. 671; Eleventh Circuit Civil Jury Instructions, No. 9.4 (2020 rev. through Feb. 2020).


Accepted as Written: _____      Accepted as Modified: _____             Refused: _____

September_____, 2021.

                                                          _____

                                                          Hon. Reed O'Connor
                                                          United States District Judge

**<u>Instruction No. 31</u>      Infringement – Direct Infringement Elements**

   To prove that Plaintiffs copied Höeber Media's work, it may show the Plaintiffs copied from the work by proving by a preponderance of the evidence that the Plaintiffs had access to Höeber Media's copyrighted work and that there are substantial similarities between the Plaintiffs' work and original elements of the Höeber Media's work.

*Authority*:  Ninth Circuit Civil Jury Instructions, No. 17.17 (2017 rev. through June 2021).

Accepted as Written: \_\_\_\_\_  Accepted as Modified: \_\_\_\_\_    Refused: \_\_\_\_\_

September\_\_\_, 2021.

                     _____
                      HON. REED O'CONNOR
                      UNITED STATES DISTRICT JUDGE

**<u>Instruction No. 32</u>      No Intent to Infringe**

NO INTENT TO INFRINGE NEEDED

Once a plaintiff has proven that it owns the copyright on a particular work, and that a party has infringed upon those exclusive rights, that party is liable for the infringement and this liability is absolute. Even where a party believes in good faith that he is not infringing a copyright, he may be found liable. A party is liable for "innocent" and "accidental" copyright infringements.

*Authority*:      *Preston Wood & Associates, LLC v. RZ Enterprises USA, Inc. d/b/a Oppidan Homes et al.*, Case 4:16-cv-01427, Dkt. No. 170, (S.D. Tex. 2018)(J. Hittner).

Accepted as Written: _____      Accepted as Modified: _____            Refused: _____

September____, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

Instruction No. 33     Joint Authors

JOINT AUTHORS

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1. each author must have made a substantial and valuable contribution to the work;
2. each author must have intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole; and
3. each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be merged, you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

a. both parties exercised control over the work;
b. both parties' actions showed they shared the intent to be coauthors when they were creating the work, for instance by publicly stating that the work was their shared project; and
c. the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other author[s].

*Authority*: 17 U.S.C. §§ 101, 201(a); Ninth Circuit Civil Jury Instructions, No. 17.36 (2017 rev. through June 2021).

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of Joint Authorship in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

Accepted as Written: \_\_\_\_\_        Accepted as Modified: \_\_\_\_\_                     Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

 

_____

**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

COPYRIGHT DAMAGES

**Instruction No. 34**      **Damages – General Charge**

If you find that Höeber Media has proved by a preponderance of evidence that any of JF Solutions, Joseph Friedheim, or Iasmin Friedheim have infringed Höeber Media's copyright, and the Plaintiffs have not proved a defense, then you must determine whether Höeber Media has proved damages. Höeber Media may recover either its actual damages plus JF Solutions, Joseph Friedheim, and Iasmin Friedheim's profits attributable to infringement or, at Höeber Media's option, statutory damages. A claimant may choose between the two forms of damages after you the jury have made findings as to each or a claimant may elect between the two forms of damages before the jury makes any findings.

Höeber Media has chosen to elect between the two forms of damages after the jury makes findings on both. Therefore, you the jury must make findings both as to actual damages plus JF Solutions, Joseph Friedheim, and Iasmin Friedheim's profits attributable to infringement, as well as to statutory damages, so that Höeber Media may choose between these options after you have rendered your verdict. I'll define these terms in the following instructions.

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 9.30 (2020 rev. through Feb. 2020).

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>**Instruction No. 35**</u>      **Actual Damages**

Höeber Media is entitled to recover any actual damages suffered because of the infringement found. "Actual damages" means the amount of money adequate to compensate Höeber Media for any losses caused by the infringement. In this case, Höeber Media claims its actual damages are measured by the reasonable license fee that JF Solutions, Joseph Friedheim, and Iasmin Friedheim should have paid for the use found to be an infringement. Höeber Media has the burden of first proving to a reasonable probability a causal connection between JF Solutions, Joseph Friedheim, and Iasmin Friedheim's alleged acts of infringement and any loss claimed.

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 9.31 (2020 rev. through Feb. 2020).

Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

_____
Hon. Reed O'Connor
United States District Judge

<u>Instruction No. 36</u>      Disgorgement of Profits

In addition to actual damages, Höeber Media is also entitled to Plaintiffs' profits that are attributable to the infringement you found, but only to the extent they are not already taken into account in calculating Höeber Media's actual damages. An award of Plaintiffs' profits may not include any amounts that were accounted for in calculating Höeber Media's actual damages to avoid double recovery.

In calculating Plaintiffs' profits, you should determine the gross revenues received by Plaintiffs that were attributable to the infringement you found, and then subtract the deductible expenses incurred by Plaintiffs, any portions of the gross revenues attributable to factors other than infringement, and any amount already taken into account in calculating actual damages. Höeber Media has the burden of proving, by a preponderance of the evidence, Plaintiffs' gross revenue attributable to the infringement you found, and a causal relationship between the infringement and Plaintiffs' profits. Plaintiffs have the burden of proving, by a preponderance of the evidence, any deductible expenses incurred and any portions of the revenue that are attributable to factors other than infringement.

*Authority*:       Eleventh Circuit Civil Jury Instructions, No. 9.33 (2020 rev. through Feb. 2020).

Accepted as Written: _____      Accepted as Modified: _____            Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 37</u>      Statutory Damages

Höeber Media seeks a statutory damage award, established by Congress for each work infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount must be between $750 and $30,000 for each copyrighted work that you found to be infringement, **unless you found that the infringement was innocent as defined previously.**

If Höeber Media proves that the Plaintiffs willfully infringed Höeber Media's copyrights, then you may, but are not required to, increase the statutory damages award to a sum as high as $150,000 per copyrighted work.

In determining the appropriate amount to award, you may consider the following factors:

1.  the expenses that Plaintiffs saved and the profits that they earned because of the infringement;

2.  the revenues that Höeber Media lost because of the infringement;

3.  the difficulty of proving Höeber Media's actual damages;

4.  the circumstances of the infringement;

5.  whether Plaintiffs intentionally infringed Höeber Media's copyrights;

6.  deterrence of future infringement;

7.  whether the Plaintiffs cooperated in providing particular records from which to assess the value of the infringing material produced;

8.  the value of the copyright; and

9.  where appropriate, punishing the Plaintiffs.


REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of Innocent Infringement in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

*Authority*:      17 U.S.C. § 504(c); *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 355, 118 S. Ct. 1279, 1288 (1998) ("[W]e hold that  the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act"); Fed. Civ. Jury Instr. 7th Cir. Nos. 12.8.4 (2017); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp.

2d 995, 1008 (S.D. Tex. 2000); *Coach, Inc. v. JoJo Handbags*, No. CV H-10-259, 2012 WL 13042944, at *7 (S.D. Tex. May 11, 2012) (Gilmore, J.); *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 560 (N.D. Tex. 1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999). In the copyright infringement context, courts have considered the following factors in setting statutory damage awards: (1) expenses saved and profits reaped; (2) revenues lost by plaintiff; (3) the value of the copyright; (4) deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendants. *Better Keiki, LLC v. Mairico Direct*, Civil Action No. 4:17-cv-00850, 2018 U.S. Dist. LEXIS 161962, at *16-17 (E.D. Tex. 2018) citing *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (awarding damages based on whether defendant cooperated in providing discovery on the value of the infringement).

Accepted as Written: \_\_\_\_\_     Accepted as Modified: \_\_\_\_\_          Refused: \_\_\_\_\_

September\_\_\_, 2021.

_____

HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

<u>Instruction No. 38</u>     **Willful Infringement**

Höeber Media has alleged that Plaintiffs' infringement of its copyrights was willful. An infringement is willful when one of the following has been proved by a preponderance of the evidence:

1. The Plaintiffs knew or should have known they infringed upon a copyrighted work;

2. The Plaintiffs have recklessly disregarded Höeber Media's rights;

3. The Plaintiffs were provided with oral or written notice of its transgression of the copyright;

4. The Plaintiffs were actually aware of the infringing activity; or

5. That the Plaintiffs' actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

*Authority:*     *Is. Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *see also Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 288 (2d Cir. 1999); *Lance v. Freedie Records, Inc.*, 1993 U.S. App. LEXIS 40601 *4 (5th Cir. Feb. 17, 1993); *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986); *Controversy Music v. Down Under Pub Tyler, Inc.*, 488 F. Supp. 2d 572, 578 (E.D. Tex. 2007) (explaining that actual knowledge is not required; constructive knowledge satisfies the willfulness standard); see also id. ("Evidence that the defendant was on notice of the infringement before the infringement occurred has been deemed 'persuasive evidence of willfulness.'"); *Microsoft Corp., v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1002 (S.D. Tex. 2000); *Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 579 (E.D. Tex. 1993) (explaining that there are two kinds of willfulness in the copyright context: (1) knowing that a particular use is copyright infringement; and (2) knowing that the normal course of business involves a pattern of repeated copyright infringements); *see also id.* ("Should the latter situation occur, then willfulness proven as to the course of business will suffice for willfulness for any particular occurrence of copyright infringement. A [defendant] who has been repeatedly warned that a course of conduct violates the law should take responsibility in seeing that it does not happen again.").

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

Instruction No. 39      Innocent Infringement

### INNOCENT INFRINGEMENT

Plaintiffs allege that their infringement, if any, was innocent. An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. Plaintiffs were not aware that their acts constituted infringement of the copyright; and
2. Plaintiffs had no reason to believe that their acts constituted an infringement of the copyright.

*Authority*:     17 U.S.C. § 504(c)(2); Ninth Circuit Civil Jury Instructions, No. 17.36 (2017 rev. through June 2021).

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of Innocent Infringement in their *Answer,* and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

Accepted as Written: _____     Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

Instruction No. 40     Fraud

Both sets of parties assert claims of what society commonly calls "fraud." This question requires you to evaluate the evidence admitted at trial and conclude by a preponderance of evidence that fraud has been committed. The gist of fraud is successfully using cunning, deception or artifice to cheat another person and cause him injury.

"Fraud" comes in many forms and has no single, all-encompassing definition. But the law usually requires a litigant to prove the following elements: (1) a material representation; (2) that was false; (3) that the speaker knew the representation to be false or made it with reckless disregard of the truth; (4) the speaker made it with the intention that it be acted upon by the other party; (5) the other party acted in reliance upon it; and (6) the other party suffered injury.

Fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made.

One method for calculating damages is called the "benefit-of-the-bargain" and measures the difference between the value as represented and the value received, allowing the injured party to recover profits that would have been made had the bargain been performed as promised.

Damages can also be awarded based on economic damages related to an asserted agreement's subject matter.

*Authority*:     Jury Instructions, *The Gonzalez Law Grp., PLLC v. Internet Lava*, LLC, No. 4:20-cv-01467 (S.D. Tex. Nov. 3, 2020), ECF No. 143; *Haase v. Glazner,* 62 S.W.3d 795, 798, 45 Tex. Sup. Ct. J. 141 (2001).

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not plead Fraud in the Second Amended Complaint (See Order of December 16, 2020, ECF No. 24 at 20-21), and that the Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

EXHIBIT B

<u>Statutory Fraud</u>

JFS Question 1.  In entering into the assignment of Nuno Tuna's works to Hoeber Media, did Tuna, as an agent of JF Solutions, rely on misrepresentations by Hoeber to Tuna that resulted in damage to JF Solutions? [1]

"Representation" means a presentation of fact—either by words or by conduct—made to induce someone to act, especially to enter into a contract. [2]

"Material representation" means a representation to which a reasonable person would attach importance in deciding his or her course of action in a transaction. [3]

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not plead Statutory Fraud in the Second Amended Complaint (See Order of December 16, 2020, ECF No. 24 at 20-21), and that the Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

Additionally, JFS has not plead any such economic or exemplary damages under either the Second Amended Complaint or the proposed Third Amended Complaint, and has not disclosed any damages in their Rule 26 Disclosures—including the Amended Disclosure filed after the close of discovery. Finally, in their depositions, the JFS Plaintiffs could not identify any damages resulting from this allegation.

Answer "Yes" or "No."

Answer: _____

If you answered "No" to this, then proceed to Plaintiff's Request 4, otherwise continue.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

---

[1] *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).
[2] *Black's Law Dictionary* (11th ed. 2019).
[3] *Id.*

September____, 2021.

_____

**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

<u>Statutory Fraud, cont'd.</u>

JFS Question 2.    What sum of money, if paid now in cash, would fairly and compensate the JFS Parties for their damages, as described in the previous question?


Answer with an amount for each of the following:

| | |
|---|---|
| Economic damages [4] | Answer: $_____ |
| Exemplary damages [5] | Answer: $_____ |

    a.  "Damages" means money claimed by, or ordered to be paid to, a person as compensation for loss or injury. [6]

    b.  "Economic damages" means compensatory damages intended to compensate a claimant for actual economic or pecuniary loss. [7]

    c.  "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. [8]


REGARDING THE DISPUTED LANGUAGE:

JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not plead Statutory Fraud in the Second Amended Complaint (See Order of December 16, 2020, ECF No. 24 at 20-21), and that the Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.

Additionally, JFS has not plead any such economic or exemplary damages under either the Second Amended Complaint or the proposed Third Amended Complaint, and has not disclosed any damages in their Rule 26 Disclosures—including the Amended Disclosure filed after the close of discovery. Finally, in their depositions, the JFS Plaintiffs could not identify any damages resulting from this allegation.

---

[4] *Anderson v. Durant,* 550 S.W.3d 605, 614 (Tex. 2018).
[5] Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a).
[6] *Black's Law Dictionary* (11th ed. 2019).
[7] Tex. Civ. Prac. & Rem. Code Ann. § 41.001(4).
[8] Tex. Civ. Prac. & Rem. Code Ann. § 41.001(5).

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

Statutory Fraud, cont'd, Exemplary Damages.

**JFS Question 3.**     If you find that the JFS Parties was defrauded by Hoeber by clear and convincing evidence, you can award exemplary damages in addition to actual damages. The conscious indifference to the rights of others is sufficient for an award of exemplary damages. You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous.

    a.  "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. [9]

**Amount of Exemplary Damages:**

$_____

Accepted as Written: \_\_\_\_\_          Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

                                     _____
                                      HON. REED O'CONNOR
                                      UNITED STATES DISTRICT JUDGE

---

[9] Tex. Civ. Prac. & Rem. Code Ann. § 41.001(5).

<u>Texas Deceptive Trade Practices Act</u>

JFS Question 4.    Do you find that JF Solutions, a consumer under the DTPA, sought to acquire services from Thomas Hoeber, who failed to disclose that he was not an agent of JF Solutions, and who thereby suffered economic damages by the ensuing copyright assignment?

"Consumer" is defined in the Texas Deceptive Trade Practices Act as an individual, partnership, corporation . . . who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more. Tex. Bus. & Com. Code Ann. § 17.45. [10]

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not properly pled this.

Additionally, JFS has not plead any such economic or exemplary damages under either the Second Amended Complaint or the proposed Third Amended Complaint, and has not disclosed any damages in their Rule 26 Disclosures—including the Amended Disclosure filed after the close of discovery.

Answer "Yes" or "No."

Answer: _____

If you answered "No" to this question, then skip Question 5 and proceed to Question 8.

Accepted as Written: _____    Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

---

[10] Tex. Bus. & Com. Code§17.50(a), et seq; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

<u>Texas Deceptive Trade Practices Act, cont'd.</u>

JFS Question 5.   What sum of money, if paid now in cash, would fairly and compensate Plaintiffs for their damages, if any, that resulted from Hoeber's actions as described in JFS Question 4?

Answer with an amount for each of the following:

| | |
|---|---|
| Economic Damages, if not previously addressed [11] | Answer: $_____ |
| Attorney's fees, if not previously addressed [12] | Answer: $_____ |

a. "Damages" means money claimed by, or ordered to be paid to, a person as compensation for loss or injury.

b. "Economic damages" means compensatory damages intended to compensate a claimant for actual economic or pecuniary loss.

c. "Attorney's fees" means an attorney's compensation determined to be equitable or fair.

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not plead any such economic or exemplary damages under either the Second Amended Complaint or the proposed Third Amended Complaint, and has not disclosed any damages in their Rule 26 Disclosures— including the Amended Disclosure filed after the close of discovery. Finally, in their depositions, the JFS Plaintiffs could not identify any damages resulting from this allegation.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

---

[11] Tex. Bus. & Com. Code Ann. § 17.50(h).
[12] *Id*. § 17.50(d).

<u>Texas Deceptive Trade Practices Act, cont'd. (Treble Damages)</u>

JFS Question 6.      Did Hoeber act knowingly or intentionally when failed to disclose to Nuno Tuna that Hoeber was no longer an agent of JF Solutions? [13]

"Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. [14]

Answer "Yes" or "No."

Answer: _____

If you answered "No" to this question, then skip Question 7 and proceed to Question 8.

REGARDING THE DISPUTED LANGUAGE:
JFS Parties desire this instruction, based on the facts alleged in their Second and Proposed Third Amended Complaint.

Hoeber disagrees with the bolded portion, arguing that JFS has not plead treble damages under either the Second Amended Complaint or the proposed Third Amended Complaint, and has not disclosed any damages in their Rule 26 Disclosures—including the Amended Disclosure filed after the close of discovery.

Accepted as Written: _____       Accepted as Modified: _____                    Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

_____

[13] *Bossier Chrysler-Dodge II, Inc. v. Riley*, 221 S.W.3d 749, 758 (Tex. App. 2007);  Tex. Bus. & Com. Code § 17.50(b)(1).
[14] *Id.*

<u>Texas Deceptive Trade Practices Act, cont'd. (Treble Damages)</u>

JFS Question 7.    How many times, if any, should Plaintiff's award for economic damages
be multiplied by? [15]


The award may not be multiplied by more than three times.


Answer: _____


Accepted as Written: _____        Accepted as Modified: _____              Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

_____

[15] Id.

**JFS Question 8.**      Invalid Copyright Registration – Fraud on the Copyright Office

Ownership of a valid copyright and registration are prerequisites to claiming, a copyright. The JFS Parties claim, as a declaratory judgment claim, that Hoeber's copyright registration for JFS_VDR_Traditional_750_Label, Reg. No. VA 2-159-069 is invalid because he engaged in fraud on the Copyright Office.

To determine that Hoeber's copyright registration is invalid because of a fraud on the Copyright Office, you must find that he knowingly failed to advise the Copyright Office of facts that would have led the Copyright Office to refuse the application. Unintentional omissions, misstatements, or irregularities generally are not enough for invalidation. Omissions, misstatements, or irregularities must have been made intentionally to mislead the Copyright Office.

If you find that Hoeber's registration was invalid because of fraud on the Copyright Office, you must find for the JFS Parties on their declaratory judgment claim. While Hoeber's registration is presumed valid, the JFS Parties must establish by a preponderance of the evidence that the registration is invalid because of misconduct in the registration process.

Did Thomas Hoeber intentionally mislead the Copyright Office by stating that his company Hoeber Media had a valid assignment to the works when he applied for registration of his copyright:

Answer "Yes" or "No": _____

*Authority*:      Eleventh Circuit Civil Jury Instructions, No. 9.8 (2020 rev. through Feb. 2020).

Accepted as Written: _____      Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**HOEBER PARTIES' JURY QUESTIONS**

**Direct Infringement—Jury Question**

**Question No. 1:**        Do you find that Plaintiffs' infringed Höeber Media's copyright?

Answer "Yes" or "No" as to each Defendant for each copyright.

A.    As to JF Solutions:

    (i)    Bottle Label, No. VA 2-159-069.
           Answer "Yes" or "No":        _____

    (ii)    Bottle Illustration, No. VA 2-159-066.

           Answer "Yes" or "No":        _____

    (iii)    Splash Poster, No. VA 2-190-793.

           Answer "Yes" or "No":        _____

B.    As to Joseph Friedheim:

    (i)    Bottle Label, No. VA 2-159-069.

           Answer "Yes" or "No":        _____

    (ii)    Bottle Illustration, No. VA 2-159-066.

           Answer "Yes" or "No":        _____

    (iii)    Splash Poster, No. VA 2-190-793.

           Answer "Yes" or "No":        _____

C.    As to Iasmin Friedheim:

    (i)    Bottle Label, No. VA 2-159-069.

           Answer "Yes" or "No":        _____

    (ii)    Bottle Illustration, No. VA 2-159-066.

           Answer "Yes" or "No":        _____

    (iii)    Splash Poster, No. VA 2-190-793.

           Answer "Yes" or "No":        _____

*Authority*:  Eleventh Circuit Civil Jury Instructions, Nos. 9.17-9.18 (2020 rev. through Feb. 2020).

Accepted as Written: _____ Accepted as Modified: _____   Refused: _____

September____, 2021.

             _____

             HON. REED O'CONNOR
             UNITED STATES DISTRICT JUDGE

<u>Question No. 2</u>:          **Copyright Damages Verdict Form**

If you found Plaintiffs infringed on any of the copyrights owned by Hoeber Media, you must determine the amount of damages to award for actual damages, disgorgement of profits, statutory damages, and any additional damages for willful infringement:


Actual Damages amount:


$ \$ \underline{\hspace{3cm}} $


Disgorgement of Profits:


$ \$ \underline{\hspace{3cm}} $


**Innocent Infringement:**

Statutory Damages (The amount must be between $750 and $30,000 for each copyrighted work that you found to be infringement, **unless you found that the infringement was innocent, in which case you may award damages to a sum not less than $200**):


$ \$ \underline{\hspace{3cm}} $


Willful Infringement (Up to $150,000 per copyrighted work):


$ \$ \underline{\hspace{3cm}} $


**REGARDING THE DISPUTED LANGUAGE:**
**JFS Parties desire this instruction, based on the facts alleged in their Proposed Third Amended Complaint.**

**Hoeber disagrees with the bolded portion, arguing that JFS has not pled the affirmative defense of Innocent Infringement in their *Answer*, and that the proposed Third Amended Complaint is not a live pleading and was filed after both the deadline to amend the pleadings and the discovery deadline. Moreover, the Court already denied Plaintiffs' request for leave to further amend in its Order of December 16, 2020, ECF No. 24 at 19-20.**

*Authority***:**      *See* Instruction Nos. 33-40.


Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

September\_\_\_\_, 2021.

_____
**HON. REED O'CONNOR**
UNITED STATES DISTRICT JUDGE

**Question No. 3:**         Invalid Copyright Registration – Fraud on the Copyright Office

Ownership of a valid copyright and registration are prerequisites to claiming, a copyright. Defendant Höeber Media claims, as a declaratory judgment claim, that Plaintiff Joseph Friedheim's copyright registration for JF Solutions' LTD Corporate Identity Restyle, No. VA 2-182-743 is invalid because he engaged in fraud on the Copyright Office.

To determine that Plaintiff Joseph Friedheim's copyright registration is invalid because of a fraud on the Copyright Office, you must find that he knowingly failed to advise the Copyright Office of facts that would have led the Copyright Office to refuse the application. Unintentional omissions, misstatements, or irregularities generally are not enough for invalidation. Omissions, misstatements, or irregularities must have been made intentionally to mislead the Copyright Office.

If you find that Plaintiff Joseph Friedheim's registration was invalid because of fraud on the Copyright Office, you must find for Defendant Höeber Media's claims on its declaratory judgment claim. While Plaintiff Joseph Friedheim's copyright registration is presumed valid, Defendant Höeber Media must establish by a preponderance of the evidence that Friedheim's registration is invalid because of misconduct in the registration process.

Question A:   Did Joseph Friedheim intentionally mislead the Copyright Office by stating that he was the author of the works when he applied for registration of his copyright:

Answer "Yes" or "No": _____

Question B:   Did Joseph Friedheim intentionally mislead the Copyright Office by stating that the work he was registering was a work for hire:

Answer "Yes" or "No": _____

*Authority:*         Eleventh Circuit Civil Jury Instructions, No. 9.8 (2020 rev. through Feb. 2020).

Accepted as Written: _____         Accepted as Modified: _____         Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Question No. 4:**      Implied Agreement

You are instructed that: In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions. There is no requirement that a contract be in writing, that it be dated, or that it be signed by either party. It can be entirely oral, or it can be partly oral and partly in writing. In this case, it is alleged by Höeber Media that the contract was oral. Parties may enter into an oral contract with the understanding that they will later execute a formal writing that memorializes their agreement.

Question No. 1:      Did Höeber Media and Plaintiffs agree that Plaintiffs would give Thomas Hoeber an ownership interest in JF Solutions, or some other compensation if Thomas Hoeber and Höeber Media continued to perform services for Plaintiffs?

Answer "Yes" or "No": _____

Question No. 2:      Did Plaintiffs fail to comply with that agreement?

Answer "Yes" or "No": _____

Question No. 3:      What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Höeber Media for its damages, if any, that resulted from Plaintiffs' failure to comply?

You are instructed that: Contract damages are intended to give the party the benefit of the party's bargain by awarding it a sum of money that will, to the extent possible, put Höeber Media in as good a position as it would have been in had the contract been fully performed. The injured party should receive those damages naturally arising from the breach. Höeber Media cannot recover a greater amount as damages than it could have gained by the full performance of the contract.

Answer in dollars for damages:

$_____

*Authority:*      Jury Instructions, *The Gonzalez Law Grp., PLLC v. Internet Lava*, LLC, No. 4:20-cv-01467 (S.D. Tex. Nov. 3, 2020), ECF No. 143.

Accepted as Written: _____      Accepted as Modified: _____      Refused: _____

September____, 2021.

_____
HON. REED O'CONNOR
UNITED STATES DISTRICT JUDGE

**Question No. 5:**        Unjust Enrichment

Even if you do not find that there was an implied contract, you may still award damages if you feel that the Plaintiffs were unjustly enriched by their actions towards Höeber Media. An unjust enrichment claim requires showing that one party has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.

Undue advantage occurs when a person sought to be charged has wrongfully secured a benefit or has passively received one by that person's improper conduct. In other words, a person has wrongfully received a benefit or has passively received a benefit which in good conscious does not belong to that person.

If you find that the Plaintiffs took undue advantage of Höeber Media, what is the amount that Höeber Media should be awarded?

$_____

*Authority*:        Texas Civil Pattern Jury Charge: Business, Consumer, Insurance & Employment No. 101.44 (2020); *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) ("A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."); *Dig. Drilling Data Sys., L.L.C. v. Petrolink Servs.*, 965 F.3d 365, 379 (5th Cir. 2020).

Accepted as Written: _____        Accepted as Modified: _____              Refused: _____

September____, 2021.

                                        _____
                                        HON. REED O'CONNOR
                                        UNITED STATES DISTRICT JUDGE

**Question No. 6:**        Fraud

Höeber Media also asserts a claim concerning what society commonly calls "fraud." This question requires you to evaluate the evidence admitted at trial and conclude by a preponderance of evidence that fraud has been committed. The gist of fraud is successfully using cunning, deception or artifice to cheat another person and cause him injury.

"Fraud" comes in many forms and has no single, all-encompassing definition. But the law usually requires Höeber Media to prove the following elements: (1) a material representation; (2) that was false; (3) that the speaker knew the representation to be false or made it with reckless disregard of the truth; (4) the speaker made it with the intention that it be acted upon by the other party; (5) the other party acted in reliance upon it; and (6) the other party suffered injury.

Fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made.

The method for calculating damages is called the "benefit-of-the-bargain" and measures the difference between the value as represented and the value received, allowing the injured party to recover profits that would have been made had the bargain been performed as promised.

Question No. 1:        Do you find that Plaintiffs fraudulently induced Höeber Media to continue working for them by promising Thomas Hoeber an ownership interest in JF Solutions, or some other compensation without the intention of following through with that promise?

Answer "Yes" or "No": _____

Question No. 2:        If you answered "Yes" to Question No. 1, what amount is Höeber Media entitled to as damages to compensate him for this fraud?

$_____

*Authority:*        Jury Instructions, *The Gonzalez Law Grp., PLLC v. Internet Lava*, LLC, No. 4:20-cv-01467 (S.D. Tex. Nov. 3, 2020), ECF No. 143.

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

_____
Hon. Reed O'Connor
United States District Judge

**Question No. 7:**        Exemplary Damages.

If you find that Höeber Media was defrauded by the Plaintiffs, by clear and convincing evidence, you can award exemplary damages in addition to actual damages. The conscious indifference to the rights of others is sufficient for an award of exemplary damages. You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous.

        Amount of Exemplary Damages:

        $_____

*Authority*:        Tex. Civ. Prac. & Rem. Code §41.003(a)(1); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex. 1983).

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

September____, 2021.

                                        _____
                                        HON. REED O'CONNOR
                                        UNITED STATES DISTRICT JUDGE

<u>**Question No. 8:**</u>      Theft of Services – Question

"Theft of service" means that a person, with intent to avoid payment for service that the actor knows is provided only for compensation:

(1)  Intentionally or knowingly secures performance of the service by deception; or
(2)  Having control over the disposition of services of another to which the actor is not entitled, the actor intentionally or knowingly diverts the other's services to the actor's own benefit or to the benefit of another not entitled to the services; or
(3)  The actor intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

Do you find by a preponderance of the evidence that Plaintiffs committed theft of Höeber Media's services?

Answer "Yes" or "No" as to each Plaintiff.

        A.      As to JF Solutions:


                _____


        B.      As to Joseph Friedheim:


                _____


        C.      As to Iasmin Friedheim:


                _____


*Authority***:**      Texas Civil Pattern Jury Charge: Business, Consumer, Insurance & Employment No. 115.43 (2020); *see also id.* at 115.37B; TEX. CIV. PRAC. & REM. CODE § 41.003(a)(1); Tex. Penal Code § 6.03(b); Tex. Penal Code § 31.01(1), (6); Tex. Penal Code § 31.01(3)(B), (3)(C), (3)(D); Tex. Penal Code § 31.04(a), (b), (c), (d).

Accepted as Written: _____      Accepted as Modified: _____                Refused: _____

September____, 2021.

                        _____
                        HON. REED O'CONNOR
                        UNITED STATES DISTRICT JUDGE