UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § | |
| IASMIN FRIEDHEIM, and § | |
| J.F. SOLUTIONS LTD., § | |
|    *Plaintiffs/Counter-Defendants* § | |
| v. § | |
| § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER, and § | |
|    *Defendant/Counter-Plaintiffs* § | |
| HÖEBER MEDIA, LLC, § | |
|    *Defendant/Intervenor* § | |

**PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND FOR CONTINUANCE OF TRIAL**

TO THE HONORABLE JUDGE OF THIS COURT:

    NOW COME Joseph Friedheim, Iasmin Friedheim, and JFS Solutions ("JFS"), Plaintiffs in the above-numbered cause, and respectfully move to amend the scheduling order in this case to continue the trial currently scheduled to begin September 27, 2021. Plaintiffs seek a 60-day continuance on the trial date and other upcoming deadlines so that the Court can rule on Plaintiffs' Motion for Leave to Amend Complaint, Plaintiffs' Motion to Permit Witnesses to Appear via Video Conference, and Defendant's Motion for Summary Judgment.

### I.   SUMMARY

1.    Plaintiff's Motion for Leave to Amend Complaint (ECF No. 40), Plaintiffs' Proposed Third Amended Complaint (ECF No. 40-1), Plaintiff's Motion to Permit Witnesses to Appear Via Video Conference (ECF No. 63), and Defendant's Motion for Summary Judgment (ECF No. 41) are all currently pending before the Court. Until the Court rules on these motions, Plaintiffs are unable to make travel arrangements for their witnesses, or know if they are even necessary, as the witnesses reside in Europe and will need to make international travel arrangements. Plaintiffs ask that Scheduling Order be continued for good cause under Rule 16(b)(4).

## II. BACKGROUND AND PROCEDURAL HISTORY

2. Plaintiffs filed their original complaint against Defendant Thomas Hoeber on April 13, 2020, alleging copyright infringement, Fraud, and Deceptive Trade Practices under Texas law, and seeking a declaration of invalid copyright registration and a declaration under Texas law that Plaintiffs did not owe Hoeber a debt. ECF No. 1.

3. On July 7, 2020, Höeber media filed its Original Complaint as intervenor against Plaintiffs. ECF No. 11.

4. Plaintiffs filed their Second Amended Complaint on August 10, 2020. ECF No. 18. In response, Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part. Order on Mot. to Dismiss, ECF No 24.

5. In Plaintiffs' Response to Defendants' Motion to Dismiss, Plaintiffs asked the Court for leave to amend in the event the Court dismissed Plaintiffs' claims.

6. In ruling on the Motion to Dismiss, the Court Denied Plaintiffs' requests to amend their Complaint with respect to claims the Court dismissed. Order on Mot. to Dismiss 20, ECF No. 24.

7. On May 27, 2021, Plaintiffs moved the Court for leave to amend and filed Plaintiffs' Proposed Third Amended Complaint. ECF No. 40, 40-1. Plaintiff's request was based on new details that came to light throughout the course of discovery. Plaintiffs learned that Kin Cassamo, Iasmin Friedheim's son who was an agent of JFS, filed a copyright in Portugal for the materials at issue in this case. This was not known to Plaintiffs until the relationship between the Friedheims and Cassamo was rekindled following an interruption. Cassamo managed Nuno Tuna, who assisted JFS with the artwork at issue, as Tuna performed mechanistic work in developing the disputed materials. Plaintiffs' motion for leave to amend mentions the potential reopening of discovery as appropriate. The Court has yet to rule on this motion.

8. Defendants filed a motion for summary judgment on May 31, 2021 that the Court has yet to adjudicate. ECF No. 41.

9. Plaintiffs also filed a motion to allow witnesses to allow their witnesses to testify via video conference on August 27, 2021. ECF No. 63.

10. This Court has set a trial date of September 27, 2021. ECF No. 15.

11. Additional deadlines relative to the current trial date that have not passed include a deadline to respond to motions in limine, exchange of exhibits, and settlement conference, all due September 13, 2021. Plaintiffs would ask that these deadlines be extended 60 days as well, or in the alternative, to the same extent as the Court continues the trial in this matter.

12. Plaintiff's Motion for Leave to Amend (ECF No. 40), Plaintiffs' Proposed Third Amended Complaint (ECF No. 40-1), and Plaintiff's Motion to Permit Witnesses to Appear Via Video Conference (ECF No. 63) are all currently pending before the Court.

13. Until Plaintiffs have clarity regarding the issues addressed by these pending motions, Plaintiffs will not be able to properly prepare for trial. Plaintiffs' Proposed Third Amended Complaint included additional facts important to the resolution of this case that came up during discovery, namely that Kini Cassamo obtained a Portuguese copyright for materials at issue.

14. Kini Cassamo resides in Spain and will have to make travel arrangements if required to appear in person. Until the Court rules on Plaintiffs' Proposed Third Amended Complaint, Plaintiffs cannot know whether Cassamo's testimony is needed.

15. Additionally, if Cassamo's testimony is needed, Plaintiffs do not know whether the Court will allow Cassamo and Plaintiff's other international witnesses to testify via video or whether they will need to be in person.

16. Not only does Cassamo live abroad, but he also has health problems, making it even more difficult to make travel arrangements with the state of the COVID-19 pandemic. Making those arrangements with no notice will be very challenging and expensive for Cassamo, possibly rendering him unable to testify, which would put Plaintiffs at a severe disadvantage.

17. Granting this Motion for Continuance will allow the Court to rule on all the pending motions, which will give Plaintiffs the information and time needed to make the proper arrangements for their witnesses to travel internationally.

18. In accordance with L.R. 40.1, this motion has been verified by Plaintiffs and the undersigned counsel.

### III.     ARGUMENT

19. Federal Rule of Civil Procedure 16(b)(4) allows this Court to amend the Scheduling Order based on good cause.

20. The Court's adjudication of Plaintiffs' Motion for Leave to Amend will impact the parties' litigation strategy during trial, as well as the relevant exhibits and motions in limine, as well as the need for the previously mentioned witnesses residing in Portugal and Spain to travel.

21. The Court's adjudication of Defendants' Motion for Summary Judgment similarly impacts the parties' preparation for trial.

22. Based on the above unadjudicated motions, and the tight schedule to trial, Plaintiffs argue that good cause exists to continue the trial and the deadlines for transfer of exhibits, responses to motions in limine, and settlement conference.

## IV. PRAYER

**WHEREFORE, PREMESIS CONSIDERED**, Plaintiffs pray this Court GRANT their *Motion for Continuance of Trial* and further prays for such other relief to which Plaintiffs are justly entitled, both at law and in equity.

        Respectfully Submitted,

        Norred Law, PLLC
        */s/ Warren V. Norred*
        Warren V. Norred, Texas Bar No. 24045094
        wnorred@norredlaw.com
        515 E. Border Street; Arlington, Texas 76010
        Tel. (817) 704-3984; Fax. (817) 524-6686
        Attorney for Plaintiffs

_____
Joseph Friedheim, individually and for JFS

_____
Iasmin Friedheim, individually

**CERTIFICATE OF CONFERENCE** - I certify that I spoke by phone with Brian Casper, counsel for all opposing parties, regarding this issue on September 8, 2021, when he expressed opposition to this requested remedy.
        */s/ Warren V. Norred*
        Warren V. Norred

**CERTIFICATE OF SERVICE** - I certify that this document was served on all parties seeking service in the instant case via the Court's e-file system on September 8, 2021.

        */s/ Warren V. Norred*
        Warren V. Norred