IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD. *Plaintiffs/Intervention Defendants,* | § § § § | |
| v. | § § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER *Defendant,* | § § § | |
| HÖEBER MEDIA, LLC *Intervenor Plaintiff/Counter-Defendant* | § § § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT WITNESSES TO APPEAR VIA VIDEO CONFERENCE

TABLE OF CONTENTS

PAGE

SUMMARY ............................................................................................................................. 1

BACKGROUND ..................................................................................................................... 1

ARGUMENT & AUTHORITIES ............................................................................................. 3

    I.    Legal standard ................................................................................................... 3

    II.    Good Cause Does Not Exist for the Court Granting Leave as to Each of the Proposed Video Witnesses. ............................................................................... 4

        A.    Plaintiffs Failed to Timely Disclose These Witnesses. .................................. 4

        B.    Plaintiffs' Requests for These Witnesses to Testify Remotely Solely Upon Inconvenience Should Be Denied. ................................................................. 6

        C.    Plaintiffs' Requests as to Cassamo Should Also Be Denied. ......................... 8

        D.    Plaintiffs' have not demonstrated that they can accomplish this request .... 11

CONCLUSION ..................................................................................................................... 12


<u>TABLE OF AUTHORITIES</u>

<u>PAGE(S)</u>

*Cases*

*Ashton Woods Holdings L.L.C. v. USG Corp.*,
	No. 15-cv-01247-HSG, 2021 U.S. Dist. LEXIS 66020 (N.D. Cal. Apr. 5, 2021) .................. 10

*Ballesteros v. Wal-Mart Stores E., LP*,
	No. 2:19-cv-881-SPC-NPM, 2021 U.S. Dist. LEXIS 129008 (M.D. Fla. July 12, 2021) ......... 7

*Benjamin v. Sparks*,
	986 F.3d 332 (4th Cir. 2021) ................................................................................................ 11

*Bridges v. United States*,
	No. 3:15-cv-1248-J-25PBD, 2017 U.S. Dist. LEXIS 186787 (M.D. Fla. May 30, 2017) ......... 8

*Campbell v. Keystone Aerial Surveys, Inc.*,
	138 F.3d 996 (5th Cir. 1998) .................................................................................................. 4

*Diamond Resorts Int'l, Inc. v. Aaronson*,
	No. 6:17-cv-1394-Orl-37DCI, 2019 U.S. Dist. LEXIS 150094 (M.D. Fla. Mar. 26, 2019) .... 8

*GREE, Inc. v. Supercell Oy*,
	No. 2:19-cv-00071-JRG-RSP, 2020 U.S. Dist. LEXIS 132016 (E.D. Tex. July 26, 2020) ...... 5

*In re Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*,
	2016 U.S. Dist. LEXIS 195409 (N.D. Tex. Sep. 20, 2016) ...................................................... 8

*In re EpiPen*,
	No. MDL No: 2785, 2021 U.S. Dist. LEXIS 125939 (D. Kan. July 7, 2021) ........................ 8

*In re Vioxx Prods. Liab. Litig.*,
	439 F. Supp. 2d 640 (E.D. La. 2006) ..................................................................................... 8

*Kelly-Fleming v. City of Selma*,
	No. SA-10-CV-675-XR, 2013 U.S. Dist. LEXIS 160790 (W.D. Tex. Nov. 9, 2013) ............... 5

*Lea v. Wyeth Llc*,
	No. 1:03-CV-1339, 2011 U.S. Dist. LEXIS 171728 (E.D. Tex. Nov. 22, 2011) .................... 9

*Mealey v. Gautreaux*,
	No. 3:16-CV-716-JWD-RLB, 2020 U.S. Dist. LEXIS 112369 (M.D. La. June 26, 2020) ...... 5

*McPeters v. Thomas*,
   No. 3:18-CV-39-CLC-HBG, 2021 U.S. Dist. LEXIS 50478 (E.D. Tenn. Feb. 24, 2021) .... 10

*Novello v. Progressive Express Ins. Co.*,
   No. 8:19-cv-1618-KKM-JSS, 2021 U.S. Dist. LEXIS 85014 (M.D. Fla. May 4, 2021) ............ 6

*Powers v. Target Corp.*,
   No. 19-cv-60922, 2020 U.S. Dist. LEXIS 39761 (S.D. Fla. Mar. 6, 2020) .............................. 7

*Santiago v. Franklin*,
   No. 15 CV 1856, 2021 U.S. Dist. LEXIS 45840 (N.D. Ill. Mar. 11, 2021) ............................ 5

*Stone Tech. (HK) Co. v. Glob. Geeks, Inc.*,
   No. 20-cv-23251, 2021 U.S. Dist. LEXIS 129960 (S.D. Fla. July 12, 2021) ....................... 6, 8

*Swearingen v. Gillar Home Health Care, L.P.*,
   759 F. App'x 322 (5th Cir. 2019) .............................................................................................. 3

*Torres v. Sushi Holdings, Inc.*,
   2021 U.S. Dist. LEXIS 100474 (S.D.N.Y. May 27, 2021) ....................................................... 5

## *Rules*

FED. R. CIV. P. 26 (a)(3)(A)(i) ............................................................................................................ 4

FED. R. CIV. P. 37(c) .......................................................................................................................... 4

FED. R. CIV. P. 37(c)(1) ...................................................................................................................... 4

FED. R. CIV. P. 43(a) .......................................................................................................................... 3

FED. R. CIV. P. 43 advisory committee's notes to 1996 amendment .................................................. 3

## SUMMARY

Plaintiffs have sought leave of Court to permit Kini Cassamo, Nuno Tuna, Marina Duarte Brás, Luis Alfanso Fidalgo, and Fancisco Miguel Farhinha to appear and testify at the trial via video conference. The Court should deny leave in these circumstances because these witnesses were untimely disclosed in bad faith and no good cause or compelling circumstances support their untimely testimony under Federal Rule of Civil Procedure 43(a). Additionally, Plaintiffs have no plans for how to accomplish this from a technical standpoint.

## BACKGROUND

Under the Court's July 27, 2020 Scheduling Order, the parties were originally required to complete fact discovery by April 30, 2021.[1]  On April 22, 2021, the Court extended the deadline for completion of discovery to May 14, 2021.[2]

On August 4, 2020, Plaintiffs served their Initial Disclosures listing only the "parties named in the Original Complaint in addition to Nuno Tuna" as individuals likely to have discoverable information.[3]  Plaintiffs did not disclose Cassamo, Brás, Fidalgo, or Farhinha and did not serve additional disclosures during the discovery period.

The 30(b)(6) deposition of Joe Friedheim took place on April 30, 2021, and the deposition of Plaintiff Iasmin Friedheim took place on May 5, 2021 and discovery was completed by May 14, 2021.

In spite of the Court's September 25, 2020 deadline for amending the pleadings, the Court's December 16, 2020 Order (ECF. No. 24) forbidding Plaintiffs from further amending, and the

---

[1] Sch. Order ¶ 6, at 3, ECF No. 15.
[2] Order 1, ECF No. 36.
[3] Pls.' Initial Disclosures Ex. 1 at 2.

passage of the *extended* discovery deadline, Plaintiffs filed a motion for leave to file a third amended complaint on May 27, 2021,[4] The new allegations were not supported by admissible evidence. On May 27, 2021—two weeks after the close of discovery—Plaintiffs served amended initial disclosures listing Cassamo, Tuna, and Brás.[5] At this time, Plaintiffs did not disclose Fidalgo and Farhinha, the address and telephone number of any of these individuals, or any information pertaining to the discoverable information held by any of these individuals.[6]

On June 22, 2021—almost six weeks after the close of discovery—Plaintiffs then served their second amended initial disclosures.[7] In the second amended initial disclosures, Plaintiffs disclosed Cassamo, Tuna, Brás, and Fidalgo but not Farhinha.[8] For the first time, Plaintiffs attached declarations containing the responsive information held by each individual listed above."[9]

On August 18, 2021, Plaintiffs served their Pretrial Disclosures to identify their may call witnesses as Cassamo, Tuna, and Warren V. Norred.[10] Plaintiffs also disclosed that, "[i]f the need arises," they "may also call" Brás, Fidalgo, and Farinha.[11] For all of these witnesses, this was the first time that Plaintiffs disclosed the addresses and telephone numbers of any of these individuals— except that Plaintiffs disclosed that the address and number for Tuna was still unknown.[12]

Plaintiffs have also indicated that Tuna, Brás, Fidalgo, and Farinha will all need Portuguese translators.[13]

---

[4] Pls.' Mot. for Leave to File Am. Compl., ECF No. 40.
[5] Pls.' [Am.] Initial Disclosures Ex. 2 at 2. (Note that this 2021 document is erroneously dated as 2020).
[6] *Id.*
[7] Pls.' Second Am. Initial Disclosures Ex. 3 at 1.
[8] *Id.*
[9] *Id.*; *see also id.* at 3–4 (Brás dec.); *id.* at 5–6 (Fidalgo dec.); *id.* at 7–8 (Tuna dec.); *id.* at 9–11 (Cassamo dec.).
[10] Pls.' Pretrial Discl. 2, ECF No. 60.
[11] *Id.*
[12] *Id.*
[13] Pls.' Witness List, ECF No. 72.

## ARGUMENT & AUTHORITIES

**I.     Legal standard.**

Generally, the Fifth Circuit has held that "testimony must be presented by the witness in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."[14] Federal Rule of Civil Procedure 43(a) states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.[15]

Moreover, the Advisory Committee Notes on the 1996 Amendment to Rule 43 clarify the requisite "good cause" and "compelling circumstances" cannot be justified by merely showing that it is "inconvenient for the witness to attend the trial."[16]

The Advisory Committee Notes on the 1996 Amendment to this rule provide, however, that "[o]ther possible justifications for remote transmission must be approached cautiously" because "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."[17] For several reasons, the Advisory Committee Notes on the 1996 Amendment to this rule explain that "[n]otice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying."[18]

---

[14] *Swearingen v. Gillar Home Health Care, L.P.*, 759 F. App'x 322, 323 (5th Cir. 2019) (citing Fed. R. Civ. P. 43(a)).
[15] FED. R. CIV. P. 43(a).
[16] FED. R. CIV. P. 43 advisory committee's notes to 1996 amendment.
[17] Id.
[18] Id.

**II.    Good Cause Does Not Exist for the Court Granting Leave as to Each of the Proposed Video Witnesses.**

Here, Plaintiffs have surprised Defendants with an entire slate of undisclosed witnesses. The Proposed Video Witnesses were not timely disclosed under Rule 26(a), and thus, the necessity for anticipating video conference testimony by these witnesses was not timely given to enable Defendants to arrange a deposition or secure an advance ruling on the method for the presentation of their testimony. Moreover, it the declarations from these proposed witnesses are any indication, these witnesses will not be testifying about anything relevant to live claims or defenses.

**A.    Plaintiffs Failed to Timely Disclose These Witnesses.**

Good cause does not exist for the Court to permit the Proposed Video Witnesses to appear and testify at trial via teleconference because the witnesses were not timely disclosed. Under Rule 26, a party is under an obligation to disclose the name, address, and telephone number of all witnesses it expects to call.[19] When a party fails to provide these mandatory initial disclosures, Rule 37(c) expressly directs the Court to exclude the undisclosed witnesses.[20] Specifically, Rule 37(c)(1) provides, "the party is not allowed to use [an undisclosed] witness . . . at a trial, unless the failure was substantially justified or is harmless."[21] In ruling on motions to strike testimony by late designated witnesses, the court considers the same four factors outlined above: (1) the explanation given for the failure to identify the witness; (2) the importance of the witness's testimony; (3) the prejudice to the opposing party if the witness is allowed to testify; and (4) the possibility that a continuance would cure potential prejudice.[22]

---

[19] FED. R. CIV. P. 26 (a)(3)(A)(i).
[20] FED. R. CIV. P. 37(c).
[21] FED. R. CIV. P. 37(c)(1).
[22] *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998); *Kelly-Fleming v. City of Selma*, No. SA-10-CV-675-XR, 2013 U.S. Dist. LEXIS 160790, at *2 (W.D. Tex. Nov. 9, 2013).

Here, Plaintiffs' failure to disclose the witnesses that it intends to call at trial has precluded Defendants from taking depositions of any of the Proposed Video Witnesses.[23] Defendants should not be required to accept Plaintiffs' characterization of these undisclosed fact witnesses via declaration nor video conference testimony without an opportunity to depose such witnesses.[24] Accordingly, allowing their testimony and appearances via video conference would not be harmless.

Further, the Court cannot permit these witnesses to testify in any capacity without seriously prejudicing Defendants.[25] Allowing Defendants to depose these witnesses at this late juncture would increase prejudice by awarding Plaintiffs for their late disclosures and occur at a time when trial is fast approaching.[26] Allowing these witnesses also prejudices Defendants in that they are deprived of an opportunity to prepare any counter witnesses to any testimony from the Proposed Video Witnesses; and that, in turn, could delay trial in this case even more than it already would be.[27] Accordingly, allowing these witnesses significantly prejudices Defendants.

Finally, the record supports an inference of bad faith in Plaintiffs' failure to disclose these witnesses. Much of the information was disclosed only in response to Defendants moving for summary judgment on all of Plaintiffs' claims.

And the delay in this case is not appropriately linked to COVID-19 as the but-for cause of the delay. Plaintiffs did not disclose these Proposed Video Witnesses until after the end of discovery

---

[23] *See Kelly-Fleming v. City of Selma*, 2013 U.S. Dist. LEXIS 160790, at *2.
[24] *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00071-JRG-RSP, 2020 U.S. Dist. LEXIS 132016, at *7 (E.D. Tex. July 26, 2020).
[25] *See Torres v. Sushi Holdings, Inc.*, 2021 U.S. Dist. LEXIS 100474, at *12 (S.D.N.Y. May 27, 2021).
[26] *See Mealey v. Gautreaux*, No. 3:16-CV-716-JWD-RLB, 2020 U.S. Dist. LEXIS 112369, at *7 (M.D. La. June 26, 2020) ("This is particularly true given the timing of Defendant's disclosure during the COVID-19 pandemic which has severely limited access to witnesses and disrupted the normal methods for the taking of depositions.").
[27] *See Santiago v. Franklin*, No. 15 CV 1856, 2021 U.S. Dist. LEXIS 45840, at *7-8 (N.D. Ill. Mar. 11, 2021).

in this case, after the close of amending pleadings in this case, and after the time for the parties to file dispositive motions. Plaintiffs' statement that these Proposed Video Witnesses will be traveling from foreign countries to testify at this trial is pure speculation contingent upon the Court permitting Plaintiffs leave to file a third amended complaint and Plaintiffs surviving Defendants' motion for summary judgment. Plaintiffs have failed to adequately address the requirements under the Court's scheduling order to avoid their exclusion—let alone for this Court to permit their testimony and do so via video conference means.[28] Accordingly, the Court should strike any of the undisclosed witnesses from testifying under Rule 37.

        **B. Plaintiffs' Requests for These Witnesses to Testify Remotely Solely Upon Inconvenience Should Be Denied.**

Plaintiffs have failed to establish any good cause or compelling circumstances justifying its purported representatives' need to remotely appear at trial.[29] Instead, the explanations submitted to the Court reflect the entirely foreseeable inconvenience to these witnesses of having to travel amidst COVID-19 travelling restrictions.[30] The primary basis for Plaintiffs' relief as to Tuna, Brás, Fidalgo, and Farinha is that "[t]he witnesses travel from Spain to the United States would pose a risk not only to their health but to the public health of the state of Texas."[31] These reasons without more, however, are "mere inconvenience or the expense or logistical difficulties associated with travel falls short of supplying the requisite good cause under Rule 43(a)."[32] Indeed, no intervening

---

[28] *See* Sch. Order ¶ 13, at 10, ECF No. 15.
[29] *See Stone Tech. (HK) Co. v. Glob. Geeks, Inc.*, No. 20-cv-23251, 2021 U.S. Dist. LEXIS 129960, at *5 (S.D. Fla. July 12, 2021).
[30] See id. at *5–6.
[31] Pls.' Mot. Leave Witnesses Appear Video Conf. ¶ 6, at 3, ECF No. 63.
[32] *Novello v. Progressive Express Ins. Co.*, No. 8:19-cv-1618-KKM-JSS, 2021 U.S. Dist. LEXIS 85014, at *4 (M.D. Fla. May 4, 2021); *Powers v. Target Corp.*, No. 19-cv-60922, 2020 U.S. Dist. LEXIS 39761, at *5–7 (S.D. Fla. Mar. 6, 2020) (concluding that plaintiff failed to establish good cause under Rule 43(a) where the "explanations submitted to the Court reflect[ed] the entirely foreseeable inconvenience" to the witness of

circumstances have occurred since the Court's Scheduling Order that would otherwise warrant remote testimony on a mere inconvenience for traveling ground.[33]

Further, Plaintiffs, in bringing this action, are responsible for bearing the burdens and costs of litigating their case, including costs and restrictions associated with securing travel and lodging.[34] Accordingly, to the extent Plaintiffs' witnesses require additional accommodations and time to ensure their availability to appear and testify at trial, Plaintiffs must bear the associated costs because this inconvenience is not the type of "good cause" or compelling circumstances" that would warrant granting Plaintiffs' Motion.[35]

Moreover, other than Cassamo, Plaintiffs have failed to provide the Court with any unexpected reason that would warrant its Proposed Video Witnesses' remote appearance.[36] Trial in this matter has been scheduled since July 27, 2020,[37] and Plaintiffs have been on notice of the need to travel and appear in person for these proceedings for a significant amount of time. Plaintiffs have not explained whether they informed Tuna, Brás, Fidalgo, and Farinha of the trial period and their need to ensure their appearance at this trial. In light of Plaintiffs' delay in providing notice of these witnesses, the delay in seeking this relief, and in the absence of compelling reasons to justify remote

---

"having to interrupt his busy schedule to attend trial in person" and explaining that the "inconvenience" of paying for a witness's travel and lodging expenses does not constitute the "type of 'good cause' or 'compelling circumstances' that would warrant granting Plaintiff's Motion").

[33] *See Ballesteros v. Wal-Mart Stores E., LP*, No. 2:19-cv-881-SPC-NPM, 2021 U.S. Dist. LEXIS 129008, at *2 (M.D. Fla. July 12, 2021) (denying remote appearance because "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition").

[34] *See Stone Tech. (HK) Co.*, 2021 U.S. Dist. LEXIS 129960, at *6.

[35] *Id.*

[36] *Id.*

[37] Scheduling Order ¶ 1, at 2, ECF No. 15.

appearance as to all of the Proposed Video Witnesses, the Court may and should deny Plaintiffs their request for these witnesses to appear and testify via teleconference under Rule 43(a).[38]

### C. Plaintiffs' Requests as to Cassamo Should Also Be Denied.

The Court should also deny Plaintiffs' request for Cassamo to appear and testify before the jury via video conference because the control exerted over Cassamo by the Plaintiffs and the tactical advantage that Plaintiffs seek by not producing Cassamo at the trial. Courts in the Fifth Circuit have adopted a five factor test to determine whether to permit a witness to testify remotely at trial, which include: (1) the control exerted over the witness by the party; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the party is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the party; and (5) the flexibility needed to manage a complex multi-district litigation.[39]

First, Plaintiffs have near complete control over whether Cassamo appears to testify at trial and Defendants have no control over Cassamo. As such, this factor favors denying video conference testimony.[40]

---

[38] *See Stone Tech. (HK) Co.*, 2021 U.S. Dist. LEXIS 129960, at *7; see also, e.g., *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2019 U.S. Dist. LEXIS 150094, at *3 (M.D. Fla. Mar. 26, 2019) (denying request to permit expert to testify remotely at trial, and explaining that the motion failed to indicate "whether Plaintiffs informed [the expert] of the trial period that was set almost a year ago and the importance of his availability to testify at trial . . . whether Plaintiffs could have reasonably foreseen availability conflicts . . . and what they did to ensure his appearance at trial"); *Bridges v. United States*, No. 3:15-cv-1248-J-25PBD, 2017 U.S. Dist. LEXIS 186787, at *3 (M.D. Fla. May 30, 2017) (denying request to permit parties to take trial testimony of expert witnesses where "Plaintiff has not explained why his witnesses have scheduled trips during the trial term and/or did not keep their schedules open during the trial term");
[39] *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006); see also *In re Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 195409, at *15 (N.D. Tex. Sep. 20, 2016).
[40] *See In re EpiPen*, No. MDL No: 2785, 2021 U.S. Dist. LEXIS 125939, at *40 (D. Kan. July 7, 2021).

Second, live testimony of Cassamo is necessary because Plaintiffs are relying on him to essentially contradict their prior sworn statements and his testimony is highly suspect. Cassamo is the son of Plaintiff Iasmin Friedheim, and she is likely to have a great influence on his testimony and provides a strong motive for him to give false testimony. Additionally, Cassamo appears to have an extensive criminal record that involved a crime of dishonesty to which he pleaded "nolo contendere."[41] Therefore, it is imperative that Cassamo actually face the accountability of the penalty of perjury if he were to testify in this case.

Thus, the Court should conclude that this factor also weighs in favor of avoiding self-serving testimony by an individual outside of the United States. As such, this favor favors denying video conference testimony.

Third, Plaintiffs will enjoy a tactical advantage by refusing to produce Cassamo live in person. At the outset, Defendants were unable to depose Cassamo due to Plaintiffs' delay in disclosing Cassamo as an individual with knowledge of relevant facts. As such, unlike the typical circumstance where a person must present testimony of a witness who another party may call to the standby deposition testimony, Defendants have been deprived of their opportunity to even depose Cassamo by Plaintiffs' conduct in this case.[42]

---

[41] Ex. 4, LexisNexis public information search results, at 11: Indicating that Cassamo committed an offence under Texas Penal Code § 42.06. This section of the penal code applies to filing a False Alarm or Report:
    (a) A person commits an offense if he knowingly initiates, communicates or circulates a report of a present, past, or future bombing, fire, offense, or other emergency that he knows is false or baseless and that would ordinarily:
        (1) cause action by an official or volunteer agency organized to deal with emergencies;
        (2) place a person in fear of imminent serious bodily injury; or
        (3) prevent or interrupt the occupation of a building, room, place of assembly, place to which the public has access, or aircraft, automobile, or other mode of conveyance.

[42] *Cf. Lea v. Wyeth Llc*, No. 1:03-CV-1339, 2011 U.S. Dist. LEXIS 171728, at *6–7 (E.D. Tex. Nov. 22, 2011) (concluding plaintiff failed to show good cause because "Lea's contention that she will be disadvantaged by

Further, the prejudice does not equally apply to both sides because Defendants have no mechanism to discover the basis of Cassamo's testimony before trial. The primary mechanism for Plaintiffs to have been able to offer Cassamo's testimony was via deposition transcript, and Plaintiffs' failure to obtain such testimony before trial does not satisfy Rule 43(a)'s good cause standard for now permitting such testimony for the first time remotely.[43] Plaintiffs cannot dispute that they could have sought to depose Cassamo, and Plaintiffs should not be afforded an opportunity to cure this deficiency merely by permitting witnesses who may decline to travel to this District for trial to appear and testify at trial via video conference.[44] Because Plaintiffs could have reasonably foreseen the circumstances offered to justify transmission of testimony, Plaintiffs cannot now show good cause and compelling circumstances merely after this need has ripened.[45] As such, this factor favors denying video conference testimony.

Fourth, the lack of any prejudice to the Plaintiffs exists. While Defendants do not challenge the risks presented by the COVID-19 global pandemic, the reasons for Cassamo's remote testimony does not indicate that his appearance in this District as opposed to his activities in Spain present a materially different risk for contracting COVID-19 or present any unique harm.[46] Further, the

---

presenting the deposition testimony of a witness whom Defendants may later call to the stand in their own case lacks merit")

[43] *See Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-cv-01247-HSG, 2021 U.S. Dist. LEXIS 66020, at *5 (N.D. Cal. Apr. 5, 2021) ("The Court finds this to be the 'ordinar[y]' case in which 'depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena.'").

[44] *See id.* at *5–6 ("To the contrary, this case presents the routine circumstance in which Plaintiffs were amply on notice that these witnesses might well decline to travel to this district for trial, and should have proceeded accordingly if they wanted deposition testimony beyond what now exists.").

[45] *See id.*

[46] See *McPeters v. Thomas*, No. 3:18-CV-39-CLC-HBG, 2021 U.S. Dist. LEXIS 50478, at *9 n.3 (E.D. Tenn. Feb. 24, 2021) (presenting testimony that witness's doctor "advised her not to travel anywhere unless she had to travel for treatment").

materiality of Cassamo's testimony poses a direct prejudice to Defendants more than Plaintiffs because the sole purpose of offering Cassamo's testimony is to invalidate Defendants' valid, registered copyrights. No appropriate safeguards are offered to remedy the prejudice presented by permitting Cassamo's testimony other than to permit Defendants' counsel an opportunity to cross Cassamo—especially where Plaintiffs have failed to request to present his testimony via video conference for months.[47] As such, this factor favors denying video conference testimony.

Fifth, the Court has a need to reasonably manage this case and Plaintiffs should not be permitted to transform this into a trial by surprise. While the Court needs flexibility to address certain issues pertaining to foreign individuals with knowledge pertaining to the product, the Court also needs to maintain control over this case based on the Plaintiffs' failure to follow the Court's case management order. At a minimum, this factor favors denying video conference testimony.

In balancing these factors, Defendants request that the Court conclude that Plaintiffs have failed to show good cause and compelling circumstances under Rule 43(a) for permitting the untimely disclosed Proposed Video Witnesses, including Cassamo, to appear and testify by video conference at this trial.

### D. Plaintiffs' have not demonstrated that they can accomplish this request.

Plaintiffs have offered no argument that they are even capable of overcoming the technical hurdles of coordinating international videoconferencing. Issues of bandwidth, latency, resolution, and general connectivity are compounded with international internet connections. The quality and reliability of the connections on both sides of the world are of paramount importance to make sure

---

[47] *See Benjamin v. Sparks*, 986 F.3d 332, 344 (4th Cir. 2021) (concluding that the district court did not abuse its discretion by excluding deposition testimony for undisclosed witnesses because "[v]ideo testimony is only permitted '[f]or good cause in compelling circumstances and with appropriate safeguards"—and then only at the district court's discretion").

the witnesses can be effectively cross examined and the jury can understand everything. These are even more important issues when interpreters are required. Plaintiffs have not even addressed these technical issues. Thus, there is no assurance that Plaintiffs' request to have video testimony is even feasible.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Permit Witnesses to Appear via Video Conference first and foremost, because Plaintiffs did not properly disclose the existence of most of these witnesses in the discovery period and should not be allowed to have them testify at all. Second, Plaintiffs have failed to show good cause and compelling circumstances—or even make the argument under the correct Rule as to each of the Proposed Video Witnesses. And because they have failed to provide a reasonable explanation for the failure to timely disclose such witnesses, they cannot demonstrate the importance of these witnesses testifying via video conference to overcome the burden and prejudice to Defendants.

Finally, the Plaintiffs have offered no explanation of how they propose to accomplish this video testimony from a technical standpoint, nor given any assurances that they will be able to coordinate live video testimony with translators with any of the technical competence required to replace live testimony.

Dated: September 8, 2021

Respectfully submitted,

*/s/ Brian Casper*
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24037685
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
Christian Cowart
Texas Bar No. 2410578
christian.cowart@klemchuk.com
**KLEMCHUK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: 214.367.6000
Facsimile: 214.367.6001

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that this document has been served on September 8, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Brian Casper*
Brian Casper