# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § | |
| IASMIN FRIEDHEIM, and § | |
| JF SOLUTIONS LTD., § | |
|    *Plaintiffs/Counter-Defendants* § | |
| § | |
| v. § | Civil Action No. 4:20-cv-335 |
| § | |
| THOMAS HOEBER and § | |
|    *Defendants/Counter-Plaintiffs* § | |
| HÖEBER MEDIA, LLC, § | |
|    *Intervenor* § | |

## PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26

TO: Defendants/Counter-Plaintiff Thomas Hoeber and Intervenor Höeber Media, LLC, by and through their attorney of record, Brian Casper, via his email address, brian.casper@klemchuk.com

Plaintiffs Joseph Friedheim, Iasmin Friedheim, and JF Solutions Ltd. serve these, their disclosures pursuant to FED. R. CIV. PRO. 26(a)(1)(A).

        Respectfully submitted,

        NORRED LAW, PLLC
        /s/ Warren V. Norred
        Warren V. Norred, Texas Bar No. 24045094
        wnorred@norredlaw.com
        C. Chad Lampe, Texas Bar No. 24045042
        chad@norredlaw.com
        515 E. Border Street; Arlington, Texas 76010
        Tel. (817) 704-3984; Fax. (817) 524-6686
        Attorney for Plaintiffs

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on August 4, 2020.

        /s/Warren V. Norred

## **RULE 26(a) RESPONSES**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

>All parties named in the Original Complaint in addition to Nuno Tuna.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

>Emails, text messages, instant messages, and other such correspondence between the named parties may be relied upon. All parties have access to said correspondence.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

>Plaintiffs seek attorney's fees and all costs of court, and a declaration regarding facts to provide to the Copyright Office.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

>None at this time.