# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § <br> IASMIN FRIEDHEIM, and § <br> JF SOLUTIONS LTD., § <br> *Plaintiffs/Counter-Defendants* § <br> § <br> v. § <br> § <br> THOMAS HOEBER and § <br> *Defendants/Counter-Plaintiffs* § <br> HÖEBER MEDIA, LLC, § <br> *Intervenor* § | Civil Action No. 4:20-cv-335 |

# PLAINTIFFS' AMENDED DISCLOSURES PURSUANT TO RULE 26

TO: Defendants/Counter-Plaintiff Thomas Hoeber and Intervenor Höeber Media, LLC, by and through their attorney of record, Brian Casper, via his email address, brian.casper@klemchuk.com

Plaintiffs Joseph Friedheim, Iasmin Friedheim, and JF Solutions Ltd. serve these, their amended disclosures pursuant to FED. R. CIV. PRO. 26(a)(1)(A).

Respectfully submitted,

NORRED LAW, PLLC
/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
C. Chad Lampe, Texas Bar No. 24045042
chad@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

CERTIFICATE OF SERVICE - I certify that the above was served on Brian Casper, counsel for Defendant/Counter-plaintiffs via email on June 22, 2021.

/s/Warren V. Norred

**RULE 26(a) RESPONSES**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

All parties named in the Original Complaint in addition to the following:

Nuno Manuel Valente Rodrigues Maldonado Tuna
Marina Duarte Brás
Luis Afonso Fidalgo
Minez Cassamo Velgi, a.k.a., Kini Cassamo

Declarations containing the responsive information held by each individual listed above are attached hereto.

Individuals listed above may be contacted through counsel for Plaintiffs.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Emails, text messages, instant messages, and other such correspondence between the named parties have been provided in response to discovery requests.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

Plaintiffs seek attorney's fees and all costs of court.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None at this time.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § <br> IASMIN FRIEDHEIM, and § <br> JF SOLUTIONS LTD., § <br> *Plaintiffs/Counter-Defendants* § <br> § <br> v. § <br> § <br> THOMAS HOEBER and § <br> *Defendants/Counter-Plaintiffs* § <br> HÖEBER MEDIA, LLC, § <br> *Defendant/Intervenor* § | Civil Action No. 4:20-cv-335 |

Pursuant to 28 U.S. Code § 1746, I, Marina Duarte Brás, a citizen of Portugal and current resident in Óbidos, Portugal, hereby declare under penalty of perjury that every statement in this declaration is within my personal knowledge and is true and correct as following:

1. I write this declaration in reference to Civil Action No. 4:20-cv-335 as referenced above.

2. I, Marina Duarte Brás, in my capacity of Managing Partner of Frutóbidos Unipessoal, Lda., a company incorporated and existing under the laws of Portugal ("Frutóbidos"), do hereby declare that JF Solutions is the exclusive Importer of our product labeled Ginja D'Obidos – Vila das Rainhas, in the United States of America, and that it is the soul authorized entity to use and to trade upon our goods and our trademark "Vila das Rainhas" in that territory, and that Frutóbidos never authorized or entrusted any other company or individual to use and trade on its goods and trademark in the United States of America.

3. I further declare that Frutóbidos had authorized JF Solutions, to make a restyle of "Vila das Rainhas" label to make it more adjustable and appealing to the American market, what was suggested by Mr. Kini Cassamo, who at the time collaborated with JF Solutions. There were several meetings held with Mr. Kini Cassamo, on behalf of JF Solutions, in 2015 and 2016, during the process of executing the label restyling proposals and to obtain our approvals. Mr. Cassamo also worked on resourcing suppliers of materials

Statement of Marina Duarte Brás            Page 1

      with our assistance, selecting materials and negotiating with suppliers, and creating the prototypes among other responsibilities.

4. It has only recently come to my attention that, Mr. Cassamo registered in his own name the label prototypes he performed on behalf of JF Solutions in 2016, with the copyright registry in Lisbon, Portugal, the General Inspection of Cultural Activities ("IGAC"), the Portuguese Government Agency responsible for the registration of copyright protection, under the Portuguese Ministry of Culture. The registration is dated May 19, 2016 and identified as registration no. 1971/2016 and with the description: PROJECTOS CRIATIVOS DE KINI CASSAMO. In addition, I have also been recently informed that the copyrights in question have been fully transmitted to JF Solutions.

5. I met Thomas Hoeber while he was traveling in Portugal with Joseph and Iasmin Friedheim. He attempted to convince me to change the labels of "Vila das Rainhas", but I refused to accept his suggestions.

I swear under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on June 14, 2021.

Signature _____

Marina Duarte Brás
Frutóbidos Unipessoal, Lda.
Company C.E.O.

Statement of Marina Duarte Brás    Page 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSEPH FRIEDHEIM,** | § | |
| **IASMIN FRIEDHEIM, and** | § | |
| **JF SOLUTIONS LTD.,** | § | |
| *Plaintiffs/Counter-Defendants* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-335 |
| | § | |
| **THOMAS HOEBER and** | § | |
| *Defendants/Counter-Plaintiffs* | § | |
| **HÖEBER MEDIA, LLC,** | § | |
| *Defendant/Intervenor* | § | |

Pursuant to 28 U.S. Code § 1746, I, Luis Afonso Fidalgo, a citizen of Portugal and residing in Torres Vedras, Portugal, hereby declare under penalty of perjury that every statement in this declaration is within my personal knowledge and is true and correct as following:

1. I write this declaration in reference to Civil Action No. 4:20-cv-335 as referenced above.

2. I, Luis Afonso Fidalgo, in my capacity of CEO of On Flavours, Lda., a company incorporated and existing under the laws of Portugal ("On Flavours, Lda."), do hereby declare and expose the facts that took place, with reference to communications held with Mr. Thomas Hoeber.

3. In November of 2018, through Mr. Pedro Bettencourt, my business partner, Mr. Francisco Miguel Farinha, was introduced to both Mr. Joseph Friedheim and Mr. Thomas Hoeber from JF Solutions Ltd. Co., and a discussion was initiated with the objective of establishing a business collaboration between our company and JF Solutions. This possible collaboration involved mixing the Gin from our Distillery with the Ginja D'Obidos – Vila das Rainhas, already being imported by JF Solutions, which my business partner welcomed with much enthusiasm.

4. In 2019, Mr. Thomas Hoeber was in Portugal on his own, and requested a meeting with my business partner, Mr. Francisco Miguel Farinha to discuss in more detail the plans to forge a business agreement with JF Solutions. Mr.

Thomas Hoeber informed my partner that Mr. Friedheim was taken very ill and that his health condition was critical, and due to the circumstances, Mr. Thomas Hoeber was taking over JF Solutions. As soon as my business partner shared that information with me, I became shocked with the news and consulted immediately with the Producer, Mrs. Marina Duarte Brás, owner of the Ginja D'Obidos – Vilas das Rainhas, Frutóbidos, to obtain clarification and to confirm the information given to us by Mr. Thomas. Mrs. Marina Duarte Brás denied that information to be true, soon after she had spoken with Mrs. Iasmin Friedheim, who completely denied it to be true, and it became very clear that Mr. Hoeber was attempting to profit from a misrepresentation and acting fraudulently. Consequently, both of us and Mrs. Marina Duarte Brás stopped answering to any of Mr. Thomas's requests for information and we seized all communications with him.

I swear under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on June 14, 2021.

Signature _____
Luis Afonso Fidalgo
On Flavours, Lda.
CEO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, <br> IASMIN FRIEDHEIM, and <br> JF SOLUTIONS LTD., <br> *Plaintiffs/Counter-Defendants* | § § § § § | |
| v. | § § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER and <br> *Defendants/Counter-Plaintiffs* <br> HÖEBER MEDIA, LLC, <br> *Defendant/Intervenor* | § § § § § | |

Pursuant to 28 U.S. Code § 1746, I, Nuno Manuel Valente Rodrigues Maldonado Tuna, a citizen of Portugal and current resident in Lisbon, Portugal, hereby declare under penalty of perjury that every statement in this declaration is within my personal knowledge and is true and correct as following:

1. I write this declaration in reference to Civil Action No. 4:20-cv-335 as referenced above.

2. I was contacted by Mr. Kini Cassamo in 2015, for whom I had worked previously in London, United Kingdom, to perform graphic technical design for JF Solutions Ltd. Co., under his supervision and instructions. The work that I performed was only and strictly, for the use of JF Solutions Ltd. Co., an exclusive importer of a traditional Portuguese liqueur "Ginja D'Obidos - Vila das Rainhas". My tasks included the following:

    a. Technical graphic execution of front and back labels, label placement, bottle neck seal coat, bottle simulations, bottle specifications, and bottle packaging;

    b. Technical graphic execution of company logo, business cards, stationery material, presentations and proposals, printable material, and their applications.

3. In June 2019, I was approached by Mr. Thomas Hoeber, whom I believed was an agent of JF Solutions and a close friend of the Friedheim family. Mr. Hoeber represented to me that the Friedheims were retiring and wished for Mr. Hoeber to take over the business, JF Solutions. Mr. Hoeber asked me to sign documentation transferring all rights I possessed regarding the copyrights of the work I performed for JF Solutions to him. Though my believe was I owned no copyright entitlement nor authorship to any of the work I had presented to Mr. Kini Cassamo, for the JF Solutions designs. I also believed that the simplest way to eliminate any dispute and ambiguity regarding the copyright ownership was to assign all rights to JF Solutions. I signed the documentation provided to me based on Mr. Hoeber's representations to me that he was acting as an agent for JF Solutions, and not realizing that he had parted ways with the Friedheims and did not represent them or JF Solutions.

4. I have no financial claim against Joe and Iasmin Friedheim, or their business, JF Solutions. Thomas Hoeber made misrepresentations to me, and I acted on those misrepresentations when I assigned the copyrights to him.

I swear under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on June 8, 2021.

Signature _____
Nuno Manuel Valente Rodrigues Maldonado Tuna

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, <br> IASMIN FRIEDHEIM, and <br> JF SOLUTIONS LTD., <br> *Plaintiffs/Counter-Defendants* <br><br> v. <br><br> THOMAS HOEBER and <br> *Defendants/Counter-Plaintiffs* <br> HÖEBER MEDIA, LLC, <br> *Defendant/Intervenor* | § § § § § § § § § § § § | Civil Action No. 4:20-cv-335 |

Pursuant to 28 U.S. Code § 1746, I, Minez Cassamo Velgi, also known as Kini Cassamo, a citizen of Portugal and current resident in San Sebastian, Spain, hereby declare upon penalty of perjury and based on my own personal knowledge the following:

1. I write this declaration in reference to Civil Action No. 4:20-cv-335 as referenced above.

2. I am the son of Iasmin Friedheim, the majority owner of JF Solutions Ltd., who employed me in 2015 as Creative Director, Product Development Manager, Research Manager, Procurement and Market Strategy Manager, but also included the following work descriptions:

    a. Product and market research, consumer trends/demands analyses, industry research, study of competitors, geographical research of potential distributors, and identifying target consumers;

    b. Design of labels, packaging, printable material, product and branding, logos and stationery, website structure and content design, press communications;

    c. Strategic sourcing and procurement of materials for prototypes and for final production;

    d. Evaluation of liqueur making production infrastructures, capabilities and quality control systems, product laboratory analyses and compliance certificates for the import/export market;

 e. Cost assessments and price negotiation with liqueur producers, suppliers, logistics costs assessment, determine trade and retail prices with cost-benefit analysis and future sales forecasts;

 f. Assisting with import approvals, including work with the Alcohol and Tobacco Tax and Trade Bureau and U.S. Food & Drug Administration, researching and supplying relevant information to obtain required documentation; and,

 g. Business planning and marketing, sales strategies developing future promotional campaigns and events, import/export legal compliance.

3. I affirm that Mr. Nuno Tuna Maldonado (also known simply as "Nuno Tuna") has neither authorship nor any known entitlement to the copyrighted materials commissioned by JF Solutions Ltd. Furthermore, he never has had, at any time during the process of creation of the copyrighted material, been responsible for any creative aspect, whether research or development, marketing, procurement, negotiation, or any other way associated with the creation of the final product.

4. After completing my work for JF Solutions, I moved to Spain for health conditions and have undergone a series of exams over a long period.

5. Mr. Nuno was an old acquaintance of mine who had previously worked for me under my strict instructions and supervision at my previous company in London, United Kingdom. I approached Mr. Nuno in Lisbon with a new project and asked him to do technical work for me as a subcontracted technical graphic designer.

6. I paid him in cash at his request due to his problems with the Portuguese Internal Revenue Services for overdue back taxes.

7. I supervised Nuno's work vigilantly. I gave him all the creative directive instructions and told him how to execute them technically. I sat with him for hours on end and spent long days and nights working on the project. Nonetheless, it became clear to me that every time I stepped away, nothing was being accomplished, and that I would not be able to achieve completion within the time frame established and agreed by JF Solutions Ltd.

8. After repeatedly attempting to work with Nuno for weeks, he never completed the work or complied with my requested instructions, and I decided to end the work agreement.

9.  Within four days, I subcontracted another technical graphic designer, Ms. Diana Jorge Trigo, to do the same technical work under my supervision. Trigo worked for a children's book publishing company as an illustrator. Trigo and I worked long hours after her normal eight-hour job and on weekends, to complete the project. The remuneration agreement with her was also in cash, which included an hourly rate paid weekly. I was finally able to complete my project approximately two and a half weeks later.

10. Neither the Defendants, Thomas Hoeber and Hoeber Media, LLC, nor Nuno Tuna Maldonado, have contributed to the authorship or to any creative aspect of these works. It was always understood between us that Tuna was merely digitizing the works and performing mechanistic tasks regarding my creative work. At no time did Tuna do anything that would suggest that he was claiming to have ownership in any production concerning JF Solutions, Ltd.

11. I performed all the artistic and creative work connected to the this project, and registered my copyright in these works with the IGAC, which is the Portuguese government agency responsible for intellectual property protection, under the Portuguese Ministry of Culture. A copy of the registry is attached as Exhibit A and dated May 19, 2016, identified with the register no. 1971/2016 and with the description: PROJECTOS CRIATIVOS DE KINI CASSAMO --Proc. No. 1971/2016.

12. I have also attached other documents which I obtained while protecting these documents, which also includes translations to English, and notary recognitions:

   a) The receipt for the registration dated 2016/05/19.

   b) Certificate of official translations and sworn interpreter appointed by the Spanish Ministry of Foreign affairs, with notary recognition.

   c) Official notary recognition of copyrights registration, sworn declaration and copyright assignment.

   d) Official notary recognition of my passport and personal I.D. card.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on March 09, 2021,

Signature _____
Minez Cassamo Velgi a.k.a. Kini Cassamo