## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS, LTD.,** | § § § § | |
| **Plaintiffs/Intervenor-Defendants,** | § § | |
| **v.** | § § | **Civil Action No.  4:20-cv-0335-O** |
| **THOMAS HOEBER,** | § § | |
| **Defendant,** | § § | |
| **HÖEBER MEDIA, LLC,** | § § | |
| **Defendant/Intervenor-Plaintiff.** | § | |

## ORDER

Before the Court are the following filings: Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 40), filed May 27, 2021; Defendants' Response (ECF No. 45), filed June 15, 2021; Plaintiffs' Reply (ECF No. 47), filed June 29, 2021; Plaintiffs' Motion for Leave to File Surreply in Support of Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 53), filed July 23, 2021; Defendants' Response (ECF No. 58), filed August 10, 2021; Defendants' Motion for Summary Judgment (ECF No. 41), filed May 31, 2021; Plaintiffs' Response (ECF No. 46), filed June 21, 2021; and Defendants' Reply (ECF No. 48), filed July 6, 2021.

Having considered these filings, Plaintiffs' Motion for Leave to File Third Amended Complaint is **DENIED,** Plaintiffs' Motion for Leave to File Surreply is **DENIED,** and Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.**

## I.    BACKGROUND[1]

This is a lawsuit where each party accuses the other of obtaining copyright registrations through unscrupulous means. Now, each party seeks a declaration invalidating the other party's copyright and a ruling on underlying substantive claims for relief.

Because Plaintiffs seek to amend their live complaint, a review of various procedural events is necessary before addressing Defendants' request for judgment as a matter of law. On July 27, 2020, the Court entered a scheduling order to govern this case. Scheduling Order, ECF No. 15. It set September 25, 2020 as the deadline for the parties to file amended pleadings. *Id.* Plaintiffs filed an amended complaint on July 16, 2020. First Am. Compl., ECF No. 12. With leave of Court, Plaintiffs filed a second amended complaint on August 10, 2020. Second Am. Compl., ECF No. 18. On December 16, 2020, the Court denied Plaintiffs' request for leave to amend the second amended complaint. Order 19–20, ECF No. 24.

On May 27, 2021, Plaintiffs filed a motion for leave to file a third amended complaint that caused a cascade of related filings. Mot. for Leave, ECF No. 40. First, Defendants filed a response on June 15, 2021, to which Plaintiffs replied on June 29, 2021. Resp. and Reply, ECF Nos. 45, 47. Then, on July 23, 2021, Plaintiffs filed a surreply in support of their motion for leave to file an amended complaint. Proposed Surreply, ECF No. 50. Defendants objected to this surreply because Plaintiffs failed to first seek leave as is required by Local Rule 7.1. N.D. Tex. L.R. 7.1; Resp. to Mot. for Leave, ECF No. 51. Attempting to remedy these objections, Plaintiffs filed a motion to withdraw the surreply, immediately followed by a motion for leave to file the surreply. Mot. to Withdraw and Mot. for Leave, ECF Nos. 52, 53. On August 10, 2021, Defendants filed a response to the motion for leave to file surreply. Resp. to Pls.' Mot. for Leave, ECF No. 58. Finally, it is

---

[1] A detailed background of the factual circumstances giving rise to this litigation may be found in the Court Order (ECF No. 24), entered on December 16, 2020, and will not be repeated here.

important to note that this case was originally set for trial on September 27, 2021.[2]

## II.   DISCUSSION

Before addressing the merits of Defendants' motion for summary judgment, the Court first evaluates Plaintiffs' motions for leave to file a third amended complaint and leave to file a surreply.

### A.  Plaintiffs' Motion for Leave to File Third Amended Complaint

The Federal Rules of Civil Procedure permit plaintiffs to amend their pleadings once as a matter of course within twenty-one days after a motion to dismiss under Rule 12(b) is filed. Fed. R. Civ. P 15 (a)(1)(B). Generally, courts should "freely give leave when justice so requires." *Id.* at 15(a)(2). After a scheduling order deadline has passed however, Rule 16(b) governs because amending the pleadings would require modification of the scheduling order. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). In such a case, the movant must first show good causes exists to modify the scheduling order before the more lenient standard of Rule 15(a) applies to the decision to grant or deny leave. *Id.*

Courts in the Fifth Circuit apply a four-factor analysis when deciding motions for leave to amend pleadings. *Id.* Under this analysis, leave should be denied when there is: "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) the amendment would be futile." *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)) (citations omitted).

Applying this analysis here, the first factor weighs against permitting an amendment because the request is untimely and would cause undue delay if granted. Mot. for Leave, ECF No. 40. The motion was filed on May 27, 2021, more than eight months after the deadline for leave

---

[2] The Court cancelled the trial date so the parties did not have to continue to expend resources while this Order was finalized. In light of this Order, the parties are to meet, confer, and propose potential trial dates.

to amend passed, after the close of discovery, and shortly before the trial date. *Id.* Plaintiffs claim this delay was caused by difficulty with family relations and communications. *Id.* at 4. While Plaintiffs state they are open to a continuance to allow further discovery and to avoid prejudicing Defendants, they have stopped short of moving for additional time. *See id.* Plaintiffs also fail to persuasively argue how granting the requested motion for leave did not interfere with the September 27, 2021 trial date. *See id.* Nevertheless, the trial date was cancelled to resolve the dispositive motions. Accordingly, the Court finds this ground is neutral.

Under the second factor – bad motive or dilatory intent – there is no suggestion of bad faith by Plaintiffs but granting their motion would have a dilatory effect on the proceedings. While Plaintiffs' arguments are unpersuasive and contain misstatements,[3] the Court does not find Plaintiffs acted in bad faith or with ill intent in filing the motion.

The third factor – repeated failure to cure deficiencies – also weighs against Plaintiffs. Here, Plaintiffs have twice amended their complaint, but these amendments have failed to cure deficiencies in the pleadings. *See* First Am. Compl., ECF No. 12; Second Am. Compl., ECF No. 18. As noted above, the Court denied Plaintiffs' previous request to file a third amended complaint. Order, ECF No. 24. Plaintiffs current proposed amendment also attempts to add a claim for a declaratory judgment akin to the state-law cause of action that the Court previously dismissed. *Id.* In its previous Order, the Court reasoned Plaintiffs had "sufficient opportunity to amend the pleadings to state a claim and further amendment would be futile and only serve to delay the resolution of this matter." *Id.* This reasoning persists.

The final factor, futility, also weighs against Plaintiffs. A proposed amended complaint is

---

[3] In the motion, Plaintiffs argue that the "proposed amendment to the complaint adds no new claims[,]" but this is incorrect. Mot. for Leave, ECF No. 53. Plaintiffs' proposed amended complaint adds claims for common law and statutory fraud, which were not causes of actions alleged in previous complaints. *Compare* Second Am. Compl, ECF No. 18 *with* Proposed Third Am. Compl. 20–21, ECF No. 40-1.

futile when it fails to state a claim under Rule 12(b)(6). *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Supporting a finding of futility, the proposed third amended complaint would add claims akin to those previously dismissed. Order, ECF No. 24; *compare* Second Am. Compl, ECF No. 18 *with* Proposed Third Am. Compl. 20–21, ECF No. 40-1. The Court, therefore, **DENIES** Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 41).

### B.  Plaintiffs' Motion for Leave to File Surreply

Next, the Court turns to Plaintiffs' request to file a surreply. As stated above, Plaintiffs first filed a surreply without seeking leave, then withdrew it and sought leave to file it. *See* Surreply and Mots., ECF Nos. 50, 52–53. Defendants oppose this request. Resp., ECF No. 58. Plaintiffs' proposed surreply purports to be filed in support of its motion for leave to file an amended complaint and in opposition to Defendants' motion for summary judgment. Mot. for Leave, ECF No. 53. Neither will be permitted.

The primary purpose of a reply brief is to give the movant the final opportunity to be heard and "to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (quoting *Pennsylvania Gen. Ins. Co. v. Story*, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003)) (emphasis omitted). Leave for the nonmovant to then file a surreply is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Id.* Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* N.D. Tex. L.R. 7.1. Thus, the movant is entitled to file the last pleading. *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Surreplies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Id.* A party may request leave to file pleadings beyond Local Civil Rule 7.1 by invoking an exception under

Local Rule 56.7. *See* N.D. Tex. L.R. 7.1, 56.7.

Here, Plaintiffs have not met their burden of showing such exceptional circumstances exist. Plaintiffs argue the surreply responds to the "Reply's new arguments not previously presented." Mot. for Leave 1, ECF No. 53. This is unpersuasive. Defendants' reply objected to exhibits attached to Plaintiffs' response and offered exhibits in support. *See* Reply, ECF No. 48. Plaintiffs' motion fails to identify new legal theories raised in the reply. *Id.* The sole exception is Plaintiffs' contention that Defendants made a "new leap of logic that any statement made deliberately and wrong must inexorably be a deliberate misstatement." *Id.* Plaintiffs failed to cite any evidence or authority that this purported "leap of logic" constitutes a new legal theory. *Id.* Nor does the motion specify any new evidence offered in the reply that would warrant a surreply. *Id.* Rather, the motion concludes with a single sentence stating that "Plaintiffs have provided new arguments warranting leave to file their Surreply." *Id.* The Court finds that Plaintiffs have not demonstrated that they are entitled to file the proposed surreply. Regardless, the Court does not consider arguments raised for the first time in a reply brief, so Plaintiffs will not be prejudiced by not filing a surreply. Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File Surreply (ECF No. 53) and **DENIES as moot** Plaintiffs' Motion to Withdraw Surreply (ECF No. 52).

### C. Defendants' Motion for Summary Judgment

1. <u>Legal Standard</u>

Summary judgment should be granted when the pleadings and evidence show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the Court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, courts must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The Court cannot make a credibility determination considering conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If there is support for disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court would deny the motion. *Id.* at 250.

Defendants move for summary judgment on several grounds.[4] Mot. Summ. J., ECF No. 41. Specifically, they argue Plaintiffs cannot establish the essential elements of their Deceptive Trade Practices Act ("DTPA"), fraud, or copyright invalidity claims, nor can Plaintiffs prove any damages arising from these claims. *Id.* Defendants also move for judgment as a matter of law on their affirmative claim seeking to invalidate Plaintiffs' copyright. *Id.* And finally, Defendants seek to recover attorneys' fees as the "prevailing parties" on Plaintiffs' copyright infringement claim that Plaintiffs dismissed while Defendants had a pending motion to dismiss on file. *See id.*

---

[4] The Court previously dismissed some of Plaintiffs' previously asserted claims. *See* Order, ECF No. 24. After that order, Plaintiffs' live complaint included a claim for a DTPA violation, fraud committed during a copyright assignment, and a declaration invalidating Höeber Media's copyright. Defendants' motion for summary judgment seeks judgment on all of Plaintiffs' remaining claims.

2. <u>Defendants' Objections to Plaintiffs' Proffered Evidence</u>

Before addressing the merits of Defendants' motion for summary judgment, the Court will consider Defendants' objections to the declarations offered by Plaintiffs. Reply, ECF No. 48. Defendants' objection that the declarations offered by Plaintiffs are "sham" testimony is without merit. *Id.* at 2–3. The "sham affidavit doctrine prevents a party *who has been deposed* from introducing an affidavit that contradicts *that person's deposition testimony* without explanation because "a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Free v. Wal-Mart Louisiana, L.L.C.*, 815 F. App'x 765, 766 (5th Cir. 2020) (quoting *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000)) (emphasis added). Thus, to be a sham, a declaration must contradict the declarant's *own* prior testimony. *Id.*

Here, the declarants had not previously submitted any sworn statements or been subjected to depositions. *See* Reply, ECF No. 48. Thus, the declarations do not constitute sham testimony and Defendants' objections on this point are overruled. *See Doe ex. rel. Doe.* 220 F.3d at 386.

a.  Declaration of Marina Duarte Brás

Defendants raise several objections to the declaration of Marina Duarte Brás. *See* Brás Decl., ECF No. 46-1, Ex. 1. First, Defendants object that Plaintiffs failed to timely disclose Brás as a person likely to have discoverable information, nor has she been subject to discovery or questioned in a deposition. *Id.* Defendants also object that her statements regarding Cassamo's alleged copyright were not based on personal knowledge. *Id.* Defendants' objection points to the line in her declaration stating the facts "recently came to [her] attention," or that she was "recently informed" about the substance of these statements. *Id.*

Under Federal Rule of Civil Procedure Rule 37(c)(1), when parties fail to timely identify a witness as required by Rules 26(a) or 26(e)(1), they are not permitted to use as evidence on a

motion any witness or information that was not properly disclosed. Fed. R. Civ. P. 37(c)(1). Further, under Federal Rule of Evidence Rule 602, a witness may testify to a matter only if that witness is shown to have personal knowledge on that matter. Fed. R. Evid. 602.

Accordingly, the Court sustains Defendants' objection that Plaintiffs failed to timely disclose Brás. Plaintiffs are, therefore, not permitted to use the Brás declaration in opposition to Defendants' motion. *See* Fed. R. Civ. P. 26(a), 26(e)(1), 37(c)(1); *See* Brás Decl., ECF No. 46-1, Ex. 1. Additionally, Plaintiffs would not be able to use the portion of the Brás declaration that are qualified by phrases stating that facts "recently came to [her] attention" or about which she was "recently informed" because the statements are not based on her personal knowledge. *See* Fed. R. Evid. 602; *see* also  Brás Decl., ECF No. 46-1, Ex. 1.

  b.  Declaration of Luis Afonso Fidalgo

Defendants also object to the declaration of Luis Afonso Fidalgo. *See* Fidalgo Decl., ECF No. 46-1, Ex. 2. First, Defendants object that Fidalgo was not timely disclosed as having discoverable information, nor was he subject to discovery or questioned in a deposition. *See* Reply, ECF No. 48. Defendants also object to Fidalgo's declaration on the grounds that he includes statements not based on his personal knowledge and that some statements constitute hearsay. *Id.* Specifically, Defendants point out that paragraph four of the declaration is prefaced by "Hoeber informed my partner . . . ." Fidalgo Decl. ¶ 4, ECF No. 46-1, Ex. 2; Reply, ECF No. 48. Defendants argue that this introductory qualifier renders the rest of the sentence as inadmissible hearsay. *See* Reply, ECF No. 48. Defendants are correct. Accordingly, the Court sustains Defendants' objections to this exhibit based on Plaintiffs' failure to timely disclose this declarant, the declarant's lack of personal knowledge, and the declarants' reliance on hearsay. *See* Fed. R. Evid. 602, 801; Reply, ECF No. 48.

### c. Declaration of Nuno Tuna

Defendants raised several objections to the declaration of Nuno Manuel Valente Rodriguez Maldonado, ("Tuna"). Tuna Decl., ECF No. 46-1, Ex. 3.

Defendants first object to hearsay statements in the declaration's third paragraph, arguing that Tuna claims to be relaying statements Höeber made to him. *Id.* The Court overrules this objection because Tuna purports to relay a statement from an opposing party, which is non-hearsay. *See* Fed. R. Evid. 801(d)(2). The Court overrules Defendants' relevance objection to Tuna's statement. The assignment conveyed whatever Tuna owned. That he "believed [he] owned no copyright entitlement nor authorship to the work" is probative as to whether he was unable to convey ownership, to the extent that issue is in dispute. *See* Fed. R. Evid. 401; *see also* Defs.' Appx., ECF No. 43, Ex. C; Reply 9, ECF No. 48.

Finally, Defendants object that Tuna's declaration constitutes parol evidence contradicting the earlier copyright assignment from Tuna to Höeber Media. Reply, ECF No. 48. The parol evidence rule bars evidence offered to give a contract a meaning different from that which its language imparts. *Sivertson v. Citibank, N.A.*, No. 4:18-cv-169, 2019 U.S. Dist. LEXIS 104506, at *17–18 (E.D. Tex. Apr. 19, 2019) (citing *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008)). The parol evidence rule "is not a rule of evidence, but a rule of substantive law," *Johnson v. Driver*, 198 S.W. 3d 359, 364 (Tex. App.—Tyler 2006), and "[e]vidence admitted in violation of the rule is incompetent and without probative force, and it cannot properly be given legal effect." *Ross v. Stinnett*, 540 S.W.2d 493, 495 (Tex. Civ. App.—Tyler 1976) (quoting *Miami Petroleum Co. v. Neal*, 333 S.W.2d 876, 879 (Tex. Civ. App.—El Paso 1960, writ ref'd n.r.e.)).

Defendants object that Tuna's declaration includes parol evidence to the extent it contradicts the terms of the earlier assignment agreement. *See* Copyright Assignment, Defs.' Mot.

to Dismiss Second Am. Compl., Ex. A, ECF No. 21-1. Tuna's declaration states he was contracted by Plaintiffs through Cassamo to create the label and worked under their supervision, then explains how he was led to assign his interest to Höeber Media. Tuna Decl., ECF No. 46-1, Ex. 3. The assignment agreement states that he is the sole author and that he assigns his interest to Hoeber Media. *See* Defs.' Appx. Ex. C, ECF No. 43. The Court finds Tuna's statements are not necessarily inconsistent with the terms of the assignment. That is, Tuna could have performed the work in the manner described in his declaration, and still ostensibly been the sole author if he was not Plaintiffs' employee and was not operating under a work-for-hire agreement. *See* 17 U.S.C. § 201. Accordingly, the Court overrules Defendants' parol evidence objection.

### 3. Defendants' Motion for Summary Judgment on Plaintiffs' Deceptive Trade Practices Act Claim is Granted

Turning to Defendants' motion for summary judgment, Plaintiffs allege Hoeber violated the DTPA by misrepresenting the nature of his relationship with JFS, and these statements induced Tuna to assign his copyrighted property to Höeber Media. Second Am. Compl., ECF No. 18. As detailed below, Defendants move for summary judgment arguing Plaintiffs are not "consumers" under the DTPA in this instance and that Plaintiffs failed to articulate any damages.

To prevail on a DTPA violation claim, Plaintiffs must prove: (1) they are "consumer," as defined in the statute; (2) that defendant violated a specific provision of the statute; and (3) the violation was the producing cause of the plaintiffs' actual damages. *See Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.,* 313 F.3d 899, 907 (5th Cir. 2002) (applying Texas law). Under the DTPA, a "consumer" is defined as "an individual, partnership, corporation . . . who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4); *Hopkins v. Green Dot Corp.*, No. 5:16-cv-365-DAE, 2016 U.S. Dist. LEXIS 112799, at *11 (W.D. Tex. Aug. 24, 2016) (citing *The Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 538–39

(Tex. 1981)). This in turn requires that "the goods or services purchased or leased must form the basis of the complaint." *Id.* at \*11–12 (quoting *Cameron*, 618 S.W.2d at 539).

Defendants argue Plaintiffs lack standing to sue under the DTPA because they are not "consumers," as defined by the statute based on the facts at issue in this case. *See* Tex. Bus. & Com. Code Ann. § 17.45(4); Mot. Summ. J. Br., 11–12, ECF No. 42. Defendants argue Plaintiffs did not seek or acquire goods or services from Defendants, nor were Plaintiffs party to the copyright assignment from Tuna to Defendants that forms the basis for their DTPA claim. *See id.* Defendants further argue "Tuna's design of the label" was merely ancillary to the underlying copyright assignment, as well as the accompanying fraud. *See id.* at 12–13.

Plaintiffs counter that "Defendants fail to recognize that Hoeber's misrepresentations were [made] to an agent of JFS," referring to Tuna. Resp. 16, ECF No. 46. Plaintiffs claim there is evidence showing Tuna was Plaintiffs' agent when Hoeber allegedly made his misrepresentations. *Id.* Plaintiffs accordingly urge the Court to construe Hoeber's statements to Tuna as effectively being made to Plaintiffs by extension. *Id.* But, as explained in the Court's analysis on the fraud claim in the follow section, Plaintiffs fail to show Tuna was their agent.

The Court thus finds Plaintiffs lack evidence showing they qualify as "consumers" under the DTPA in connection with the copyright registration assignment between Tuna and Hoeber. While Plaintiffs may have been consumers while they were initially commissioning the work from him, this logic does not translate to the copyright assignment transaction between Hoeber and Tuna. That is, Plaintiffs neither sought nor acquired goods or services in connection with Tuna's assignment to Hoeber. Nor did Plaintiffs seek an assignment from Tuna. *See* Defs.' Appx. 147, ECF No. 43. Because "the goods or services purchased or leased must form the basis of the complaint," and Plaintiffs' DTPA claim is merely ancillary to its fraud claim, the Court finds that

12

Plaintiffs fail to raise a genuine issue of material fact on the first element. *See Hopkins*, 2016 U.S. Dist. LEXIS 112799, at *11–12 (quoting *Cameron*, 618 S.W.2d at 539).

Defendants further argue that, even if Plaintiffs proved they are "consumers," their DTPA claim would still fail under the third element because of their lack of associated damages. *See* Reply 11, ECF No. 48. Defendants argued Plaintiffs "never articulated any way that they have been unjustly harmed or damaged by the [copyright assignment]." *Id.* Plaintiffs do not counter the argument claiming they "fail to introduce any evidence proving actual damages they suffered because of the alleged DTPA violation." *See* Mot. Summ. J. and Resp., ECF Nos. 41, 46. The Court thus finds that Plaintiffs fail to show a genuine issue of material fact exists on this element, which independently warrants summary judgment on the DTPA claim. *See* Fed. R. Civ. P. 56.

Thus, the Court **GRANTS in part** Defendants' motion for summary judgment and **DISMISSS with prejudice** Plaintiffs' DTPA claims.

### 4. Defendants' Motion for Summary Judgment on Plaintiffs' Fraud Claim is Granted

The Court next addresses Plaintiffs' fraud claim. As a preliminary matter, it is unclear whether Plaintiffs' second amended complaint properly pleads a claim for fraud. Specifically, the complaint includes a cause-of-action heading for "fraud and violation of DTPA," but this heading is not followed by factual allegations tied to the specific elements of Plaintiffs' ostensible fraud claim. *Id.* at 12–13. As Defendants moved for summary judgment on this claim, however, the Court will construe Plaintiffs' pleadings as asserting a claim for fraud.

A "fraud claim is personal to the defrauded party" and "only the defrauded party has standing to assert a fraud claim" based on misrepresentations. *See Amazing Lash Franchise, LLC v. Nguyen*, 2019 U.S. Dist. LEXIS 122304, at *4 (citation omitted). Thus, because Plaintiffs' fraud claim is rooted in alleged misrepresentations Hoeber made to Tuna – rather than to Plaintiffs – the

Court must determine whether Tuna was Plaintiffs' agent when that conversation occurred. *See id.* This analysis is key for deciding if Hoeber's alleged misrepresentations to Tuna could form a basis for Plaintiffs' fraud claim based on those utterances. *See id.*

Defendants argue Plaintiffs failed to plead Tuna was their agent in their complaint, and that the Court should not consider this argument raised for the first time in Plaintiffs' response brief. Reply, ECF No. 48. Defendants also proffer deposition testimony from J. Friedheim to show that, even if properly pled, Plaintiffs lack sufficient evidence prove an agency relationship existed. *Id.*

Plaintiffs attempted to show an agency relationship existed by offering declarations as exhibits to their response. Resp. Exs. 1–3, ECF No. 46-1. Defendants objected to these declarations and the Court ruled on these objections, above. Plaintiffs only proffered evidence that survived these objections were Tuna's declaration. Resp. Ex. 2, ECF No. 46-1. This does not include any statement from Tuna that he was Plaintiffs' agent at the time of the assignment, nor does it otherwise establish a general agency relationship between Tuna and JFS. *See id.*

Further, J. Friedheim testified that his stepson, Cassamo, was "in the middle" of the relationship between JFS and Tuna; and he testified it was Cassamo who hired Tuna. Defs.' Appx. at 75, ECF No. 43. Plaintiff Iasim Friedheim also testified her son, Cassamo, never worked for JFS. *Id.* at 278. Rather, Cassamo received informal payments from JFS, in that "[h]is momma send [sic] him what he needed." *Id.* There is no evidence of written agreement between Plaintiffs and Cassamo, or between Plaintiffs and Tuna. *Id.* at 75–76. The deposition testimony instead shows Tuna was never Plaintiffs' employee and that Tuna's agreement was with Cassamo, who was also not an employee of JFS. *See* Defs.' Appx. 47, 278, ECF No. 43. This is contradicted by the declaration of Cassamo, which states he was employed by Plaintiffs. *See* Cassamo Decl., ECF No.

14

40-1, Ex. E.[5] Nevertheless, the Cassamo declaration states his business relationship with Tuna ended weeks after the project began, thus well in advance of any representations made by Hoeber to Tuna. *Id.* Accordingly, Plaintiffs fail to meet their burden of raising a genuine dispute of material fact showing Tuna was their agent at the time of Hoeber's statements to Tuna such that they should be construed as being made to Plaintiffs themselves.[6]

Plaintiffs' failure to prove Tuna was their agent is fatal to the fraud claim. Without an agency relationship, Plaintiffs lack standing to sue for fraud based on Hoeber's alleged statements to Tuna. *See Zaan, LLC v. Sangani*, 2015 WL 2398652, *4–5 (Tex. App. — Dallas, May 20, 2015) ("An assignee of a contract that was not a party to the fraudulent transaction does not have standing to sue unless he was 'specifically assigned causes of action for fraud . . . .'") (citations omitted). In response to Defendants' arguments and evidence, Plaintiffs failed to raise a genuine issue of material fact to show that Tuna was their agent at the time of the Hoeber's alleged misrepresentations. *See* Resp., ECF No. 46.

Defendants further argue that, even if Plaintiffs proved Tuna was their agent, their fraud claim would still fail on the third element. Reply 11, ECF No. 48. Defendants argue that "Plaintiffs failed to introduce any evidence proving damages suffered from the alleged fraud." *Id.* Further, Defendants direct the Court to Plaintiffs' 30(b)(6) deposition testimony where they could not

---

[5] Plaintiffs inexplicably failed to attach Cassamo's declaration to their Response to Defendants' Motion for Summary Judgment. However, their Response cites to the proposed pleading that contained the Cassamo declaration. Resp. 1, ECF No. 46. Rule 56 provides a party must point to facts "in the record" when asserting a fact is genuinely disputed.  Fed. R. Civ. P. 56 (c)(1)(A). While not the best practice, the Court finds declaration should be considered. *Lee v. Offshore Logistical & Transp.*, LLC, 859 F.3d 353, 355 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form."); *see also LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'") (quoting Fed. R. Civ. P. 56(c)(2)).

[6] Plaintiffs argue that if these alleged fraudulent statements are allowed to stand, that anyone could get away with this sort of unscrupulous action with impunity. The Court disagrees. There are other business torts that may fit their theory with adequate precision, but Plaintiffs failed to plead them.

articulate any actual damages they ostensibly suffered as a result of the copyright assignment. *See id.* (citing Defs.' Appx. 147, ECF No. 43); *see also* Mot. Summ. J. Br. 5, ECF No. 42 (citing Defs.' Appx. at 60 *et seq.*, ECF No. 43). Plaintiffs fail to address these arguments. *See* Resp., ECF No. 46. The Court thus finds Plaintiffs failed to carry their burden to show a genuine dispute of material fact exists on this element, which independently warrants summary judgment.

Accordingly, the Court **GRANTS in part** Defendants' motion for summary judgment and **DISMISSES with prejudice** Plaintiffs' fraud claim.

5. <u>Höeber Media's Motion for Summary Judgment Claim to Invalidate J. Friedheim's Copyright is Denied</u>

The Court next addresses Höeber Media's motion for summary judgment seeking to invalidate J. Friedheim's copyright registration.[7] Mot. Summ. J., ECF No. 41. Höeber Media argues J. Friedheim defrauded the Copyright Office by deliberately misrepresenting the authorship of the work in a copyright registration application. Mot. Summ. J. and Br., ECF Nos. 41, 42.

A party seeking a declaration invalidating a copyright registration based on a theory of fraud upon the Copyright Office "bears a heavy burden." *See Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-cv-978-RP, 2020 U.S. Dist. LEXIS 17543, at *31 (W.D. Tex. Feb. 4, 2020) (citation omitted). Satisfying this burden requires the claimant to prove: (1) the application for copyright

---

[7] The Court notes an apparent discrepancy between Höeber Media's intervenor complaint and the motion for summary judgment on this issue. *Compare* Intervenor's Compl., ECF No. 11 *with* Mot. Summ. J. Br., ECF No. 42. The intervenor complaint alleged J. Friedheim provided "inaccurate information described [in] 17 USC § 411(b)(1)(A) and (B)." This complaint also requested the Court seek advice from the Register of Copyrights to determine if the alleged inaccuracies in J. Friedheim's copyright registration would have caused the Register of Copyrights to refuse registration had it know of the inaccuracies, as would be required under the 2008 amendment to 17 U.S.C § 411(c). This statute, however, pertains primarily to cases where a party seeks to invalidate a copyright registration based on fraud against the Copyright Office as an affirmative defense against a copyright infringement claim. Because Plaintiffs dropped their copyright infringement claim, 17 U.S.C § 411 is arguably not applicable. But, as the intervenor complaint also seeks a declaratory judgment invaliding J. Friedheim's copyright, the Court will proceed with analysis to that end.

registration is factually inaccurate; (2) those inaccuracies were willful or deliberate; and (3) the
Copyright Office relied on those misrepresentations. *Id.* Under the second element, "[t]here must
be a showing of 'scienter' in order to invalidate a copyright registration." *Id.* (citations omitted).

On the first element, Defendants argue J. Friedheim's copyright registration application
contained several factual inaccuracies. Mot. Summ. J. Br. 7–9, ECF No. 42. Defendants directed
the Court to evidence that J. Friedheim listed himself as author on the pertinent copyright
registration application. *See* Second Am. Compl., Ex. C, ECF No. 18. Defendants argue this
representation on authorship is contradicted, however, by the facts alleged in Plaintiffs' second
amended complaint that were verified by J. Friedheim. *See id.* at 3–4, 89. Specifically, the live
complaint states that "Tuna created the label, art logo, and other marketing materials for JFS in
2015," which could lead to an inference that Tuna was the author, rather than J. Friedheim. *Id.* at
4. Further, Plaintiffs identify Exhibit B attached to their complaint as "Label artwork package
created by Nuno Tuna," which could lead to the same inference. *Id.* at 14.

However, Plaintiffs' response raises a genuine dispute of material fact on this element in
that they provide record citations as to whom the author or authors of the works at issue were, and
thus whether there were material factual inaccuracies in the copyright registration application.
Resp. 15, ECF No. 46 (citing Cassamo Decl., ECF No. 40-1, Ex. E). Though Plaintiffs' second
amended complaint and response are not a paragon of clarity, the Court declines to construe these
statements as admissions by Plaintiffs that Tuna was the sole, undisputed author and owner of the
works at issue. *See e.g.,* Second Am. Compl. ¶¶ 13, 47, ECF No. 18. This is appropriate considering
countervailing arguments and citations to the record by Plaintiffs in their responsive briefing.
Plaintiffs, for instance, argue Cassamo is the "true author" of the disputed works and provide

citations to materials in the record, including the declaration of Cassamo which dispute this fact.[8] Resp. 15, ECF No. 46 (citing Cassamo Decl., ECF No. 40-1, Ex. E). Accordingly, the Court finds that Plaintiffs met their burden of establishing a genuine issue of material dispute on the first element. Defendants do not counter this argument in their response sufficiently to negate this factual dispute. Thus, the Court finds there is a genuine issue of material fact on the first element that is independently sufficient to deny Defendants' motion for summary judgment on its copyright invalidation claim. *See* Fed. R. Civ. P. 56.

As the Court finds a factual dispute exists for the first element – whether the copyright registration application contained material inaccuracies – it axiomatically follows that a fact dispute also exists on the second element – whether the inaccuracy in the application was provided willfully or deliberately. The Court also finds that Defendants would not have met their burden based on their summary judgment arguments and record citations. *See* Mot. Summ. J. Br. 14–15, ECF No. 42. Specifically, Defendants argue that J. Friedheim knew he was not the author of the work at the time he filed his copyright registration application but fail to cite evidence to support this assertion. *Id.* at 15. Rather, Defendants argue that the Court should infer that J. Friedheim acted with willful or deliberate intent. *Id.*  at 14–15; *see also* Reply 11–12, ECF No. 48.

---

[8] Under Rule 56(c)(1)(A), a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including . . . declarations[.]" Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(2) provides "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Thus, "'[a]lthough the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial.'" *Lackey v. Salazar*, No. 3:17-cv-2345-B-BT, 2020 WL 3507553, at *1 (N.D. Tex. Feb. 18, 2020) (quoting *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017)). Defendants objected to Cassamo's declaration only on the grounds that it was not properly authenticated because it did not include language required by 28 U.S.C. § 1746(1) for foreign declarants and did not argue the declaration could not be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2); *see also* Defs.' Resp. to Pls.' Mot. for Leave to Amend 1, ECF No. 45. As Plaintiffs entered the declaration into the record and cited it in their response, the Court considers Cassamo's declaration in its analysis. *See* Fed. R. Civ. P. 56(c)(1)(A); Resp. 14–15, ECF No. 46.

At the summary judgment phase of proceedings, however, reasonable inferences are drawn in favor of the non-movant. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) ("In evaluating whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.") (citation omitted) (internal quotation marks omitted). The Court thus finds Defendants do not satisfy their burden on the second element of scienter, providing independently sufficient grounds to deny summary judgment on this point.

Finally, Defendants argue the Copyright Office relied on J. Friedheim's misstatement regarding his authorship of the work in issuing the copyright registration. *See* Mot. Summ. J. Br. 15, ECF No. 42. Defendants argue this element is met because the application J. Friedheim provided is statutorily required and is the Copyright Office's sole source of information on the copyright. *See id.* at 15–16. Defendants reason the Copyright Office issued the copyright registration in reliance on J. Friedheim's misstatement and the application would have been otherwise rejected. *Id.* (citing 17 U.S.C. § 409). Though Plaintiffs do not meaningfully respond to this argument, the Court finds Defendants fail to meet their burden on this element given the factual disputes above – i.e., whether there is a material inaccuracy upon which the Copyright Office ostensibly relied. *See* Resp. 19, ECF No. 46; *see also* Mot. Summ. J. Br., ECF No. 42.

The Court further notes an evolving area of potentially applicable law on this issue that the parties did not brief, though intervenor's complaint alluded to it. In 2008, Congress amended subsection (b) of 17 U.S.C. § 411 and changed the procedure for determining whether the Register of Copyrights relied upon factual inaccuracies in an application. *See* 17 U.S.C. § 411(b). Specifically, this provision now mandates that "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register

of Copyrights to refuse the registration." *Id.* For instance, following a 14-day bench trial, the Seventh Circuit vacated a district court's declaratory judgment that invalidated a copyright registration and remanded with instructions that "the district court must ask the Register if it would have refused [the] application had it been aware" of inaccuracies in the application. *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 624 (7th Cir. 2013). The appellate court finished it analysis on this issue with a warning that "courts should tread carefully and employ this mechanism only when necessary" due to "its obvious potential for abuse." *Id.* at 625.

The Court, therefore, finds Defendants failed to meet their burden of proving no genuine dispute of material fact exists on each element and that they are entitled to judgment as a matter of law on their copyright invalidation claim. Accordingly, the Court **DENIES** Defendants' motion for summary judgment to invalidate J. Friedheim's Copyright Registration No. VA 2-182-743.

6. <u>Defendants' Motion for Summary Judgment on Plaintiffs' Copyright Registration Invalidation Claim is Denied</u>

Defendants also seek judgment as a matter of law on Plaintiffs' claim to invalidate Defendants' copyright. Plaintiffs requested a declaration "regarding facts which can be provided to the Copyright Office and allow it to examine [the Court's ostensible declaration] and determine whether invalidation or amendment . . . is appropriate." Pls.' Second Am. Compl. 11, ECF No. 18. The gravamen of Plaintiffs' claim is that Defendants obtained the underlying copyright assignment from Tuna through fraudulent misrepresentations. *Id.*

As detailed above, a claimant seeking to invalidate a copyright based on an allegation of fraud upon the Copyright Office bears the heavy burden of establishing: (1) the application for copyright registration is factually inaccurate; (2) those inaccuracies were willful or deliberate; and (3) the Copyright Office relied on those misrepresentations. *See Haas Outdoors, Inc.*, 2020 U.S.

Dist. LEXIS 17543, at *31. "There must be a showing of 'scienter' in order to invalidate a copyright registration." *Id.* Defendants argue Plaintiffs lack evidence to meet these elements.

Defendants first argue that Plaintiffs proffer "no evidence of any inaccuracy in the copyright application at issue." Mot. Summ. J. Br. 9, ECF No. 42. Further, Defendants introduced an exhibit showing that Höeber Media's copyright registration listed Tuna as the author, arguing that aspect of the application was accurate. *Id.* (citing Original Compl. Ex. 1, ECF No. 9-2). Finally, Defendants argue Plaintiffs proffer no evidence that Defendants willfully or deliberately presented the Copyright Office with factual inaccuracies, or that the Copyright Office relied upon any such inaccuracies. *Id.* Thus, Defendants claim Plaintiffs failed to create a question of material fact about the validity of Defendants' registration. Mot. Summ. J. and Br., ECF Nos. 41, 42.

The burden then shifts to Plaintiffs to proffer evidence to raise a genuine dispute of material fact for this claim to survive summary judgment. *See* Fed. R. Civ. P. 56. The Court finds Plaintiffs met their burden by raising a factual dispute as to ownership of the works at issue. *See* Resp., ECF No. 46. As detailed above, Plaintiffs cite to the Cassamo declaration that was introduced into the record and argue that Cassamo was the true author of the works, not Tuna. *Id.* at 14–15. This declaration raises a factual dispute as to whether Tuna was the sole author (and thus sole owner) of the works. *See* 17 U.S.C. § 201; *id.* If Tuna was not the sole author or if the works at issue qualify as joint-works, as alleged in the second amended complaint, then Tuna would not be entitled to transfer complete ownership of the copyright to Höeber Media. *See* 17 U.S.C. § 201; Second Am. Compl. ¶ 47, ECF No. 18; *see also* 1 Nimmer on Copyright § 6.11 (2021). Plaintiffs' unartful briefing did not identify specific inaccuracies in Höeber Media's copyright application itself, but they raise a factual dispute on Tuna's authority to transfer the copyright by undermining Defendants' argument that Tuna was the sole author. Second Am. Compl. ¶ 47, ECF No. 18. This,

in turn, creates a factual issue as to whether Höeber Media was entitled to apply for copyright registration protection. That is, if Tuna was not the sole owner, he would not be entitled to transfer complete ownership of the copyright to Höeber Media, and Höeber Media would not be entitled to register for copyright protection. *See* 1 Nimmer on Copyright § 6.11 (2021) ("[O]ne joint owner does not have the power to transfer the interest of another joint owner without the latter's consent.").

The Court finds genuine factual dispute exists as to whether Höeber Media's application contained material inaccuracies provides independently sufficient grounds for denying summary judgment. Accordingly, the Court need not address the second element of scienter and third element of reliance by the Copyright Office.

Based on the foregoing, Defendants fail to meet their burden of proving no genuine dispute of material fact exists and that they are entitled to judgment as a matter of law invalidating Plaintiffs' copyright registration. Accordingly, the Court **DENIES in part** Defendants' motion for summary judgment seeking to dismiss Plaintiffs' copyright invalidation claim.

7. Defendants' Motion for Summary Judgment Seeking Attorneys' Fees as the "Prevailing Party" is Granted

The Court next addresses Defendants' motion for summary judgment seeking attorneys' fees stemming from Plaintiffs' former copyright infringement claim. In determining if a party is a "prevailing party," plaintiffs and defendants are to be governed by the same standard. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The Supreme Court interpreted the phrase "prevailing party" as meaning "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001). "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82

22

(2007) (quoting *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989)) (internal quotation marks omitted). To qualify as a "prevailing party," the movant must: (1) obtain actual relief that, (2) materially alters the legal relationship between the parties, and (3) modifies the [non-movants'] behavior in such a way that benefits the [movants] at the time of the judgment. *Howard v. Weston*, 354 F. App'x 75, 77 (5th Cir. 2009).

"An award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008). However, recovery of attorneys' fees is not automatic. *Id.* Rather, the overall inquiry into whether an award of attorneys' fees would be appropriate under 17 U.S.C. § 505 lies squarely within the discretion of the district court. *Id.* (citing *Fogerty*, 510 U.S. at 534). In determining whether awarding fees is appropriate, courts consider the request for fees in light of the litigation as a whole. *Id.* This analysis is guided by the non-exhaustive list of factors identified in *Fogerty*, including: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *M3Girl Designs, LLC v. Blue Brownies, LLC*, No. 3-09-cv-2390-F, 2012 U.S. Dist. LEXIS 193615, at *4–5 (N.D. Tex. Jan. 3, 2012) (citing *Virgin Records Am., Inc.*, 512 F.3d at 726). The Fifth Circuit held in an analogous situation that a defendant is a "prevailing party" under 42 U.S.C. § 1988 when the plaintiff voluntarily dismissed its claims "to avoid a disfavorable judgment on the merits." *Id.* at *7 (quoting *Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001)).

Defendants argue "Plaintiffs abandoned their copyright infringement cause of action because it was indefensible and would not have survived the motion to dismiss" that was pending when Plaintiffs dismissed the claim. Reply 12, ECF No. 48. Defendants claim this former cause of action was, therefore, axiomatically frivolous. *Id.* Defendants cite *M3Girl Designs* to argue they

23

are "prevailing parties" because Plaintiffs voluntarily dismissed their copyright infringement claims. *See id.* While the *M3Girl Designs* court ultimately denied the motion for attorneys' fees, that court's reasoning supports the opposite outcome here. *See id.* at *9. Specifically, that court reasoned there were "no motions to dismiss filed or any threat of an adverse judgment" and thus declined to conclude that the plaintiff "withdrew its claims to avoid an unfavorable judgment" since there was no real threat of an unfavorable judgment. *See id.* at 8–9 (emphasis omitted).

But here, unlike in *M3Girl Designs*, Plaintiffs dropped their copyright infringement claim only *after* Defendants filed a motion to dismiss their copyright infringement claim. *See id.*, at *8 (declining to award attorneys' fees to the "prevailing party" when the plaintiff voluntarily dropped its copyright claim without the looming specter of a dispositive motion). Defendants thus persuasively argue that Plaintiffs withdrew their copyright infringement claim to avoid an unfavorable judgment, and given the pending motion to dismiss, there was an objective threat of an adverse judgment motivating Plaintiffs' withdrawal. Reply 12, ECF No. 41.

Plaintiffs argue in their response, for the first time, that Defendants' claim for attorneys' fees should be barred by the unclean hands doctrine. Resp. 20–21, ECF No. 46. Plaintiffs, however, did not plead this affirmative defense and failed to introduce sufficient evidence to support such a defense based on alleged misrepresentations. *Id.*; Second Am. Compl., ECF No. 18. Further, Plaintiffs' only attempt to distinguish *M3Girl Designs* is a single sentence stating this case involves alleged fraudulent misrepresentations, and that *M3Girl Designs* does not. Resp. 21, ECF No. 46. Plaintiffs do not articulate a defense to Defendants' assertion claiming that Plaintiffs dropped their copyright infringement to avoid an unfavorable judgment on Defendants' then-pending motion to dismiss. Mot. Summ. J., ECF No. 41. Instead, Plaintiffs merely state they "did not drop the case [sic] because [the copyright infringement claim] was not viable, but because Defendant's [sic] use

24

of the copyright was found to be not actually commercial." Resp. 20–21, ECF No. 46. But Plaintiffs fail to explain how this argument would bring their prior copyright infringement outside the scope of "frivolous claim" that could have been dismissed on the merits had the Court ruled on the pending motion to dismiss this claim. *See id.* That is, while Plaintiffs admit they dropped the claim because the copyright was "not actually commercial," they fail to explain why this finding would not have been sufficient grounds for the Court to enter judgment against Plaintiffs on the motion to dismiss. *Id.*

Accordingly, the Court **GRANTS in part** Defendants' motion for summary judgment on its claim for attorneys' fees incurred in defending against Plaintiffs' former copyright infringement claim. Defendants are accordingly **ORDERED** to file briefing by **September 24, 2021**, evidencing with specificity the amount of fees they incurred in defending against Plaintiffs' former copyright infringement claim, and establishing the reasonableness of such fees.  Plaintiffs  may  file  a responsive briefing no later than **October 1, 2021.**

8.  Plaintiffs' Lingering Damages Related to a Former Copyright Claim are Dismissed

Finally, Defendants identified that Plaintiffs' second amended complaint sought damages pursuant to a previously dismissed copyright infringement claim. Mot. Summ. J. and Br., ECF Nos. 41, 42. In their response, Plaintiffs "admit that the reference [to damages] is an artifact from their Original Complaint" and to clarify any lingering vagueness, "Plaintiffs explicitly disclaim[ed] damages under for [sic] copyright infringement under § 504." Resp., ECF No. 46. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment to the extent that it seeks to dismiss any lingering vestiges of Plaintiffs' former copyright infringement claim and any damages sought in connection with that claim.

III.    **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 40) is **DENIED**; Plaintiffs' Motion for Leave to File Surreply (ECF No. 53) is **DENIED**; Plaintiffs' Motion to Withdraw Surreply (ECF No. 52) is **DENIED as moot**; Defendants' Motion for Summary Judgment (ECF No. 41) is **GRANTED in part.** Accordingly, the Court **DISMISSES with prejudice** the following claims: Plaintiffs' claim for violation of the Deceptive Trade Practices Act, Plaintiffs' claim for fraud, and Plaintiffs' claims for damages on its former copyright claim.

Next, Höeber Media's motion (ECF No. 41) seeking summary judgment on its claim to invalidate Plaintiffs' copyright claim is **DENIED.** Similarly, Defendants' motion (ECF No. 41) seeking summary judgment dismissing Plaintiffs' copyright invalidation claim is **DENIED.**

Finally, Höeber Media's motion (ECF No. 41) requesting attorneys' fees as "prevailing party" on Plaintiffs' former copyright infringement claim is **GRANTED in part.** Defendants are thus **ORDERED** to file briefing by **September 24, 2021,** showing the specific amount of fees they incurred in defending against Plaintiffs' former copyright infringement claim, as well as the reasonableness of such fees. Plaintiffs may file a response no later than **October 1, 2021.**

The parties notice of potential trial dates is due no later than **September 24, 2021**.

**SO ORDERED** this **17th day** of **September, 2021.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**