UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, | § | |
| IASMIN FRIEDHEIM, and | § | |
| J.F. SOLUTIONS LTD., | § | |
|    *Plaintiffs/Counter-Defendants* | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-335 |
| THOMAS HOEBER, and | § | |
|    *Defendant/Counter-Plaintiffs* | § | |
| HÖEBER MEDIA, LLC, | § | |
|    *Defendant/Intervenor* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF
IN SUPPORT OF ATTORNEYS' FEE AWARD**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME Joseph Friedheim, Iasmin Friedheim, and JFS Solutions ("JFS"), Plaintiffs in the above cause, responding to *Defendants' Brief in Support of Attorney's Fee Award*.

In short, based on the Court's adjudication of the copyright dismissal by Plaintiffs and subsequent order, Plaintiffs are not opposed to Defendant's calculation of attorney's fees incurred totaling $4,305.50, plus $2,370.00 to prepare their brief in support of attorney's fees.

The circumstances regarding this case do not warrant scaling up or using some other calculation.

### I. Arguments and Authorities

**a.  Defendants have not proven a proper calculation under the lodestar method.**

1.  Defendants' sworn time and task listing must be considered prime facie evidence of the reasonable and necessary fees associated with the dismissal. Neither the parties nor the Court needs to wonder what the fees associated with these tasks would be, because the actual amounts have been provided.

2. Industry estimates and averages for various legal tasks should be used to embellish and award fees that are actually higher than a straightforward lodestar calculation.

3. Additionally, even if the rates of intellectual attorneys are used, Defendants have provided no support that the market rates cited in their brief are comparable to those in the community—the Dallas area. Attorney awards under the lodestar method must be calculated using the market rate for the relevant community. Here, although Defendants cite to a report on the market rates for intellectual property attorneys, Defendants offer not proof of the market rate in Dallas, where Defendants' attorneys are located.

4. Lastly, though Defendants may wish to crow about their success in dismissing Plaintiffs' copyright claim, the Court can examine the documents and see that the claim was dismissed only after discovery was performed that found Hoeber was only using the copyrighted works for litigation purposes and not using it to actually make money, reducing the value of the claim below the value of its litigation.

## II.   Conclusion

5. Therefore, although Plaintiffs do not oppose Defendant's calculation of its attorney's fees totaling $4,305.50 and $2,370.00 to prepare their brief in support of attorney's fees, the Court should not consider Defendant's higher request.

Respectfully submitted,

*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar No. 24045094, wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE** - I certify that this document was served on all parties seeking service in the instant case via the Court's e-file system on October 1, 2021.
*/s/ Warren V. Norred*
Warren V. Norred