UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § <br> IASMIN FRIEDHEIM, and § <br> J.F. SOLUTIONS LTD., § <br>    *Plaintiffs/Counter-Defendants* § <br> v. § <br> § <br> THOMAS HOEBER, and § <br>    *Defendant/Counter-Plaintiffs* § <br> HÖEBER MEDIA, LLC, § <br>    *Defendant/Intervenor* § | Civil Action No. 4:20-cv-335 |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S BRIEF ON THE INTERPRETATION OF THE JURY VERDICT**

Joseph Friedheim, Iasmin Friedheim, and J.F. Solutions Ltd. (JFS) (collectively, "Plaintiffs") file this response to Defendant's Brief on the Interpretation of the Jury Verdict (ECF 108). Summarizing, Defendants are attempting to rewrite the jury charge to add an inappropriate "joint and several liability" element to all damages awarded. This Court should deny the rewrite.

### I.   ARGUMENTS AND AUTHORITIES

**A.  Infringement Damages**

1.   Defendant argues all Plaintiffs should be jointly and severally liable for damages awarded by the jury for copyright infringement. Plaintiffs argue that neither Joseph nor Iasmin Friedheim as individual plaintiffs should be held jointly or severally liable for an infringement award.

### i.  Legal Standard: Personal Liability for Infringement

2.   An individual acting on behalf of a corporation may be personally liable for infringement if the individual "controlled and directed the acts of the corporation and caused the infringing acts." *Rolex Watch U.S.A., Inc. v. BeckerTime, LLC*, No. 4:20-cv-01060, 2021 U.S. Dist. LEXIS 180070, at *7 (N.D. Tex. 2021) (internal quotation marks omitted) (quoting *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968)).

> ii. **Joseph Friedheim should not be held jointly and severally liable for JFS's infringement because the jury already assigned its award of statutory damages award against him personally.**

3. While Plaintiffs recognize that Joseph Friedheim may be held liable in his personal capacity for damages awarded for infringement of the Splash Poster, holding Joseph jointly and severally liable for the total statutory damages award would make him liable Defendant's claims of infringement for the Bottle Label and the Bottle Illustration, for which the jury found he should not be held personally responsible. The $11,250 award against Joseph represents the portion of liability that Joseph is jointly and severally liable as an owner of JFS. Thus, Joseph should not be held jointly and severally liable for the judgment award against JFS for infringement.

4. Here, the jury found *JFS* liable for infringement of the Bottle Label (No. VA-2159-069), the Bottle Illustration (No. VA 2-159-066), and the Splash Poster (No. VA 2-190-793). Jury Verdict 16, ECF 102. The jury found Joseph Friedheim liable only for infringement of the Splash Poster. Including damages for willful infringement, the jury awarded Defendants a total of $66,750 from JFS and $23,500 from Joseph. *Id.* at 17.

5. While Plaintiffs do not dispute that Joseph may be held liable as an individual for copyright infringement on behalf of JFS, plaintiffs argue that Joseph's personal liability should not extend beyond what the jury has allocated to him. As Defendant points out in its brief, "[i]t is clear from the numbers that they jury awarded statutory damages $11,250 for each copyright and multiplied this by the three infringed copyrights for JFS and the one against Joseph Friedheim." Def.'s Br. 3, ECF 108. The jury allocated statutory damages for the infringement of each copyright against JFS and then also awarded a statutory award against Joseph for the infringement of the Splash Poster. This award was not for separate acts of infringement committed by Joseph apart from the business of JFS, as all infringing acts allegedly committed by Joseph were on behalf of JFS. *See* Trial Tr.

vol. 1, at 86, 189; Intervenor's Orig. Compl. 13, ECF 11. Hence, the award against Joseph serves as the jury's recognition of his personal involvement and requires additional payment from him in his personal capacity. Thus, holding Joseph and severally liable for all infringement committed by JFS would impose double liability on Joseph that differs from the jury's verdict.

6. There exists nothing in the record to suggest that opposing counsel offered or requested a separate question regarding any "joint and several liability" and has thus waived any argument that the form used was insufficient to convey the jury's intent. Based on the jury's verdict, there exists no indication that Joseph should bear 100% of the damages when the jury did not so conclude.

7. Therefore, because the jury already apportioned statutory damages specifically against Joseph Friedheim in his personal capacity and has made a specific decision regarding his liability, he should not be held jointly and severally liable for the infringement judgment against JFS.

> ### iii. Iasmin Friedheim should not be held jointly and severally liable for any judgment for infringement against JFS because the jury found that Iasmin did *not* infringe any of Defendant's copyrights.

8. Again, while Plaintiffs do not dispute that a corporate officer or owner may be liable for a company's copyright infringement when the owner controlled or directed the infringing acts, Defendant's argument that Iasmin Friedheim may be jointly and severally liable is without merit. Here, the jury did not find Iasmin liable for infringement of any of Defendant's copyrights. Jury Verdict 16, ECF 102. The Court need not infer or assume any conclusion, as the jury found Iasmin did not direct or control the infringing acts allegedly committed by JFS. The jury apportioned liability to Joseph Friedheim in his personal capacity for his involvement in the infringement, presumably because the evidence provided was that he was CEO of JFS and made deliberate decisions, but no such evidence was provided against Iasmin. Defendant appropriately seeks to hold Iasmin jointly and severally liable despite the jury apportioned *none* of the infringement

damages against her and is thus seeking to directly contradict the jury's finding. Iasmin Friedheim should not be held jointly and severally liable for infringement when the jury found she was not liable for infringing acts.

9. Lastly, counsel for the parties examined and approved the jury charge. Opposing counsel at no point asked for a "jointly and severally liable" question on copyright infringement but was satisfied with the approach taken by the Court. Defendant cannot now create a new category of damage that went undiscussed or unrequested because it is dissatisfied with the results.

### B. Contractual Damages

#### i. The Court may not award Defendant damages for unjust enrichment in addition to contractual damages.

10. The jury found that all Plaintiffs breached an implied agreement with Defendant, assessing damages of $39,557 against JFS and no damages against the individual plaintiffs. Jury Verdict 18, ECF 102.[1] Next, the jury found that each Plaintiff also took "undue advantage" of Defendant, assessing damages against each defendant. *Id.* at 19. Defendant acknowledges that the damages assessed against JFS for unjust enrichment should be set aside because the unjust enrichment claim was an alternate to breach-of-contract, for which the jury did award damages[2] but argues the damages assessed against the individual plaintiffs for unjust enrichment should stand. Def.'s Br. on the Interpretation the Jury Verdict 4–5, ECF 108.

11. Plaintiffs agree with Defendant that the unjust enrichment damages assessed against JFS should be set aside and further argues that the unjust enrichment damages against the individual

---

[1] Plaintiffs argue the jury instructions, Defendant's pleadings, and the evidence presented at trial demonstrate the alleged agreement was an *express* agreement despite the use of the term *implied* agreement in the jury verdict. *See* Pls.' Renewed Mot. for J. as a Matter of Law ¶¶ 8–18, ECF 109.
[2] Def.'s Br. on the Interpretation the Jury Verdict 5 n.18, ECF 108 ("Since the unjust enrichment claims was [sic] an alternate to the breach of contract claim, the $35,000 awarded as unjust enrichment against JFS is superfluous in light of the breach of contract award.").

Plaintiffs should also be set aside. *See* Pls.' Renewed Mot. for J. as a Matter of Law ¶¶ 8–24, ECF 109. Defendant is correct that the unjust enrichment claim was an alternate to Defendant's claims for breach of contract; the Court may not award both contractual and quasi-contractual damages. *See Id.* at ¶¶ 9–10.

12. However, just because the jury did not assess damages against the individual plaintiffs, specifically, for breach of contract does not mean that the Court may assess damages for unjust enrichment against them. The jury *did* find that the individual plaintiffs breached the alleged agreement with Defendant; it just did not assess damages against the individual plaintiffs in their personal capacity and correctly allocated all the damages against JFS, the company for which Iasmin and Joseph were working. This finding is warranted because LLC members are not liable for contractual obligations of their company. *See Id.* at ¶¶ 19–20. Because the jury found the Plaintiffs breached the alleged agreement, the *alternative* damages for unjust enrichment are unavailable with respect to *all* Plaintiffs and were incorrectly awarded by the jury. Further, assessing quasi-contractual damages against the individual Plaintiffs is improper because members of a limited liability company are not liable for the contractual obligations of the company. *Id.* Although Defendant argues the damages assessed against the individual Plaintiffs are warranted because the Plaintiffs took advantage of the friendship between the parties, this ill-conceived argument is irrelevant, as Defendant did not affirmatively plead the proper elements to pierce the veil of Plaintiff's LLC, nor was the issue tried by consent. *See Id.* at ¶¶ 19–23. Further, the party in this case is Höeber Media—not Thomas Hoeber individually.

13. In sum, considering the jury's award for breach of contract, Defendants are correct in stating that the Court may not assess unjust enrichment damages against JFS but *incorrect* to argue for liability against the individuals; the Court should award no damages for unjust enrichment.

### C. Costs and Attorney's Fees – Joint and Several Liability

#### i. Legal Standard: Joint and Several Liability – Tort Claims (TTLA)

14. "Texas law permits joint and several liability for most actions based in tort, as long as 'the percentage of responsibility attributed to the defendant with respect to a cause of action is greater than 50 percent.' *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 424 (Tex. 2011) (quoting Tex. Civ. Prac. & Rem. Code Ann § 33.013(b)(1)).

15. The Texas Theft Liability Act (TTLA) provides a statutory tort claim, giving plaintiffs a civil remedy for theft. *Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 U.S. Dist. LEXIS 144166, at *231 (S.D. Tex. 2013). "The TTLA does not provide for joint and several liability, and TTLA claims are neither expressly exempted from Chapter 33's proportionate responsibility framework, nor subject to another comprehensive fault scheme." *Id.* Thus, in order for damages to be assessed against defendants jointly and severally for a TTLA claim, the defendant must have more than 50 percent of responsibility attributed to them. *Id.*

#### ii. Legal Standard: Joint and Several Liability – Contract Claims

16. "Joint and several liability is appropriate in contract cases when two or more persons promise the same performance." *Z.M. Shay Jayadam3, LLC v. Omnova Sols., Inc.*, No. 14-19-00623-CV, 2020 Tex. App. LEXIS 8439, 2020 WL 6278615 at *27 (Tex. App.—Houston [14th Dist.] Oct. 27, 2020, no pet.) (citing *Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 99 (Tex. App.—Eastland 2006, pet. denied). "For example, when an instrument provides that 'we or either of us' promise to pay, the liability of the parties will be deemed joint and several." *Investin.com Corp. v. Europa Int'l, Ltd.*, 293 S.W.3d 819, 829 (Tex. App.—Dallas 2009, pet. denied) (citing *Guynn v. Corpus Christi Bank & Trust*, 620 S.W.2d 188, 190 (Tex. Civ. App.—Corpus Christi 1981, writ ref'd n.r.e.).

       **iii. Plaintiffs should not be held jointly and severally liable for any award of costs or attorney fees.**

*TTLA Claim*

17.    Here, Defendant argues that the damages award under the TTLA for Plaintiffs' "theft of services through the breach of the implied agreements" warrants assessing "the vast majority of attorney's fees" jointly and severally among the Plaintiffs. Def.'s Br. on the Interpretation the Jury Verdict 5, ECF 108.

18.    However, as a tort claim, an award of attorney fees for a TTLA claim may only be assessed jointly and severally against a defendant if the defendant is more that 50 percent at fault. The jury verdict here assesses no percentage of liability among the plaintiffs. Jury Verdict 22, ECF 102. Further, if the Court were to assess the plaintiffs' liability under the TTLA by looking at the assessment of damages for the breach of implied agreement, which Defendant claims "constituted a substantial part of what this case was about,"[3] the individual Plaintiffs would bear no percentage of responsibility for TTLA claim damages because all damages for the contractual claim were assessed against JFS alone. *Id.* at 18. Similarly, under the unjust enrichment claims (if these claims are not set aside by the Court), based on the assessment of damages, the jury only assessed 11 percent of the fault to each individual plaintiff, while assessing the rest against JFS. *Id.* at 19.

*Contractual Damages*

19.    Defendant also argues that damages for breach of contract should be awarded jointly and severally against all three plaintiffs. Holding the individual plaintiffs jointly and severally liable for this claim would be perplexing, as the jury did not assess *any* of the damages against the individual defendants. *Id.* at 18. Further, the agreement alleged by Defendant was between Defendant and JFS; the individual plaintiffs were only involved in the agreement as owners of

---

1.    [3] Def.'s Br. on the Interpretation the Jury Verdict 5, ECF 108.

JFS. Thus, joint and several liability is not justified because performance was not promised by *different* parties as is required for joint and several liability under breach of contract.

20. Additionally, *all* damage awards assessed against the individual Plaintiffs for Defendant's contractual, quasi-contractual, and TTLA claims should be set aside because the individual plaintiffs were operating under JFS, an LLC, and Defendant did not plead or prove and veil-piercing theory. *See* Pls.' Renewed Mot. for J. as a Matter of Law ¶¶ 19–24, ECF 109.

*Infringement Claims*

21. As argued previously in this brief, the individual plaintiffs should not be held jointly and severally liable for the infringement claims assessed against JFS. Thus, any costs and attorney fees awarded by the Court should not be assessed jointly and severally among the plaintiffs.

*All Claims*

22. Moreover, Defendant's requests that awards be assessed against Plaintiffs jointly and severally does not consider the percentage of liability assessed against each Defendant. For example, the only award assessed against Iasmin Friedheim is a $5,000 award for unjust enrichment (*if* the Court does not set this aside); this represents a mere fraction of the judgment, as most of the damages were assessed against JFS. Thus, to hold Iasmin jointly and severally responsible for all damages would be ill-founded, unfair, and contrary to the verdict.

23. Therefore, the individual Plaintiffs should not be held jointly and severally liable for any award of costs and attorney fees the court may award.

## II. CONCLUSION

Defendants have asserted that the entire nine-page jury verdict should be rewritten and interpreted as "How much money should Iasmin, Joseph, and JFS be jointly and severally liable to Defendants?" But Defendants made no such argument before the verdict was provided to the jury and cannot now argue for such an inappropriate approach to the jury verdict. The Court should not hold that the Plaintiffs are jointly and severally liable for any award of damages, including any costs, attorney fees, or interest assessed by the Court.

Respectfully submitted,

Norred Law, PLLC
*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE** - I certify that I served this document on Brian Casper through the Court's efiling system and all parties seeking service in this case on January 4, 2022.

*/s/ Warren V. Norred*
Warren V. Norred