UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, § <br> IASMIN FRIEDHEIM, and § <br> J.F. SOLUTIONS LTD., § <br>     *Plaintiffs/Counter-Defendants* § <br> v. § <br> § <br> THOMAS HOEBER, and § <br>     *Defendant/Counter-Plaintiffs* § <br> HÖEBER MEDIA, LLC, § <br>     *Defendant/Intervenor* § | Civil Action No. 4:20-cv-335 |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND BRIEF IN SUPPORT**

Joseph Friedheim, Iasmin Friedheim, and J.F. Solutions Ltd. (JFS) (collectively, "Plaintiffs") file this reply in support of their Renewed Motion for Judgment as a Matter of law (ECF 109) following Defendant's Response (ECF 110).

The Court should not allow Defendant to rewrite the jury charge to impose joint and several liability against Plaintiffs and personal liability against the individual Plaintiffs despite failing to pierce the corporate veil.

## I.    ARGUMENTS AND AUTHORITIES

**A. Defendant may not receive unjust enrichment damages from the individual plaintiffs in addition to the "implied contract" damages.**

1. Defendant argues it is not seeking double recovery and agrees that unjust enrichment was an alternate theory but still claims the *individual plaintiffs* may be liable for unjust enrichment. Def.'s Resp. In Opposition to Pls.' Renewed Mot. for J. as a Matter of Law 2, ECF 110

2. The jury found that all plaintiffs breached the implied agreement but correctly assessed damages against *JFS* only. Jury Verdict 18, ECF 102. This finding is consistent with the law surrounding corporate liability regarding breach of contract and testimony from Thomas Hoeber,

showing that any money owed to him was owed by JFS. *See* Pls.' Renewed Mot. for J. as a Matter of Law ¶¶ 19–23, ECF 109. Because the jury found for the Plaintiffs on this claim, the alternate claims for unjust enrichment should not be available at all—even for the individual plaintiffs. Further, the individual plaintiffs may not be held liable for unjust enrichment damages without a piercing of the corporate veil. *See Id.*

3. Thus, the judgment should not award damages for the *alternate* theory of unjust enrichment.

> **B. The individual plaintiffs may not be held personally liable for contractual or quasi-contractual damages.**

4. Perhaps Defendant's most bewildering attempt to rewrite the jury verdict is its statement that "the judgment should award Hoeber Media $39,557 against all three Plaintiffs jointly and severally for theft of services. . . ." Def.'s Resp. In Opposition to Pls.' Renewed Mot. for J. as a Matter of Law 5, ECF 110. Although the jury found that all Plaintiffs committed theft of services, there was *no* award of damages from *any plaintiff* based on this finding. Jury Verdict 22, ECF 102. The $39,557 award by the jury comes from Defendant's breach of implied agreement claim. *Id.* at 18. Defendant now seeks to seeks to completely change the jury verdict and say that the breach of implied contract damages are *actually* damages for theft of services so that it does not matter that Defendant did not pierce the corporate veil. The Court should not be deceived by this bait-and-switch; the claim for theft of services has no bearing on the damages award for breach of implied contract.

5. Defendant also argues that a judgment against the individual plaintiffs is warranted because "the Friedheims were hustling for their own personal interests as well as those of the company." Def.'s Resp. In Opposition to Pls.' Renewed Mot. for J. as a Matter of Law 3, ECF 110. In support of this argument, Defendant cites the fact that "Mrs. Friedheim asked for

assistance with personal matters such as researching the Small Business Administration." *Id.* But Plaintiffs fail to see how researching a loan for JFS is a personal matter unrelated to the business. Defendant also points out the parties were friends who occasionally did personal favors for each other. *Id.* However, Plaintiffs are not aware of any exception to limited liability that applies when the parties also happen to be friends and does not see any citation from Defendant supporting such an exception.

6. Therefore, the Court should not cede to Defendant's interpretation of the jury's findings and should assess any contractual or quasi-contractual damages against JFS alone because Defendant did not pierce the corporate veil.

### C. The Court should not award attorney's fees for any of Defendant's contractual, quasi-contractual, or theft of services claims.

7. Defendant argues "the Court should award Höeber Media court costs and reasonable and necessary attorney's fees against all three Plaintiffs jointly and severally under [the Texas Theft Liability Act (TTLA)]." *Id.* at 5.

8. "Texas law permits joint and several liability for most actions based in tort, as long as 'the percentage of responsibility attributed to the defendant with respect to a cause of action is greater than 50 percent.'" *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 424 (Tex. 2011) (quoting Tex. Civ. Prac. & Rem. Code Ann § 33.013(b)(1)). "The Texas Theft Liability Act (TTLA) provides a statutory tort claim, giving plaintiffs a civil remedy for theft." *Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 U.S. Dist. LEXIS 144166, 2013 WL 5514944 at *231 (S.D. Tex. 2013). Thus, in order for damages to be assessed against defendants jointly and severally for a TTLA claim, the defendant must have more than 50 percent of responsibility attributed to them. *Id.*

9.      Here, Defendant again seeks to make it seem as though the damages awarded in this case were for theft of services when there was *no award* of damages for theft of services under the Texas the TTLA. The *only* damages assessed by the jury against Iasmin Friedheim in this case was a $5,000 award for unjust enrichment (which should be set aside by the Court for the reasons discussed above). To say that the attorney fees should be assessed against Iasmin due to the TTLA would not reflect the liability assessments given by the jury.

10.     Additionally, the court may not award damages against JFS for breach of contract under Tex. Civ. Prac. & Rem. Code § 38.001. For suits filed before September 1, 2021, section 38.001 authorizes an award of attorney's fees for certain claims but *only* against an individual or corporation. *Benge Gen. Contracting, LLC v. Hertz Elec., LLC*, No. 05-19-01506-CV, 2021 Tex. App. LEXIS 9288, 2021 WL 5317840, at *9, 30 n.1 (Tex. App.—Dallas Nov. 16, 2021, no pet. h.). An award of Attorney's fees under Section 38.001 is not permitted against a limited liability company for suites filed before September 1, 2021. *Id.* Thus, Defendants may not recover attorney's fees from JFS under section 38.001 because JFS is a limited liability company and Defendant's counterclaims against Plaintiffs were first filed in 2020. ECF 11.

> **D. Any award of attorney fees should be assessed against each plaintiff based on the proportion of liability assessed against them as shown by the amount of damages awarded by the jury.**

11.     Even if the Court were to award attorney fees under the TTLA, the damages should not be assessed jointly and severally against all the Plaintiffs because the individual plaintiffs did not have more than 50 percent of the responsibility attributed to them as required under Tex. Civ. Prac. & Rem. Code § 33.013(b)(1). Thus, if attorney' fees are awarded, each of the plaintiffs should only be responsible for an amount based proportionately on the percentage of liability assessed against them by the jury.

## II.  CONCLUSION

The Court may not award unjust enrichment damages to Plaintiff because, as Defendant admits, unjust enrichment was an alternate theory. Further, the Court may not award contractual or quasi-contractual damages against the individual plaintiffs in their personal capacity because Defendant did not pierce the corporate veil. Additionally, in Defendant's attempt to retroactively assert the individual plaintiffs *are* personally liable for contractual claims against JFS, it asks the Court to rewrite the jury verdict in its favor and find that the damages awarded were for theft of services. Therefore, Plaintiffs request the Court's judgment reflect the following:

a. The Court should set aside Defendant's unjust enrichment claim, which Defendant admits was an alternate theory, with respect to *all* Plaintiffs.

b. The individual plaintiffs should not be held personally, or jointly and severally, liable for damages related to Defendant's contractual or quasi-contractual claims.

c. The Court should not award attorney's fees for Defendant's contractual, quasi-contractual, or theft of services claims.

d. The Court should not hold Plaintiffs jointly and severally liable for any award of damages, including any costs, attorney fees, or interest assessed by the Court.

Respectfully submitted,

Norred Law, PLLC
*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar No. 24045094, wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE** - I certify that I served this document on Brian Casper through the Court's efiling system and all parties seeking service in this case on January 11, 2022.

*/s/ Warren V. Norred*
Warren V. Norred