IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS LTD. *Plaintiffs/Intervention Defendants,* v. THOMAS HOEBER *Defendant,* HÖEBER MEDIA, LLC *Intervenor Plaintiff/Counter-Defendant* | § § § § § § § § § § § | Civil Action No. 4:20-cv-335 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

#### SUMMARY OF THE ARGUMENT

The Court should not lose sight of the fact that the Jury found Joseph Friedheim and Iasmin Friedheim committed theft of services against Höeber Media. In stealing these services, Joseph and Iasmin Friedheim stole the services that were rendered by Höeber Media and the labor that Höeber Media performed. For this theft, there are two avenues through which Plaintiffs may be held liable for Höeber Media's attorneys' fees. The Court should apply one of those.

First, under the Texas Theft Liability Act, an award of attorneys' fees is mandatory. Since the Jury found all three Plaintiffs committed theft of Höeber Media's services, all three should be held accountable for attorneys' fees under this act. This issue was tried by consent of the Plaintiffs. Proof of consent is found in the proposed Verdict Form that Plaintiffs filed. That form contained a place for the Jury to find that the Plaintiffs committed theft of services. Theft of services is a statutorily created cause of action governed by the Texas Theft Liability Act.

Second, under Chapter 38 of the Civil Practice And Remedies Code the Court may award attorneys' fees under that statute for both "rendered services" and "performed labor." That is what Plaintiffs stole. Höeber Media requested Attorneys' fees against the individual Plaintiffs under Chapter 38 in paragraph 120 of its Complaint (ECF No. 11). While the Jury did not find that the individual Plaintiffs breached the implied agreement, they did find that they stole Höeber Media's services. Therefore, if the Court does not award attorneys' fees against all of the Plaintiffs under the Texas Theft Liability Act, the Court should award attorneys' fees against the individual Plaintiffs under the Civil Practice And Remedies Code.

Finally, under Fifth Circuit precedent, it is not necessary for the plaintiff to specifically plead prejudgment interest. *Bowers v. Firestone Tire & Rubber Co.*, 800 F.2d 474, 479 (5th Cir. 1986).

<u>ARGUMENT AND AUTHORITIES</u>

Plaintiffs have not made any substantive argument why attorneys' fees should not be awarded against them for stealing Höeber Media's services. They claim that while they consented to a finding of lability for "theft of services"–which is not a common law cause of action, but rather a product of Texas Theft Liability Act–they did not consent to the mandatory award of attorneys' fees that accompanies such a finding. Plaintiffs provide no authority for the proposition that they can consent to part of an act for purpose of a finding of liability, yet not consent to the application of the fee shifting part of that act. Fee shifting is placed in play merely by "bringing a claim under a statute that permits the prevailing party to recover attorneys' fees and pleading for attorneys' fees." *Solferini v. Corradi USA, Inc.*, No. 20-40645, 2021 U.S. App. LEXIS 24195, at *7 (5th Cir. Aug. 13, 2021). Therefore, it is enough notice that Defendants have requested attorneys' fees and brought claims under statutes that award them. *See id.*

Likewise, Plaintiffs' only argument against an alternate award of attorneys' fees under the Civil Practice And Remedies Code is that it wasn't specifically mentioned in the Motion. The reason for this is because the Motion for Attorney's fees focused on the Texas Theft Liability Act rather than the alternate remedy under the Civil Practice And Remedies Code. Yet if the Court is not inclined to award attorney's fees under the Texas Theft Liability Act, it should still do so against the individual Plaintiffs under the Civil Practice And Remedies Code. This is what Defendants were arguing in the Reply brief. Now Plaintiffs have requested a Surreply to address this alternative but fail to address the issue with any substance. The fact that the individual Plaintiffs were not found to have breached the implied agreement does not counteract the fact that they *were* found to have stolen those services in their individual capacity.

The services that Joseph and Iasmin Friedheim stole from Höeber Media were rendered services and performed labor. This is not disputed. Therefore, since the Civil Practice And Remedies Code allows for recovery of attorneys' fees, the Court should award them against Joseph and Iasmin Friedheim under that Act unless it awards them under the Texas Theft Liability Act.

Finally, in its Complaint, Höeber Media requested "All other relief to which it deems itself entitled." (Compl. at ¶ 122). This is all that is required because it is not necessary for the plaintiff to specifically plead prejudgment interest. *Bowers*, 800 F.2d at 479; *see also Crown Cent. Petroleum Corp. v. Nat'l Union Fire Ins. Co.*, 768 F.2d 632, 638 (5th Cir. 1985) Moreover, Texas District Courts have long noted that a party "may be granted any relief to which he is entitled under the facts; the court need not limit itself to the specific relief requested in the complaint." *Gosselink v. AT&T, Inc.*, No. H-97-3854, 1999 U.S. Dist. LEXIS 24123, at *19-20 (S.D. Tex. Aug. 4, 1999). Therefore, to the extent Höeber Media is entitled to prejudgment interest, it should be granted.

Dated: April 6, 2022

Respectfully submitted,

/s/ Brian Casper
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24037685
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
Christian Cowart
Texas Bar No. 2410578
christian.cowart@klemchuk.com
**KLEMCHUK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: 214.367.6000
Facsimile: 214.367.6001
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This document has been served on April 6, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Brian Casper
Brian Casper