UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH FRIEDHEIM, IASMIN FRIEDHEIM, and JF SOLUTIONS, LTD., <br><br>　　Plaintiffs/Counter-Defendants, <br><br>v. <br><br>THOMAS HÖEBER, <br><br>　　Defendant, <br><br>HÖEBER MEDIA, LLC, <br><br>　　Defendant/Intervenor-Plaintiff. | §§§§§§§§§§§§§§§§ Civil Action No. 4:20-cv-0335-O |

## ORDER

Before the Court are Plaintiffs' Motion for Leave to File Sur-reply (ECF No. 124), filed March 30, 2022; and Defendants' Response (ECF No. 126), filed April 6, 2022. The Court **GRANTS** the motion and **DIRECTS** the Clerk of Court to file the brief attached to the motion (ECF No. 124-1) as Plaintiffs' Sur-reply to Defendants' Motion for Attorney Fees (ECF No. 117).

Also before the Court are Defendants' Motion for Attorney Fees and Motion to Alter or Amend Judgment (ECF No. 117), filed February 21, 2022; Plaintiffs' Response and Objection (ECF No. 120), filed March 14, 2022; Defendants' Reply (ECF No. 123), filed March 25, 2022; Plaintiffs' Sur-reply (ECF No. 124-1), filed March 30, 2022; Defendants' Bill of Costs (ECF No. 118), filed February 21, 2022; Plaintiffs' Response and Objection (ECF No. 119), March 7, 2022; Defendants' Reply (ECF No. 121), filed March 21, 2022; Defendants' Amended Bill of Costs (ECF No. 122), filed March 21, 2022; Plaintiffs' Objection (ECF No. 125), filed April 4, 2022. The Court's disposition of the motions and objections follows.

I. BACKGROUND

Plaintiffs Joseph and Iasmin Friedheim own JF Solutions, Ltd., a Texas limited liability company that imports a cherry liquor manufactured in Portugal. Defendants Thomas Höeber and his marketing business, Höeber Media, LLC, performed marketing work for Plaintiffs related to the imported liquor. The parties tried their copyright and contract claims before a jury on November 1, 2021. The jury returned a verdict on November 2. The parties then filed motions regarding joint and several liability, unjust enrichment, and theft of services. The Court resolved the motions and issued a final judgment determining:

1. Joseph Friedheim's copyright registration for JF Solutions, Ltd.'s Corporate Identity Restyle, Reg. No. VA 2-182-743, is invalid.

2. JF Solutions infringed the following copyrights owned by Höeber Media: (a) The Bottle Label, No. VA 2-159-069; (b) The Bottle Illustration, No. VA 2-159-066; and (c) The Splash Poster, No. VA 2-190-793.

3. Joseph Friedheim infringed the following copyright owned by Höeber Media: The Splash Poster, No. VA 2-190-793.

4. JF Solutions owes Höeber Media $33,750 in statutory damages for copyright infringement and an additional $33,000 for willful copyright infringement.

5. Joseph Friedheim owes Höeber Media $11,250 in statutory damages for copyright infringement and an additional $12,000 for willful copyright infringement.

6. JF Solutions owes Höeber Media $39,557 for breach of contract.

7. Joseph Friedheim, Iasmin Friedheim, and JF Solutions committed theft of Höeber Media's services.

*See* Order, ECF No. 114; Final Judgment, ECF No. 115. The parties then filed motions and briefs regarding attorneys' fees, costs, and pre- and postjudgment interest.

II. LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, a

party claiming attorneys' fees must file a motion detailing the request. *See id.* at 54(d)(2). Such a motion must "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; [and] (iii) state the amount sought or provide a fair estimate of it." *Id.* at 54(d)(2)(B). Also, if the Court orders, the movant must disclose the "terms of any agreement about fees for the services for which the claim is made." *Id.* at 54(d)(2)(B)(4).

### III. ANALYSIS

#### A. Attorneys' Fees

"The so-called 'American Rule' governing the award of attorneys' fees in litigation in the federal courts is that attorneys' fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 126 (1974). The same rule applies in Texas. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). "As a result, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Id.* at 311. "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210, 216 (5th Cir. 2020) (citation and internal quotation marks omitted). Regardless of the source of substantive law, federal procedure controls the pleading and notice of attorneys' fees. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996).

Defendants timely request attorneys' fees (1) under the Copyright Act, (2) under the Defend Trade Secrets Act, (3) under the Deceptive Trade Practices Act, (4) under the Texas Theft Liability Act, and (5) for alleged litigation misconduct.[1] The Court **GRANTS** Defendants'

---

[1] This is true for all but one category of fees. In their motion for attorneys' fees, Defendants omitted any request for attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code. *See* Defs.'

3

requests for attorneys' fees under the Copyright Act and the Texas Theft Liability Act, **DENIES** Defendants' other requests for attorneys' fees, and **ORDERS** Defendants to segregate recoverable fees from nonrecoverable fees.

### 1. Attorneys' Fees Under the Copyright Act

The Copyright Act permits courts to award reasonable attorneys' fees to the prevailing party. *See* 17 U.S.C. § 505. The statute "gives 'broad leeway' to courts." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 385 (5th Cir. 2020) (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016)). But the Supreme Court has imposed some boundaries: "First, courts must not simply award fees to the prevailing party as a matter of course. Second, courts must treat prevailing plaintiffs and prevailing defendants alike, rather than holding defendants to a more stringent standard." *Id.* (citation omitted). Courts must also consider various factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994) (citation omitted). Finally, even though "fees should not be awarded to prevailing parties as a matter of course . . . 'an award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely.'" *Digital Drilling Data Sys.*, 965 F.3d 386 (citation omitted).

Defendants are entitled to attorneys' fees under the Copyright Act. The Court previously ruled on this issue, and it need not repeat that analysis here. *See* Order 22–25, ECF No. 80. Plaintiffs agree that "Hoeber is entitled to attorneys' fees for his [copyright] infringement claims."

---

Mot. for Attorney Fees, ECF No. 117. Defendants raised a Chapter 38 claim in their reply brief, long after the fourteen days after final judgment required by Rule 54. "This failure to file within the allotted period serves as a waiver of its claim for attorneys' fees." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996).

Pls.' Resp. 4, ECF No. 120. The Court thus **GRANTS** Defendants' request for attorneys' fees under the Copyright Act.

### 2. Attorneys' Fees Under the Defend Trade Secrets Act

The Court dismissed Plaintiffs' claims under the Defend Trade Secrets Act for failure to state a claim. *See* Order 17–19, ECF No. 24. Under the Defend Trade Secrets Act, the Court may award reasonable attorneys' fees to the prevailing party "if a claim of the misappropriation is made in bad faith." 18 U.S.C. § 1836(b)(3)(D). Such a claim "may be established by circumstantial evidence." *Id.* To determine whether a party made a misappropriation claim in bad faith, courts ask "(1) whether the claims were entirely baseless or objectively specious and (2) whether the claims were made or pursued in subjective bad faith or for an improper purpose." *Vita Int'l, Inc. v. Foro Energy, Inc.*, No. 4:18-CV-01663, 2022 WL 350195, at *19 (S.D. Tex. Jan. 4, 2022).

Defendants argue that "[t]he lack of the essential facts to support the trade secret claim, coupled with the urgency to replace the failed copyright claim is circumstantial evidence that this claim was brought in bad faith." Defs.' Mot. for Attorney Fees 17, ECF No. 117. The Court disagrees. The Court dismissed the misappropriation claims after "carefully review[ing]" the complaint. Order 18, ECF No. 24. The Court did not rule that the claims were frivolous, "entirely baseless," or "objectively specious." *Vita Int'l*, 2022 WL 350195, at *19. Mere dismissal is not evidence of bad faith. Likewise, Defendants provide insufficient evidence that Plaintiffs pursued the claims "in subjective bad faith or for an improper purpose." *Id.* The Court thus **DENIES** Defendants' request for attorneys' fees under the Defend Trade Secrets Act.

### 3. Attorneys' Fees Under the Texas Deceptive Trade Practices Act

The Court dismissed Plaintiffs' claim under the Deceptive Trade Practices Act on summary judgment. *See* Order 11–13, ECF No. 80. Under the Deceptive Trade Practices Act, the Court must award reasonable attorneys' fees to the prevailing party if it finds that the claim under the act was

"groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." Tex. Bus. & Com. Code § 17.50(c) (2021). "[B]oth Texas courts and federal courts interpreting these statutory provisions have determined that a groundless action is defined as one having no basis in law or fact and not warranted by a good faith contention for modification, reversal, or extension of existing law." *McCoy v. Valvoline, LLC*, No. 3:20-cv-3062, 2021 WL 4893751, at *10 (N.D. Tex. Oct. 19, 2021) (cleaned up).

The Court found that Plaintiffs' claim under the Deceptive Trade Practices Act failed for two reasons. First, "Plaintiffs lack[ed] evidence showing they qualify as 'consumers' under the [Deceptive Trade Practices Act]." Order 12, ECF No. 80. Second, Plaintiffs lacked evidence of actual damages. *Id.* at 13. Defendants argue that both grounds are sufficient to award of attorneys' fees. *See* Defs.' Mot. for Attorney Fees 17–18, ECF No. 117. Defendants also point to conflicting evidence offered by Plaintiffs during deposition. Again, the Court finds Defendants' evidence insufficient to establish that the claim had "no basis in law or fact." *McCoy*, 2021 WL 4893751, at *10. The Court thus **DENIES** Defendants' request for attorneys' fees under the Deceptive Trade Practices Act.

### 4. Attorneys' Fees Under the Texas Theft Liability Act

Under the Texas Theft Liability Act, a party who prevails in a suit for theft of services "shall be awarded court costs and reasonable and necessary attorney's fees." Tex. Civ. Prac. & Rem. Code § 134.005(b). "Theft" includes "unlawfully obtaining services." *Id.* § 134.002(2). The jury found by a preponderance of the evidence that all three Plaintiffs committed theft of Defendants' services. *See* Jury Verdict 9, ECF No. 102. Plaintiffs do not dispute that the jury's finding would ordinarily justify attorneys' fees under the Texas Theft Liability Act. They nevertheless argue that the Court should deny attorneys' fees because Defendants provided insufficient notice that they were seeking attorneys' fees under the act.

6

Attorneys' fees are a form of special damages. *See United Indus.*, 91 F.3d at 764. Consequently, parties claiming attorneys' fees must "specifically" plead them. Fed. R. Civ. P. 9(g). "[T]he rule is designed to inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint." *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962). The rule has exceptions. A party need not specifically plead attorneys' fees when, for example, "the issue is tried by consent or included in a pretrial order." *United Indus.*, 91 F.3d at 765. In other circumstances, simply satisfying Rule 54(c) is sufficient. *Id.* at 765 & n.4 (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240–41 (5th Cir. 1984)).

Defendants provided sufficient notice of attorneys' fees for theft of services. Höeber Media's counterclaims contained a specific request for "[r]easonable attorney's fees against Joseph and Iasmin Friedheim for services rendered, and labor provided to JF Solutions on the false promise of payment and an ownership interest in JF Solutions." Intervenor's Compl. 20, ECF No. 11. The proposed joint pretrial order likewise contained a notice that the "theft of services causes of action entitle[s] Hoeber Media to exemplary damages and attorneys' fees." J. Pretrial Order 5, ECF No. 92. And Plaintiffs agreed to the jury charge instructing the jury on theft of services. *See* Proposed Jury Charge 66, ECF No. 66. Defendants repeated their request for attorneys' fees under the Texas Liability Act in multiple filings before the Court issued the final judgment. *See* Defs.' Br. on Interpretation of the Jury Verdict 4–7, ECF No. 108; Defs.' Reply 6–8, ECF No. 113; Defs.' Resp. to Mot. to Set Aside J. 5, ECF No. 110. Fourteen days after the Court entered final judgment, Defendants moved for attorneys' fees under the Texas Theft Liability Act in compliance with Rule 54(d)(2). *See* Defs.' Mot. for Attorney Fees, ECF No. 117.

Plaintiffs argue that those filings do not amount to sufficient notice. They complain that the Texas Theft Liability Act "was never referenced in this litigation until after the jury had rendered its verdict." Pls.' Resp. 5, ECF No. 120. Plaintiffs cite no authority for their claim that a party must cite the specific statute under which it claims attorneys' fees. Generally, "allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to notify the opposing party and the court of the nature of the damages and enable the preparation of a responsive pleading." 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1311 (4th ed.).

The record demonstrates that Plaintiffs had sufficient pretrial and prejudgment notice that Defendants sought attorneys' fees. (1) Defendants specifically pleaded attorneys' fees for theft of services. (2) Plaintiffs agreed to the jury charge that included a claim for theft of services. (3) The jury found by a preponderance of the evidence that Plaintiffs committed theft of Defendants' services. (4) In post-trial briefing, Defendants repeatedly stated their intent to move for attorneys' fees under Tex. Civ. Prac. & Rem. Code § 134.005(b). (5) Defendants timely moved for attorneys' fees for theft of services under Rule 54. The Court thus **GRANTS** Defendants' request for attorneys' fees under the Texas Theft Liability Act.

### 5. Attorneys' Fees for Litigation Misconduct

Defendants also request attorneys' fees for alleged litigation misconduct. Defendants do not cite any authority for this claim, but "federal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Batson v. Neal Spelce Assocs.*, 805 F.2d 546, 550 (5th Cir. 1986) (quoting *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). "The standards for bad faith are necessarily stringent." *Id.* Defendants' complaints of Plaintiffs' litigation tactics do not satisfy the "stringent" standard for bad faith. *Id.* Any alleged misconduct was brief, easily

8

explainable, or quickly remedied. The Court thus **DENIES** Defendants' request for attorneys' fees for Plaintiffs' alleged litigation misconduct.

### 6. Segregation of Attorneys' Fees

The Court has awarded attorneys' fees to Defendants for their claims under the Copyright Act and the Texas Theft Liability Act. The Court has denied Defendants' remaining claims for attorneys' fees. "[F]ee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I*, 212 S.W.3d at 311. An exception is "when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined." *Id.* at 313–14. Defendants suggest that awards for attorneys' fees under the Copyright Act and the Texas Theft Liability Act would cover "nearly all of the attorneys' fees" associated with the case. Defs.' Reply 3, ECF No. 123. The Court thus **ORDERS** Defendants to segregate the attorneys' fees accrued in support of the recoverable claims from the nonrecoverable claims. The Court **DEFERS** ruling on (1) the amount and reasonableness of the fees, and (2) the assignment of Plaintiffs' liability for the fees until the parties file supplemental briefing.

### B. Costs

Generally, courts award costs to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1). Federal statute sets the types of expenses that a court may award as costs. *See* 28 U.SC. § 1920. Defendants submitted a bill of costs (ECF No. 118), followed by an amended bill of costs to correct a clerical error (ECF No. 122), and calculate the total costs to be $11,546.49. Plaintiffs object to twenty-four specific items in the amended bill of costs, which can be grouped into four categories: (1) copyright registration fees, (2) incidental deposition costs, (3) deposition videotaping costs, and (4) printing costs. *See* Pls.' Obj. to Bill of Costs, ECF No. 119.

First, the copyright registration fees are not taxable costs. Defendants claim that the copyright registration fees are "exemplification" fees under § 1920(4). *See* Defs.' Reply in Support of Costs 2, ECF No. 121. Defendants rely on *Giner v. Estate of Higgins*, No. 11-CV-126, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012), but that case did not concern copyright registration fees. The court in *Giner* ruled that the plaintiff was entitled to recover costs associated with making copies of the defendant's answer. *Id.* at *5. A copyright registration fee is not analogous to costs associated with making copies of a document, and Defendants cite no authority saying otherwise. Moreover, Defendants paid the copyright registration fees before Plaintiffs even filed the complaint. *See* Defs.' Reply in Support of Costs 2, ECF No. 121. The Court thus **SUSTAINS** Plaintiffs' objections to items 1 and 2 of the amended bill of costs,[2] thus reducing the taxable costs by $1,890.

Second, the incidental deposition costs are not taxable. "[P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991) (footnote omitted). Many district courts in the Fifth Circuit have ruled, however, that "[i]ncidental costs associated with taking the depositions . . . such as the costs for disks, delivery charges, and indexing, are generally not recoverable." *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662, 2019 WL 162885, at *2 (N.D. Tex. Jan. 9, 2019) (collecting cases). That includes preparation costs incurred for the convenience of counsel. *See Neely v. PSEG Tex., LP*, No. 10-CV-030, 2012 WL 12877922, at *3 (W.D. Tex. Oct. 25, 2012). Plaintiffs object to incidental costs such as binding, preparing ASCII/condensed transcripts, and e-transcripts. *See* Pls.' Obj. to Bill of Costs 3–5, ECF No. 119.

---

[2] The item numbers refer to Plaintiffs' list. *See* Pls.' Obj. to Bill of Costs 3, 7, ECF No. 119.

Defendants argue that the incidental deposition costs reflect the "customary practice of preparing the transcripts in a usable fashion." Defs.' Reply in Support of Costs 2, ECF No. 121 (emphasis omitted). That may be so. But those customary costs are not taxable against the losing party. *See Leal*, 2019 WL 162885, at *2. Defendants cite no authority to the contrary. The Court thus **SUSTAINS** Plaintiffs' objections to items 3 through 13 of the amended bill of costs, thus reducing the taxable costs by $826.80.

Third, the costs of videotaping the depositions are not taxable. Generally, costs associated with videotaping a deposition are recoverable under § 1920(2). *See Leal v. Magic Touch Up, Inc.*, No. 3:16-cv-00662, 2019 WL 162885, at *3 (N.D. Tex. Jan. 9, 2019). Where the parties obtained both transcripts and videos of a deposition, however, courts generally tax the video costs only "when the circumstances of the case have made it appear reasonably necessary, at the time of the deposition, to have a videotape of the deposition." *Id.* at *4 (collecting cases). Defendants argue the videos were "indispensable" because "they are far more revealing than the flat transcript." Defs.' Reply in Support of Costs 3, ECF No. 121. But Defendants provide no persuasive argument as to why the duplicative videos were "reasonably necessary" when the written transcripts were available. *Leal*, 2019 WL 162885, at *4. Courts routinely refuse to tax video deposition costs when transcripts of those depositions are available. *See id.* The Court thus **SUSTAINS** Plaintiffs' objections to items 14 through 18 of the amended bill of costs, thus reducing the taxable costs by $2,432.50

Fourth, the printing costs are taxable. "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (citation omitted).

Defendants assert that the printing costs covered copies for trial exhibits. As is the case in most trials, Defendants did not ultimately use or admit all exhibits, for a variety of reasons. Plaintiffs' arguments that the printing costs were unreasonable or unnecessary are unpersuasive. The Court thus **OVERRULES** Plaintiffs' objections to items 21 and 22. However, items 19, 20, 23, and 24 are incidental costs (binders and tabs) that the Court has already explained are not taxable. The Court thus **SUSTAINS** Plaintiffs' objections to items 19, 20, 23, and 24 of the amended bill of costs, thus reducing the taxable costs by $651.34.

In sum, the Court reduces Defendants' amended bill of costs by $5,800.64 and therefore taxes $5,745.85 in costs against Plaintiffs.

### C.  Pre- and Postjudgment Interest

The parties agree that Defendants are entitled to postjudgment interest under 28 U.S.C. § 1961. They dispute whether Defendants are entitled to prejudgment interest. Unlike postjudgment interest, prejudgment interest is "governed by traditional judge-made principles" rather than statute. *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 194 (1995). The parties dispute whether Defendants properly pleaded their request for prejudgment interest. The Court need not reach that issue, because Defendants cite no substantive law indicating they are *entitled* to such interest, even had they properly pleaded it. The only authority Defendants cite in their initial motion is *City of Milwaukee*, an admiralty case discussing the "general rule that prejudgment interest should be awarded in maritime collision cases." *City of Milwaukee*, 515 U.S. at 195. This is not an admiralty case. It is also not a diversity case, though the parties discuss *Consolidated Cigar Co. v. Texas Commerce Bank*, 749 F.2d 1169, 1174 (5th Cir. 1985). Defendants cite no authority supporting their claim to prejudgment interest. Moreover, Defendants concede that its proposed date from which to calculate the interest is "imperfect," and a true date "would be cumbersome to calculate." Defs.' Mot. for Attorney Fees 28, ECF No. 117. Defendants

12

also do not propose an interest rate or provide a calculation. The Court thus **DENIES** Defendants' request for prejudgment interest.

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendants' requests for attorneys' fees under the Copyright Act and the Texas Theft Liability Act; **DENIES** Defendants' requests for attorneys' fees under the Defend Trade Secrets Act, the Deceptive Trade Practices Act, and Chapter 38 of the Texas Civil Practices and Remedies Code; **DENIES** Defendants' request for attorneys' fees for alleged litigation misconduct; and **DENIES** Defendants' request for prejudgment interest. The Court also **SUSTAINS in part** and **OVERRULES in part** Plaintiffs' objections to Defendants' amended bill of costs.

The Court **ORDERS** Defendants to file supplemental briefing that segregates the attorneys' fees accrued in support of the recoverable claims from the remaining services in the case. The supplemental briefing shall be filed no later than seven days from the date of this order and must contain a detailed breakdown of the calculation used to arrive at the lodestar amount. Plaintiffs may file a response within three days of Defendants' supplemental brief. The Court **DEFERS** ruling on the apportionment of liability for the attorneys' fees until that time.

**SO ORDERED** this **18th day** of **April, 2022**.

_Reed O'Connor_
Reed O'Connor
UNITED STATES DISTRICT JUDGE