**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **JOSEPH FRIEDHEIM,** § <br> **IASMIN FRIEDHEIM, and** § <br> **J.F. SOLUTIONS LTD.,** § <br> *Plaintiffs/Counter-Defendants* § <br> **v.** § <br> § <br> **THOMAS HOEBER, and** § <br> *Defendant/Counter-Plaintiffs* § <br> **HÖEBER MEDIA, LLC,** § <br> *Defendant/Intervenor* § | **Civil Action No. 4:20-cv-335** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**SUPPLEMENTAL BRIEF SEGREGATING ATTORNEYS' FEES**

J.F. Solutions Ltd. ("JFS"), Joseph Friedheim, and Iasmin Friedheim (collectively "Plaintiffs") file this response to Defendants' Supplemental Brief Segregating Attorneys' Fees (ECF No. 130).

## I.   BACKGROUND

1. After the jury trial which took place on November 1, 2021, Defendants filed their Brief on the Interpretation of the Jury Verdict (ECF No. 108) on December 14, 2021.

2. The same day, Plaintiffs filed a Motion to set aside part of the jury verdict (ECF No. 109), which the Court granted in part. *See* Order, ECF No. 114.

3. On February 7, 2022, the Court entered the final judgment, which included the following:

   a. JF Solutions owes Hoeber Media $33,750 in statutory damages for copyright infringement and an additional $33,000 for willful copyright infringement;

   b. Joseph Friedheim owes Hoeber Media $11,250 in statutory damages for copyright infringement and an additional $12,000 for willful copyright infringement;

   c. JF Solutions owes Hoeber Media $39,557 for breach of contract; and

   d. Joseph Friedheim, Iasmin Friedheim, and JF Solutions committed Theft of Hoeber Media's services.

Final J., ECF No. 115.

1

4. Defendants filed their Motion for Attorneys' Fees on February 21, 2022, requesting prejudgment interest and $438,531.70 in attorneys' fees under the Copyright Act, Defend Trade Secrets Act, Deceptive Trade Practices Act, Texas Theft Liability Act, and for litigation misconduct. Def.s' Mot. for Attorneys' Fees, ECF No. 117. Defendants also asserted in their Reply that they were entitled to fees under Chapter 38 of the Texas Civil Practice & Remedies Code. *See* Reply, ECF No. 123.

5. Plaintiffs opposed Defendants' request for prejudgment interest and fees, except with respect to attorneys' fees under the Copyright Act, and requested that the Court order Defendants segregate their recoverable fees from the remaining legal services. *See* ECF Nos. 120, 124, 128.

6. Following the parties' briefing, the Court denied Defendants' request for prejudgment interest and attorneys' fees under the Defend Trade Secrets Act, Deceptive Trade Practices Act, Chapter 38, and for litigation misconduct. *See* Order, ECF No. 127. The Court only awarded Defendants attorneys' fees under the Copyright Act and Texas Theft Liability Act and ordered Defendants to file supplemental briefing segregating their fees. *Id* at 13. The Court stated that Defendants' supplemental briefing "must contain a detailed breakdown of the calculation used to arrive at the lodestar amount." *Id.*

7. Defendants also filed a Bill Costs and Amended Bill of Costs, which included numerous expenses that Plaintiffs objected to. *See* ECF Nos. 118, 119, 122, 121, 125. The Court sustained most of Plaintiffs' objections and reduced Plaintiff's Amended Bill of Costs by $5,800.64.

8. Defendants then filed their supplemental brief, to which Plaintiffs now respond, reducing their requested attorneys' fees to $329,329.40 but adding $68,248.00 for post-trial briefing, for a total of $397,577.40 in requested fees. *See* ECF No. 130. While Defendants did include a breakdown of the number of "recoverable" hours they are requesting and the rate charged for those

hours, Defendants did not provide any documentation, in the form of billing notes, invoices, or otherwise, showing which fees were segregated as nonrecoverable. Additionally, Defendants briefing does not denote which fees are for fees under the Copyright Act versus the Texas Theft Liability Act.

## II.   ARGUMENTS AND AUTHORITIES

### A. Defendants requested amount of fees should be significantly reduced because Defendants have not provided any documentation showing which fees were segregated.

9.     While Defendants filed supplemental briefing, which reduced the amount of requested fees by $109, 202.30, Defendants did not provide any documentation explaining which billing entries were segregated as non-recoverable. Consequently, Plaintiffs are left to take Defendants requested fees at face value and trust that Defendants properly segregate fees. Case law and this Court demand more than a mere "trust me" in such fee awards.

10.    Because Defendants have not broken down their fee segregation, Plaintiffs are unable to properly respond to Defendants' supplemental brief. Accordingly, Plaintiffs request that the Court award half of the total fees charged, for a total of $164,664.70, as a reasonable amount.

11.    Additionally, there is no indication of which fees are for copyright infringement and which are for Defendants' Texas Theft Liability Act ("TTLA") claims. This is an important distinction because only JFS and Joseph Friedheim are liable for Defendants' copyright claims, so Iasmin Friedheim should not be responsible for fees related to those claims. Thus, Plaintiffs request that the Court apportion the liability for attorneys' fees based on the percentage of damages allocated to each Plaintiff.

### B. Defendants' fees for post-trial briefing should be excluded or significantly reduced.

12.    Defendants have added $68,248 to their request for fees for post-trial briefing.

13.     As a preliminary matter, Plaintiffs note that Defendants have not provided billing notes that show $68,248 worth of post-trial services. Defendants post-trial billing notes beginning November 3, 2021, (the first day following trial) show a total of $20,549.75 in fees. *See* Def.s' Exhibit E-1 at 71–81, ECF No. 117-6. This leaves $47,698.25 of unaccounted fees that Defendants have requested. Because there is no support to back up this request, Plaintiffs are completely unable to respond in any meaningful way to the amount requested.

14.     Secondly, much of Defendants' post-trial briefing was in support of unreasonable requests for fees and costs, which Plaintiffs have opposed with substantial success. Plaintiffs were successful in having the Bill of Costs reduced from $11,546.69 to $5,800.64. *See* Pl.'s Objections, ECF No. 119; Def.s' Reply, ECF No. 121; Order, ECF No. 127. The Court also sided against Defendants' post-trial arguments regarding their requests for prejudgment interest and for attorneys' fees under the Defend Trade Secrets Act, Deceptive Trade Practices Act, Chapter 38 of the Civil Practices and Remedies Code, and for litigation misconduct. *See Id*; Def.s' Mot. for Attorneys' Fees 1–13, 16–19, 20, 28, ECF No. 117; Def.s' Reply 6–9, ECF No. 123. Defendants also argued unsuccessfully that Defendants' attorneys' fees need not be segregated and that all the Plaintiffs should be held jointly and severally liable for copyright infringement. *See* Def.s' Brief on Jury Verdict, ECF No. 108; Def.s' Reply, ECF No. 113; Order 4–5, ECF No. 114; Def.s' Reply 2–4, ECF No. 123. Additionally, Plaintiffs were successful, despite Defendants' arguments, in having the damages found by the jury for unjust enrichment set aside by the Court. *See* Pl.'s Mot. for J. as a Matter of Law, ECF No. 109; Def.s' Resp., ECF No. 110; Pl.s' Reply, ECF No. 112; Order 5–6, ECF No. 114.

15. Despite Defendants' lack of success post-trial, Defendants insist that Plaintiffs pay Defendants' fees accrued in making unsuccessful arguments, which Plaintiffs themselves have spent money opposing.

16. Defendants seem to think that an award of attorney's fees is a blank check to make whatever unreasonable argument they would like post-trial and have Plaintiffs pay for not only defending against such unreasonable arguments but for the time spent crafting them. However, that is not the practice of this Court. *See Eagle Suspensions, Inc. v. Hellmann Worldwide Logistics, Inc.*, Civil Action No. 3:12-CV-611-G, 2014 U.S. Dist. LEXIS 180817, at *24 (N.D. Tex. 2014) (finding that fees for post-judgment work should be reduced where Defendant prevailed in its argument that fees be segregated).

17. Thus, the fees for post-trial briefing requested by Defendants should be excluded or significantly reduced by the Court, based on Defendants' lack of success following the trial and the fact that Defendants have not provided post-trial billing notes supporting their request.

**C. Plaintiffs should not be held jointly and severally liable for Defendants' Attorneys' fees.**

    **i. Plaintiffs are *not* jointly and severally liable under the TTLA.**

18. Defendants argue that Plaintiffs should all be held jointly and severally liable for Defendants' fees because "the TTLA mandates an award of attorneys' fees and the jury found all three Plaintiff's liable for theft of services." Def.s' Suppl. Br. 3, ECF No. 130. However, Plaintiffs should not be held jointly and severally liable for Defendants' TTLA claims.

19. The TTLA provides a civil remedy for theft in the form of a tort claim. *See Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 U.S. Dist. LEXIS 144166, 2013 WL 5514944, at *231 (S.D. Tex. 2013) (citing Tex. Civ. Prac. & Rem. Code § 134.001). Thus, the apportionment of liability for TTLA claims is based on Chapter 33 of the Civil Practices Remedies

Code. *Id.* Under Chapter 33, each liable party may be held jointly and severally liable for the recoverable damages only if:

> (1) the percentage of responsibility attributed to the defendant with respect to a cause of action is greater than 50 percent; or (2) the defendant, *with the specific intent to do harm to others*, acted in concert with another person to engage in the conduct described in [enumerated provisions of the penal code] and in so doing proximately caused the damages legally recoverable by the claimant[.]

Tex. Civ. Prac. & Rem. Code Ann. § 33.013(b)(1)–(2) (emphasis added). The code further defines "specific intent to do harm" as the result of "the person's conscious effort or desire to engage in the conduct for the purpose of doing substantial harm to others." *Id.* § 33.013(d).

20.   Here, there was no apportionment of liability from any of the parties from the jury with respect to Defendants' TTLA claim. *See* Jury Verdict at 9, ECF No. 102. Moreover, if the apportionment was based on the jury's breach of contract finding, as Defendants have argued,[1] then *none* of the fees would be assessed against the individual Plaintiffs and would be apportioned solely to JFS because only JFS is liable for breach of contract. *See* Final J. 2 (¶6), ECF No. 115. Thus, Defendants fail under the first prong of the test for determining joint and several liability under chapter 33 because none of the Plaintiffs bear 50% or more of the liability for Defendants' TTLA claim.

21.   Additionally, while the jury did find by a preponderance of the evidence that the individual Plaintiffs committed theft of Hoeber Media's services, there was no finding by the jury that any Plaintiff acted with the specific intent to do harm to others. *See* Jury Verdict 9, ECF No. 102. Nothing in the jury verdict could even be inferred as a finding that Plaintiffs acted with a conscious

---

[1] Def.s' Br. On the Jury Verdict 5, ECF No. 108 ("The theft of services through breach of the implied agreements constituted a substantial part of what this case was about."); Def's Resp. to Pl.'s Mot. for J. as a Matter of Law 2, ECF No. 110. (". . . Plaintiffs not only breached that agreement, but they knowingly breached it to the point that it amounted to theft of services."); Def.s' Reply in Support of their Brief on the Jury Verdict 5 ; ECF No. 113 (. . . thus, what could have been merely a breach of contract was elevated to the level of an intentional tot."); *Id.* at 6 ("The value of that theft was its contractual value—$39,557 against JFS for breaching the implied agreement and stealing Höeber Media's services.")

effort or desire to engage in conduct for the purpose of doing substantial harm to others. Accordingly, the second prong of the test under Chapter 33 also fails.

22. Thus, there is no basis on which to hold Plaintiffs jointly and severally liable for Defendants' TTLA claims.

### ii. The Court specifically found that Plaintiffs are not jointly and severally liable under the Copyright Act.

23. Defendants also argue that all the Plaintiffs should be held jointly and severally liable for attorneys' fees for Defendants' copyright infringement claims—an argument the Court has already rejected:

> Moreover, the jury determined that Joseph Friedheim infringed only the splash poster copyright, and that Iasmin Friedheim did not infringe any of the copyrights The Friedheims cannot be held liable for infringing works that the jury found they did not infringe. *See* 17 U.S.C. § 504(c). The jury assessed damages for each party individually, not jointly and severally. The Court finds that those amounts are just and will not upset the jury's conclusion. *See* 17 U.S.C. § 504(c)(1). Accordingly, the Court determines statutory damages for the copyright infringement claims as follows: (1) JF Solutions is *individually liable* to Höeber Media for $33,750 in statutory damages and for an additional $33,000 for willful infringement. (2) Joseph Friedheim *is individually liable* to Höeber Media for $11,250 in statutory damages and for an additional $12,000 for willful infringement.

Order 5, ECF No. 114 (emphasis added).

24. Thus, the Court has already determined that Plaintiffs are not jointly and severally liable for any copyright damages, and the Court's finding should remain undisturbed.

25. Further, Defendants' cited case law adds nothing new to the discussion; even if the individual Plaintiffs *could* be held jointly and severally liable for the infringement, as Defendants argue, the jury court verdict does not contain any finding that would support such a decision.

26. Defendants also argue that Plaintiffs should be held jointly and severally liable for the fees incurred in having Plaintiffs' copyright claims dismissed because the claims were made by all three Plaintiffs. However, even though Iasmin was a Plaintiff, Plaintiffs' copyright claims were in

7

connection with the business—JFS. Moreover, Joseph Friedheim is the one who registered the works at issue. Therefore, Iasmin Friedheim should not bear any responsibility for fees related to the dismissal of Plaintiffs' copyright claims.

### iii. Plaintiffs should not be held jointly and severally liable for attorneys' fees.

27.    Because none of the Plaintiffs are jointly and severally liable for the damages flowing from Defendants' claims, it follows that Plaintiffs should not be held jointly and severally liable for the attorneys' fees awarded to Defendants. *See Dean v. Gladney*, 621 F.2d 1331, 1340 (5th Cir. 1980) ("In light of our finding that [the defendants] are not joint tortfeasors, we believe the district court should apportion the amounts of attorneys' fees owed to appellants by each of the [the defendants].").

28.    There are clear distinctions between Defendants' copyright claims and TTLA claims, so the apportionment of damages and fees concerning each should be adjudicated separately. There exists no support to simply lump all the fees together, especially jointly and severally, so as to make substantively less liable parties responsible for all damages. With respect to Defendants' copyright claims, Iasmin Friedheim was not found liable for any copyright infringement, and the Court found JFS and Joseph Friedheim *individually* liable. Thus, attorneys' fees awarded under the Copyright Act should be awarded to JFS and Joseph Friedheim, individually, based on the percentage of the total damages apportioned to each of them.

29.    Additionally, because Defendants have not denoted which fees are for Defendants' copyright claims and which are for the TTLA, it is indeterminable how much each Plaintiff should be liable for. Thus, Plaintiffs suggest that the Court use the apportionment of liability based on Plaintiffs' breach of contract and find that JFS alone is liable for attorneys' fees related to the TTLA. As discussed supra, Defendants have continuously suggested that the breach of contract claim and TTLA claim are intertwined. Moreover, this would not be a departure from the jury's

findings; even though the jury found that all Plaintiffs were liable for breach of contract, the jury only apportioned liability to JFS. Jury Verdict 5, ECF No. 102.

30. Otherwise, Iasmin Friedheim could be held liable for attorneys' fees related to copyright infringement, for which she is not responsible.

31. Therefore, the Court should apportion liability for attorneys' fees by looking at the total percentage of damages apportioned to each party. The total damages are $129,557. *See* Final J., ECF No. 115. Of those damages, JFS is liable for 129,557.00 (82.05%); Joseph Friedheim is liable for $23,250 (17.95%), and Iasmin Friedheim is liable for none. *Id.* To lay *all* damages against Iasmin Friedheim would be inequitable and legally unsupportable in the present case.

### III. CONCLUSION

Defendants have not shown which fees have been segregated as non-recoverable and instead just given a number that they expect Plaintiffs and the Court to accept at face value. Similarly, Plaintiffs have not shown billing notes to support their request for post-trial fees, and many of their fees were accrued in making unsuccessful arguments, against which Plaintiffs successfully defended. Also, Defendants' supplemental brief does not denote which fees are for their infringement claims versus their TTLA claims. Further, Plaintiffs should not be held jointly and severally liable for any of Defendants' fees because the Court has already found that only JFS and Joseph Friedheim are *individually* liable for infringement and there is no basis for holding Plaintiffs liable for Defendants' TTLA claim. Finally, because Defendants have not designated which fees represent services for Defendants' infringement claims and which are for their TTLA claims, the Court should look to the Final Judgment to apportion liability for attorneys' fees between Plaintiffs. Therefore, Plaintiffs request the Court:

   a. reduce Defendants' fee award, for fees incurred through trial, from the requested amount to $164,664.70 or less;

    b. reject Defendants' request for attorneys' fees incurred post-trial;

    c. find that Plaintiffs are not jointly and severally liable for fees awarded to Defendants; and

    d. apportion liability for attorneys' fees as follows, individually:

        1. 82% to JFS for Defendants' copyright and TTLA claims.

        2. 18% to Joseph Friedheim for Defendants' copyright claims.

Respectfully submitted,

NORRED LAW, PLLC
/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service via the Court's e-file system on April 28, 2022.

/s/Warren V. Norred